UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*,
1:00 cv02117; and

All Competitor Cases
*(Netscape Communications Corporation* v.
*Microsoft Corp.*,
1:02cv02090;
*Be Incorporated* v. *Microsoft Corp.*,
1:02 cv02738;
*Sun Microsystems, Inc.* v. *Microsoft Corp.*,
1:02 cv02739;
*Burst.com, Inc.* v. *Microsoft Corp.*, 1:02
cv02952)

MDL Docket No. 1332
Hon. J. Frederick Motz

**MICROSOFT'S MOTION FOR CERTIFICATION OF THE COURT'S
COLLATERAL ESTOPPEL RULING PURSUANT TO 28 U.S.C. § 1292(b)**

Defendant Microsoft Corporation ("Microsoft") hereby moves this Court

for an order pursuant to 28 U.S.C. §1292(b) certifying this Court's April 4, 2003 Order

for interlocutory appeal.  In support of this motion, Microsoft respectfully submits the

accompanying memorandum of law.

Dated:  April 11, 2003

Respectfully submitted,

By: _David B. Tulchin_

David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

Robert A. Rosenfeld
HELLER EHRMAN WHITE &
  McAULIFFE LLP
333 Bush Street
San Francisco, California  94104
(415) 772-6000

Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland  21209
(410) 580-3000

Charles W. Douglas
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

Richard J. Wallis
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
(425) 936-8080

*Attorneys for Microsoft Corporation*

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*,
1:00 cv02117; and

All Competitor Cases
*(Netscape Communications Corporation* v.
*Microsoft Corp.*, 1:02 cv02090; *Be
Incorporated* v. *Microsoft Corp.*, 1:02
cv02738; *Sun Microsystems, Inc.* v. *Microsoft
Corp.*, 1:02 cv02739; *Burst.com, Inc.* v.
*Microsoft Corp.*, 1:02 cv02952)

MDL Docket No. 1332
Hon. J. Frederick Motz

**MICROSOFT'S MEMORANDUM IN SUPPORT OF
ITS MOTION FOR CERTIFICATION OF THE COURT'S
COLLATERAL ESTOPPEL RULING PURSUANT TO 28 U.S.C. § 1292(b)**

Robert A. Rosenfeld
HELLER EHRMAN WHITE &
  McAULIFFE LLP
333 Bush Street
San Francisco, California 94104
(415) 772-6000

Charles W. Douglas
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Richard J. Wallis
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer
(Fed Bar. No. 02307)
Jeffrey D. Herschman
(Fed. Bar. No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

*Attorneys for Microsoft Corporation*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................ iii

PRELIMINARY STATEMENT ..................................................................... 1

ARGUMENT ................................................................................................. 3

     I.     The Articulation of the "Necessary to the Judgment"
           Standard Is a Controlling Question of Law. .............................................. 4

     II.    There Is Substantial Ground for Difference of Opinion
           on the Proper Application of the "Necessary to the
           Judgment" Standard .................................................................................. 7

     III.   Certification of the Collateral Estoppel Order Will
           Materially Advance the Ultimate Termination of the
           Litigations ................................................................................................. 9

CONCLUSION ............................................................................................ 10

# TABLE OF AUTHORITIES

<u>**Page(s)**</u>

## CASES

*In re Air Crash off Long Island, N.Y. on July 17, 1996*,
    27 F. Supp. 2d 431 (S.D.N.Y. 1998).........................................................................4, 9

*Aparicio* v. *Swan Lake*,
    643 F.2d 1109 (5th Cir. 1981) ...................................................................4

*C.B. Marchant Co., Inc.* v. *Eastern Foods, Inc.*,
    756 F.2d 317 (4th Cir. 1985) .....................................................................5

*Centerior Serv. Co.* v. *Acme Scrap Iron & Metal Corp.*,
    153 F.3d 344 (6th Cir. 1998) ....................................................................3

*Consumer Prods. Safety Comm'n,* v. *Anaconda Co.*,
    445 F. Supp. 498 (D.D.C. 1977)...............................................................9

*In re N. Dist. of California Dalkon Shield IUD Prods. Liab. Litig.*,
    526 F. Supp. 887 (N.D. Cal. 1981) ..........................................................4

*Delaware River Port Auth.* v. *Fraternal Order of Police*,
    290 F.3d 567 (3d Cir. 2002)......................................................................8

*General Dynamics Corp.* v. *AT&T Co.*,
    658 F. Supp. 417 (N.D. Ill. 1987) ............................................................5

*Hoult* v. *Hoult*,
    157 F.3d 29 (1st Cir. 1998).......................................................................8

*Jack Faucett Assocs., Inc.* v. *AT&T Co.*,
    744 F. 2d 118 (D.C. Cir. 1984), *cert. denied*,
    469 U.S. 1196 (1985).................................................................................5

*Jack Faucett Assocs., Inc.* v. *AT&T Co.*,
    No. 81-1804, 1983 WL 1908 (D.D.C. Nov. 17, 1983) ................................5

*Klinghoffer* v. *S.N.C. Achille Lauro*,
    921 F.2d 21 (2d Cir. 1990)......................................................................4, 5

*McNeil* v. *Aquilos* ......................................................................................4, 5
    820 F. Supp. 77 (S.D.N.Y. 1993)

*In re Microsoft Corp. Antitrust Litig.*,
    127 F. Supp. 2d 702 (D. Md. 2001) ...................................................3

*New York* v. *Microsoft Corp.*,
    224 F. Supp. 2d 76 (D.D.C. 2002) .............................................2, 6, 7

*North River Ins. Co.* v. *Allstate Ins. Co.*,
    866 F. Supp. 123 (S.D.N.Y. 1994) .................................................5

*In re Pisgah Contractors, Inc.*,
    117 F.3d 133 (4th Cir. 1997) .........................................................4

*Polk* v. *Montgomery County, Md.*,
    782 F.2d 1196 (4th Cir. 1986) ....................................................7, 8

*Ricke* v. *Armco, Inc.*,
    92 F.3d 720 (8th Cir. 1996) ...........................................................4

*SCM Corp.* v. *Xerox Corp.*,
    474 F. Supp. 589 (D. Conn. 1979).................................................4

*Sedlack* v. *Braswell Servs. Group, Inc.*,
    134 F.3d 219 (4th Cir. 1998) .........................................................7

*Synanon Church* v. *United States*,
    820 F.2d 421 (D.C. Cir. 1987) .......................................................8

*Tuttle* v. *Arlington County Sch. Bd.*,
    195 F.3d 698 (4th Cir. 1999), *cert. dismissed*,
    529 U.S. 1050 (2000)................................................................7, 8

*United States* v. *Eltzroth*,
    124 F.3d 632 (4th Cir. 1997) .........................................................4

*United States* v. *Microsoft*,
    253 F.3d 34 (D.C. Cir. 2001) .........................................................6

*Watkins* v. *M&M Tank Lines, Inc.*,
    694 F.2d 309 (4th Cir. 1982) .........................................................5

## RULES AND STATUTES

28 U.S.C. § 1292(b) ....................................................................2, 3

FED. R. APP. P. 5(a)(3)......................................................................3

# OTHER AUTHORITIES

H.R. REP. NO. 1667, 85th Cong., 2nd Sess. (1958)..................................................3

17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 112.06[3]
    (3d ed. 1997) ...............................................................................................9

19 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 203.31[3]
    (3d ed. 1997) ...............................................................................................4

RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982)........................................8

.

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*, 1:00 cv01265,
1:00 cv01266, 1:00 cv02117; and

All Competitor Cases
*(Netscape Communications Corporation* v.
*Microsoft Corp.*, 1:02 cv02090; *Be
Incorporated* v. *Microsoft Corp.*, 1:02
cv02738; *Sun Microsystems, Inc.* v. *Microsoft
Corp.*, 1:02 cv02739; *Burst.com, Inc.* v.
*Microsoft Corp.*, 1:02 cv02952)

MDL Docket No. 1332
Hon. J. Frederick Motz

**MICROSOFT'S MEMORANDUM IN SUPPORT OF
ITS MOTION FOR CERTIFICATION OF THE COURT'S
COLLATERAL ESTOPPEL RULING PURSUANT TO 28 U.S.C. § 1292(b)**

Microsoft respectfully requests that the Court certify for immediate appeal
this Court's April 4, 2003 order (the "April 4 Order"), pursuant to which the Court
(i) effected the rulings made in its November 4, 2002 opinion (the "Nov. 4 Opinion"),
and (ii) granted plaintiffs' Rule 16(c) motions for preclusive effect with respect to 350
findings of fact entered by the district court in the Government Case. Permitting such an
appeal will expedite the resolution of the several cases at issue here and should not cause
any delay in these proceedings.

## PRELIMINARY STATEMENT

"All the parties agree that in order for a factual finding to be given
preclusive effect, it must have been necessary to the prior judgment." (Nov. 4 Opinion at
5.) As noted by this Court, however, the meaning of "necessary" has been a matter of

dispute in these actions.  (*See* Transcript of October 24, 2002 Hearing ("Oct. 24 Tr.") at

6.)  In the words of Netscape's counsel, "the core of the matter . . . is what does this

necessary standard really mean?  It's okay to use the words, but how do you then apply

it?"  (Oct. 24 Tr. at 25.)

      Microsoft has contended that the "necessary" standard should be applied

so as to give preclusive effect only to those findings that were "essential" to the D.C.

Circuit's narrowed liability determination.  (*See*, *e.g.*, Oct. 24 Tr. at 75-76).  The Court,

however, has held that any finding that can be viewed as generally "supportive" of the

D.C. Circuit decision will be given preclusive effect.  (Nov. 4 Opinion at 6.)  By applying

this "supportive" standard, the Court has, in Microsoft's view, given preclusive effect to

findings that — according to the very court that issued them — are "unconnected" to the

prior judgment. *New York* v. *Microsoft Corp.*, 224 F. Supp. 2d 76, 138 (D.D.C. 2002).[1]

      Under these circumstances, Microsoft respectfully requests that this Court

certify its collateral estoppel rulings for interlocutory appeal pursuant to 28 U.S.C.

§ 1292(b).  These collateral estoppel rulings will affect the course of discovery and the

trials of the several cases at issue.  Moreover, if appellate review is postponed until the

competitor cases are remanded to the districts from which they came and tried, and if a

Court of Appeals concludes that the jury was improperly denied the opportunity to make

its own findings based on the evidence, a new trial will almost certainly be required.

---

[1]    Microsoft does not contend that none of the district court's findings of fact may
be given preclusive effect.  As just one example, the district court's "market definition"
findings are clearly "necessary" to the D.C. Circuit's decision, under any standard.  But,
with respect to the majority of the findings at issue, the question of preclusion is
inextricably bound to the articulation of the "necessary" standard.

Obtaining appellate review now therefore will most efficiently advance the interests of justice and protect judicial resources.[2]

In requesting certification, Microsoft is not seeking delay.  In particular, Microsoft is not asking for a stay of any of the underlying proceedings.  Should the Court grant this motion, Microsoft will seek expedited appellate review.  The question of law underlying this motion involves a controlling question of law as to which there is substantial ground for difference of opinion.

This Court has previously observed that an interlocutory appeal in another context would assist in bringing the cases in this MDL proceeding to an efficient close:

> This litigation obviously is of importance not only to the parties but to an entire industry, and perhaps to the national economy, as well.  It would be a credit to the judicial system if state and federal courts, appellate and trial, worked together to bring all the pending cases to a just and final resolution in a timely and business-like manner. Permitting an interlocutory appeal would greatly assist in that process.

*In re Microsoft Corp. Antitrust Litig.*, 127 F. Supp. 2d 702, 728 (D. Md. 2001).  These same factors apply with equal force here.

## ARGUMENT

Section 1292(b) certification is designed to avoid unnecessary expense and delay by expediting the ultimate termination of litigation.  H.R. REP. NO. 1667, 85th Cong., 2nd Sess. at 1 (1958).  A district court may make this certification either in the original order or though a subsequent order.  *See Centerior Serv. Co.* v. *Acme Scrap Iron*

---

[2]    Indeed, given that the competitor cases will be remanded to districts within different circuits, certification under 28 U.S.C. § 1292(b) will also avoid the possibility of consideration of the same issue by more than one Court of Appeals.

& Metal Corp., 153 F.3d 344, 347 (6th Cir. 1998); *Ricke* v. *Armco, Inc.*, 92 F.3d 720, 723

(8th Cir. 1996); *Aparicio* v. *Swan Lake,* 643 F.2d 1109, 1112 (5th Cir. 1981); *see also*

FED. R. APP. P. 5(a)(3).  Certification is particularly appropriate in cases such as these

that are both complicated and have a high public profile.  *In re Air Crash off Long Island,*

*N.Y. on July 17, 1996*, 27 F. Supp. 2d 431, 436 (S.D.N.Y. 1998) ("Because the district

court's efficiency concerns are greatest in large, complex cases, certification may be

more freely granted in so-called 'big' cases."); *In re N. Dist. of Cal. Dalkon Shield IUD*

*Prods. Liab. Litig.*, 526 F. Supp. 887, 919 (N.D. Cal. 1981).

   Certification is proper where:  (1)  the order to be appealed involves a

controlling question of law; (2)  there is substantial ground for difference of opinion on

that question of law; and (3)  an immediate appeal from the order may materially advance

the ultimate termination of the litigation.  28 U.S.C. § 1292(b); *see also United States* v.

*Eltzroth*, 124 F.3d 632, 635 n.4 (4th Cir. 1997); *In re Pisgah Contractors, Inc.*, 117 F.3d

133, 136-37 (4th Cir. 1997).  These requirements are satisfied here.

**I. The Articulation of the "Necessary to the Judgment"**
**  Standard Is a Controlling Question of Law.**

   For the purposes of Section 1292(b) certification, a controlling question of

law is one that "has the potential of substantially accelerating disposition of the

litigation."  19 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 203.31[3] (3d

ed. 1997).  The "resolution of an issue need not necessarily terminate an action in order to

be 'controlling.'"  *Klinghoffer* v. *S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990);

*see also SCM Corp.* v. *Xerox Corp.*, 474 F. Supp. 589, 594 (D. Conn. 1979) ("A

controlling question within the meaning of § 1292(b) is not limited to threshold issues . . .

which are a predicate for all future proceedings in a lawsuit.").  Rather, "a controlling

question of law may be one that substantially affects a large number of cases." *McNeil* v. *Aquilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993); *accord Klinghoffer*, 921 F.2d at 24.

This Court's articulation of the standard to be applied to determine which findings of fact shall be given preclusive effect is a controlling question of law. The doctrine of offensive collateral estoppel is "detailed, difficult and potentially dangerous." *Jack Faucett Assocs., Inc.* v. *AT&T Co.*, 744 F. 2d 118, 124 (D.C. Cir. 1984), *cert. denied*, 469 U.S. 1196 (1985). Unreviewed collateral estoppel rulings may expose the parties to substantial expense and delay if a verdict is reversed on appeal following trial on the ground that certain factual issues were incorrectly held to be precluded. *See North River Ins. Co.* v. *Allstate Ins. Co.,* 866 F. Supp. 123, 131 n.13 (S.D.N.Y. 1994). The Fourth Circuit and other courts thus have recognized that issues concerning collateral estoppel may be appropriate for interlocutory appeal. *See, e.g., C.B. Marchant Co., Inc.* v. *Eastern Foods, Inc.,* 756 F.2d 317, 318 (4th Cir. 1985) (accepting interlocutory appeal of collateral estoppel ruling); *Jack Faucett*, 744 F. 2d at 119 (same); *Watkins* v. *M&M Tank Lines, Inc.,* 694 F.2d 309, 310-11 (4th Cir. 1982) (same); *General Dynamics Corp.* v. *AT&T Co.*, 658 F. Supp. 417, 419 (N.D. Ill. 1987) (certifying order that "involved the resolution of several difficult issues concerning the applicability of offensive collateral estoppel in the Seventh Circuit.").

Here, it is apparent that "the future course of these actions is fundamentally dependent" upon the Court's collateral estoppel ruling. *Jack Faucett Assocs., Inc.* v. *AT&T Co.*, No. 81-1804, 1983 WL 1908, at *2 (D.D.C. Nov. 17, 1983). At the October 24, 2002 hearing, counsel for Netscape conceded that plaintiffs cannot introduce at trial evidence underlying the factual findings for which they have sought,

and the Court has now granted, preclusive effect. (*See* Oct. 24, 2002 Tr. at 136 ("I think once it's found by collateral estoppel, that's it. We're not back there again. Otherwise, the whole point of the efficiency of this process is illusory.").) When asked by the Court whether "[a]ll the plaintiffs accept" that concession, there was no dissent. *Id*. Thus, the Court's decision at the very least affects the length and scope of several trials, particularly the quantum of evidence the parties will be permitted to introduce at trial. If, in fact, a different standard than the one adopted by this Court should apply, the trials of these cases would differ substantially in scope and magnitude.

The disparity between the Court's application of its "necessary to the judgment" standard and application of a more stringent standard to the findings of fact is demonstrated by the result in the Government Case itself. The D.C. Circuit emphasized that it had "drastically altered the District Court's conclusions on liability" and that "most . . . of the findings of remediable violations do not withstand appellate scrutiny." *United States* v. *Microsoft*, 253 F. 3d 34, 105 (D.C. Cir. 2001). The district court on remand echoed the Court of Appeals, explaining that "the vast majority of factual findings entered by the district court" were not considered by the D.C. Circuit and thus could not serve as a basis for remedial provisions:

> Plaintiffs have recited for the Court's benefit countless findings of fact entered by Judge Jackson during the liability phase regarding actions taken by Microsoft. These findings recount various actions taken by Microsoft which can be characterized as improper or unsavory in one respect or another and, at the very least, harmful to its competitors. Significantly however, many of these findings were ultimately not relied upon by the district court in conjunction with the imposition of liability for violation of § 2 of the Sherman Act. Concordantly, in its review of the district court's liability findings, the appellate court did not have occasion to rely upon the vast majority of factual findings entered by the district court, but not cited by the district court as a basis for § 2 liability. . . . As a result, these

> factual findings, standing alone and unconnected to specific liability
> findings, cannot be used to justify specific remedial provisions.

*New York* v. *Microsoft*, 224 F. Supp. 2d at 138.

## II.    There Is Substantial Ground for Difference of Opinion on the Proper Application of the "Necessary to the Judgment" Standard.

Microsoft respectfully submits that there is substantial ground to conclude that the "necessary to the judgment" standard means something other than that findings are "supportive" of a judgment in broad terms.

*First,* in *Sedlack* v. *Braswell Services Group, Inc.*, the Fourth Circuit held that to be accorded preclusive effect, an issue "must have been a *critical and necessary part of the decision in the prior proceeding.*" 134 F.3d 219, 224 (4th Cir. 1998) (emphasis added). Similarly, in *Polk* v. *Montgomery County, Maryland*, the Fourth Circuit stated that for collateral estoppel to apply, "[t]he issues decided in the prior action must have been *necessary, material and essential* to the prior case." 782 F.2d 1196, 1201 (4th Cir. 1986) (emphasis added). There is certainly ground for a difference of opinion as to whether this Court's ruling that a finding need only be "supportive" can be reconciled with the "critical," "material" and "essential" language utilized by the Fourth Circuit.

*Second*, in *Tuttle* v. *Arlington County School Board*, the Fourth Circuit specifically declined to apply collateral estoppel to a conclusion of law that was "supportive" of a prior judgment. 195 F.3d 698, 703-04 (4th Cir. 1999), *cert. dismissed*, 529 U.S. 1050 (2000). At issue in *Tuttle* was the constitutionality of a public school admissions policy that was designed "to promote racial and ethnic diversity." *Id*. at 700. An earlier version of the school's admissions policy had been overturned in a prior litigation on the ground that "diversity could never constitute a compelling governmental

-7-

interest and, in the alternative, even if it could, that the earlier program was not

sufficiently narrowly tailored to further diversity." *Id.* at 701.  Both the diversity holding

and "tailoring" finding plainly "supported" the district court's judgment, because each of

them reinforced the conclusion that the admissions policy was constitutionally infirm.

But the Fourth Circuit rejected collateral estoppel on the "diversity" issue because it was

not "necessary" to the judgment given the "tailoring" finding:  "Since the district court

also concluded that the [prior] policy was not narrowly tailored, the district court's

conclusion of law that diversity could never be a compelling interest was not

'necessary.'"  *Id.* at 704.

       In addition, Microsoft respectfully submits that the three decisions cited

by this Court in the November 4 Order do not stand for the proposition that the term

"necessary" should be equated with "supportive."  *See Delaware River Port Auth.* v.

*Fraternal Order of Police*, 290 F.3d 567, 573 (3d Cir. 2002) (issue to be precluded "must

have been essential to the prior judgment"); *Hoult* v. *Hoult*, 157 F.3d 29, 31 (1st Cir.

1998) (same); *Synanon Church* v. *United States*, 820 F.2d 421, 424 (D.C. Cir. 1987)

(issue must be "actually and necessarily determined").  In *Delaware River*, the court did

state that "a determination by a court of competent jurisdiction on an issue necessary to

support its judgment is conclusive in subsequent suits."  290 F.3d at 572.  There is

reasonable ground to differ as to whether "*necessary to support* a judgment" is a more

stringent standard than "supportive of a judgment."

       In the November 4 Order, the Court concluded that Microsoft's

construction of "necessary" would "[i]n effect, . . . read it as meaning 'indispensable' to

the prior judgment."  (Nov. 4 Order at 5.)  Microsoft believes that its construction is

correct, especially in the context of the Fourth Circuit's invocation of such other adjectives as "critical," "material" and "essential." In the words of the Restatement, "[i]f issues are determined but the judgment is not *dependent upon the determinations*, relitigation of those issues in a subsequent action . . . is not precluded." RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. h (1982) (emphasis added).

### III.    Certification of the Collateral Estoppel Order Will Materially Advance the Ultimate Termination of the Litigations.

"[T]he ultimate termination of this multidistrict litigation will be materially advanced by an immediate appeal, rather than postponing review until after the individual cases are remanded for trial to district courts throughout the country." *In re Air Crash*, 27 F. Supp. 2d at 434. "[T]he better practice is to allow . . . appeal prior to remand." 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 112.06[3] (3d ed. 1997).

Here, "protracted and expensive litigation may needlessly result" if the Court's rulings are "ultimately overturned." *Consumer Prods. Safety Comm'n* v. *Anaconda Co.,* 445 F. Supp. 498, 501 (D.D.C. 1977). Indeed, review after remand of collateral estoppel issues could result in some parties having to revisit numerous discovery issues. And, if trials have already occurred, they might well have to be conducted again, resulting in a waste of judicial resources in multiple jurisdictions.

Microsoft therefore respectfully submits that the efficient resolution of these cases will be advanced by an interlocutory appeal on the important collateral estoppel issues addressed in this Court's April 4 decision.

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that this Court certify its April 4 order for immediate appeal to the Court of Appeals for the Fourth Circuit.

Dated:  April 11, 2003

Respectfully submitted,

*[signature]*

Robert A. Rosenfeld
HELLER EHRMAN WHITE &
  McAULIFFE LLP
333 Bush Street
San Francisco, California  94104
(415) 772-6000

Charles W. Douglas
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

Richard J. Wallis
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
(425) 706-8080

David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland  21209
(410) 580-3000

*Attorneys for Microsoft Corporation*

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.,*<br>1:00 cv02117; and<br><br>All Competitor Cases<br>*(Netscape Communications Corporation* v. *Microsoft Corp.,*<br>1:02 cv02090;<br>*Be Incorporated* v. *Microsoft Corp.,*<br>1:02 cv02738;<br>*Sun Microsystems, Inc.* v. *Microsoft Corp.,*<br>1:02 cv02739;<br>*Burst.com, Inc.* v. *Microsoft Corp.,*<br>1:02 cv02952) | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**[PROPOSED] ORDER AMENDING THE COURT'S APRIL 4, 2003
ORDER GRANTING PLAINTIFFS' RULE 16 MOTIONS FOR
COLLATERAL ESTOPPEL TO PROVIDE FOR
CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

Upon motion of defendant Microsoft Corporation, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT the Order of this Court, entered on April 4, 2003, be, and the same is, amended to incorporate the following terms to provide certification of that April 4 Order for interlocutory appeal under 28 U.S.C. § 1292(b):

In the opinion of this Court, this Order, and the November 4, 2002 Opinion upon which it is based, involve a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from this Order may materially advance the ultimate termination of these several litigations.

Dated this ___ day of April, 2003

_____
J. Fredrick Motz
United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2003, I caused a copy of the foregoing Microsoft's Motion for Certification of the Court's Collateral Estoppel Ruling Pursuant to 28 U.S.C. § 1292(b), Memorandum in Support, and [proposed] Order to be served, via facsimile and Federal Express, to:

Katherine D. Forrest
CRAVATH, SWAINE & MOORE
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

Jeffrey A. Rosen, Esq.
KIRKLAND & ELLIS
655 Fifteenth Street, N.W.
Suite 1200
Washington, D.C. 20005

Spencer Hosie, Esq.
HOSIE, FROST, LARGE & McARTHUR
One Market, Spear Street Tower, 22nd Fl.
San Francisco, California 94105

Lloyd R. Day, Jr., Esq.
DAY, CASEBEER, MADRID & BATCHELDER, LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, California 95014

Michael D. Hausfeld, Esq.
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005

James P. Ulwick, Esq.
KRAMON & GRAHAM, P.A.
One South Street
Baltimore, Maryland 21202

John B. Isbister, Esq.
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202

Parker C. Folse, III, Esq.
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3100
Seattle, Washington  98101

Stanley M. Chesley, Esq.
WAITE, SCHNEIDER, BAYLESS & CHESLEY, L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio  45202

Jeffrey D. Herschman