# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*, 1:00 cv02117

MDL Docket No. 1332
Hon. J. Frederick Motz

**MICROSOFT'S MOTION TO COMPEL PLAINTIFFS TO
PRODUCE FOR DEPOSITION THREE OF THEIR TRIAL WITNESSES**

Defendant Microsoft Corporation hereby moves this Court for an order

compelling plaintiffs to promptly produce their previously-undeposed trial witnesses for

deposition in the United States in accordance with the Stipulation and Order Entering

Pretrial Schedule entered in this action on March 21, 2003, or, in the alternative, striking

Jean Louis Gassee, Roger Harvey, and Hakum Wium Lie from plaintiffs' list of trial

witnesses.

Dated: May 14, 2003

Respectfully submitted,

By: _David B. Tulchin (signature)_
David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
    WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*, 1:02 cv02117

MDL Docket No. 1332
Hon. J. Frederick Motz

## MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFFS TO PRODUCE FOR DEPOSITION THREE OF THEIR TRIAL WITNESSES

David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*
*(additional counsel listed on signature page)*

May 14, 2003

# TABLE OF CONTENTS

**Page**

BACKGROUND ..................................................................................................1

ARGUMENT ....................................................................................................3

    I.       Microsoft Is Entitled To Depose Roger Harvey Under
           This Court's Order. ...........................................................................4

    II.      Microsoft Should Not Be Required To Travel to Norway
           To Depose Hakum Wium Lie. ...........................................................4

    III.     Microsoft Should Not Be Required To Combine
           Jean Louis Gassee's Deposition in This Case with His
           Deposition in the *Be* Case. ...............................................................5

CONCLUSION....................................................................................................7

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*, 1:02 cv02117

MDL Docket No. 1332
Hon. J. Frederick Motz

## MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFFS TO PRODUCE FOR DEPOSITION THREE OF THEIR TRIAL WITNESSES

About two months ago, plaintiffs and Microsoft agreed — and this Court ordered — that each side would be entitled to depose, during a specified period, any trial witness designated by the other side who had not previously been deposed in this case. Plaintiffs' list of trial witnesses, served on April 25, includes six persons who fit in that category. Nevertheless, plaintiffs have refused to produce one of those individuals for deposition at all, and they have demanded that Microsoft accede to unreasonable conditions before they will produce two others. The Court should compel plaintiffs to produce these three witnesses for deposition or, in the alternative, should strike them from plaintiffs' list of trial witnesses.

## BACKGROUND

On February 28, 2003, the Court scheduled the trial of this action for September 8. Shortly thereafter, the parties agreed to a proposed pretrial schedule, which was entered by the Court on March 21, 2003. That schedule gave Microsoft the right to

depose any trial witness designated by plaintiffs "who has not been deposed in MDL 1332" on or before June 6. (Stipulation and Order Entering Pretrial Schedule, dated March 21, 2003, at 4 n.1 (attached hereto at Tab A).)

On April 25, plaintiffs designated eighteen witnesses to testify at trial.[1] Six of those witnesses — Sean Ahern, Hugh Brogan, Bob Frankenberg, Jean Louis Gassee, Roger Harvey and Jeremy White — were never deposed in MDL 1332. Thus, on May 2, Microsoft requested that plaintiffs make each of those witnesses available for a deposition during the period May 19 through June 6. (Letter from Pepperman to Small of May 2 (attached hereto at Tab B).)

On May 8, plaintiffs responded that they were "working to secure deposition dates as promptly as possible" for those witnesses. (Letter from Strimel to Tulchin of May 8 (attached hereto at Tab C).) Plaintiffs also stated that they were striking Mr. Frankenberg from their witness list because they were "unable to schedule [his] testimony," and purported to add Hakum Wium Lie, another previously undeposed witness, "in his place." (*Id.*) Plaintiffs informed Microsoft that Mr. Lie would be available for deposition in Oslo, Norway on June 2 or 11. Microsoft responded by asking for the deposition of Mr. Lie in Baltimore, New York or Washington, D.C. (Letter from Tulchin to Strimel of May 8 (attached hereto at Tab D).) Plaintiffs have declined to bring Mr. Lie to the United States for a deposition, saying that it would be inconvenient for him

---

[1] Plaintiffs have also listed 2170 trial exhibits and designated more than 3500 pages of prior testimony. All of this fits not at all with plaintiffs' prior representations that their case would take approximately two weeks to present.

to travel to this country.  (Letter from Strimel to Tulchin of May 9 (attached hereto at Tab E)).)

On May 9, plaintiffs also informed Microsoft that they would not make Mr. Harvey available for a deposition because "he was already examined at length by Microsoft's lawyers in the *Caldera* case."  (*Id.*)  They further stated that a third trial witness — Jean Louis Gassee, founder of Be, Inc. — declined to be deposed during the period specified in the pretrial schedule in this action and that his lawyers instead had insisted that his deposition in this action be combined with his deposition in the *Be, Inc. v. Microsoft Corp.* case.  (*See* Letter from Tulchin to Strimel of May 12 (attached hereto at Tab F); Letter from Strimel to Tulchin of May 14 (attached hereto at Tab G).)[2]

## ARGUMENT

The parties agreed two months ago that each side was entitled to take a deposition of any designated trial witness who had not previously been deposed "in MDL 1332."  Plaintiffs should be required to comply with their agreement, which is reflected in an Order of the Court.

Plaintiffs' trial witnesses have each voluntarily agreed to testify at trial in Baltimore in September.  Microsoft is entitled to depose them under this Court's Order.  Any witness who cannot be produced for deposition free of unreasonable conditions should not be permitted to testify in this case.  *See, e.g., Heath* v. *Massey-Ferguson Parts Co.,* 869 F. Supp. 1379, 1396 (E.D. Wis. 1994) ("Any witness not voluntarily produced

---

[2]     After receiving Ms. Strimel's May 14 letter, counsel for Microsoft immediately contacted her to further discuss the depositions of plaintiffs' trial witnesses.  The parties were unable, however, to reach resolution on any of the issues in dispute.

[for pretrial deposition] by the naming party shall be excluded on the grounds that they were not named in a timely manner. [I]f . . . a [nonparty] witness can be secured for trial, he or she can be secured for a voluntary deposition."), *rev'd on other grounds sub nom. Heath* v. *Varity Corp.*, 71 F.3d 256 (7th Cir. 1995).

**I.      Microsoft Is Entitled To Depose Roger Harvey Under This Court's Order.**

The Pretrial Order entered by this Court expressly provides that Microsoft may depose any trial witness "who has not been deposed in MDL 1332." Plaintiffs' contention that Microsoft should not be permitted to depose Mr. Harvey because he was deposed nearly five years ago in *Caldera, Inc.*, v. *Microsoft Corp.* is flatly contrary to this Court's Order.

Moreover, even if Mr. Harvey's expected trial testimony relates solely to the issues addressed in that deposition, Microsoft has a right to depose him under the pretrial order to determine, among other things, the extent of his present memory and any further relevant events or developments in the last five years.

Indeed, plaintiffs' position is entirely inconsistent with the fact that they took multi-day depositions of numerous Microsoft witnesses, including the Company's senior executives, all of whom previously had been deposed in *Caldera* and other actions.

**II.     Microsoft Should Not Be Required To Travel to Norway
          To Depose Hakum Wium Lie.**

Plaintiffs contend that Mr. Lie should not be inconvenienced by a deposition in the United States. Microsoft recognizes that when a party serves a subpoena on a non-party during the discovery phase of a case, the parties ordinarily travel to the location of the subpoenaed non-party witness to take his or her deposition. (This

practice was followed throughout the discovery phase of this case.) The current situation is entirely different. Microsoft is not seeking to inconvenience a passive third party.

Instead, Mr. Lie has inserted himself into this case by agreeing to come to this country to testify at trial. Under those circumstances, neither plaintiffs nor Mr. Lie may reasonably insist that Microsoft's lawyers travel to Norway. The consequence of Mr. Lie's decision to testify in Baltimore in September is that — in light of the pretrial order — he should be deposed in this country in June.

### III.    Microsoft Should Not Be Required To Combine Jean Louis Gassee's Deposition in This Case with His Deposition in the *Be* Case.

Mr. Gassee refuses to sit for a deposition in this action, contending that Microsoft should wait and take his deposition together with his deposition in the *Be* case. Under this Court's Order, Microsoft is entitled to depose Mr. Gassee now — *i.e.*, by June 6 — regarding his anticipated trial testimony in this action. Microsoft is not yet prepared to take Mr. Gassee's deposition in the *Be* case, because Be's document production is far from complete. Be has yet to produce, among other things: (i) the contents of a server (located last December) containing potentially hundreds of thousands of pages of e-mail and other documents archived by former Be employees; (ii) documents transferred upon the sale of Be's assets to Palm, Inc.; (iii) the contents of an unknown number of computer hard drives that Be reportedly has not been able to access; (iv) documents from Be's European office, once located in Paris, France; (v) approximately two years worth of data from Be's on-line sales web site, called BeDepot; (vi) large volumes of missing data from Be's customer support and developer support databases; and (vii) an unknown number of employee e-mails that were passworded.

Plaintiffs have suggested that Mr. Gassee's deposition can be taken in July. But the parties agreed to complete these depositions by June 6, and plaintiffs should stand by that agreement. Moreover, even assuming *arguendo* that Be could complete the lion's share of its production in the next month, the fact that Mr. Gassee is volunteering to testify at trial in this matter should not enable Be to force Microsoft to take Mr. Gassee's deposition out of sequence and on a rushed schedule, after only a limited opportunity to review Be's document production. For good tactical and logical reasons, Microsoft likely will take Gassee's deposition in *Be* toward the close of fact discovery, which is scheduled to conclude in that case on October 17, 2003.

Be chose to wait until February 2002 to file its lawsuit. This means that Be will reap the advantage of all the discovery taken of Microsoft in the Consumer Cases, and may depose again Microsoft executives. Under these circumstances, it is entirely unfair for plaintiffs or Mr. Gassee — who has volunteered to testify here at trial — and whose company sued Microsoft and therefore exposed itself to discovery obligations — to insist that he be deposed only once in these two cases.

Microsoft should not be put to the choice of either foregoing Mr. Gassee's deposition in this action or proceeding with his deposition in the *Be* case before it is prepared to do so.

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court (a) compel plaintiffs promptly to produce their previously-undeposed trial witnesses for deposition in the United States in accordance with the Court's March 21 Order, or, in the alternative (b) strike Messrs. Harvey, Lie and Gassee from plaintiffs' list of trial witnesses.

Dated: May 14, 2003

Respectfully submitted,

BY: _David B Tulchin_
David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Of Counsel:*

Charles B. Casper
MONTGOMERY, McCRACKEN,
    WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

TAB A

FILED

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 MAR 2  P 2: 38

2003 MAR 4 P 2: 56

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION | )  MDL DOCKET NO. 1332 |
| | )  Hon. J. Frederick Motz |
| This Document Relates To: | ) |
| | ) |
| All Purchaser Actions except: | ) |
| *Conway, Mackenzie & Dunleavy, P.C. v.* | ) |
| *Microsoft Corp.,* | ) |
|       Case No. 1:02cv03331 | ) |
| *Cooper v. Microsoft Corp.,* | |
|       Case No. 1:02cv03332 | |

CLERK'S OFFICE
AT BALTIMORE
DEPUTY

CLERK'S OFFICE
AT BALTIMORE
BY. _____ DEPUTY

**STIPULATION AND [~~PROPOSED~~] ORDER ENTERING PRETRIAL SCHEDULE**

WHEREAS, the parties have agreed to the deadlines set forth in the proposed pretrial schedule attached hereto as Exhibit A;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, through their undersigned counsel, that the proposed pretrial schedule attached hereto as Exhibit A be submitted for entry by the Court.

Dated: March 14, 2003

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL,
PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
Tel. (202) 408-4600

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS &
  CHESLEY, L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
Tel. (513) 621-0267

*For Plaintiffs' Lead Counsel Committee*

BY:    David B. Tulchin

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel. (212) 558-4000

*Counsel for Microsoft Corporation*

SO ORDERED this _21st_ day of _Mar_____, 2003

/s/
J. FREDERICK MOTZ
United States District Judge

# EXHIBIT A

**PROPOSED PRETRIAL SCHEDULE, MDL 1332**
**END-USER CASES**

| Date (2003) | Event |
|---|---|
| February 21 | All expert depositions to be completed (except deposition of Dr. Leitzinger) |
| April 4 | Plaintiffs designate their trial exhibits |
| April 18 | Plaintiffs designate their proposed deposition (or other prior testimony) excerpts |
| April 25 | Microsoft designates its trial exhibits |
| April 25 | Plaintiffs to designate their trial witnesses[1] |
| May 2 | Microsoft serves objections to plaintiffs' trial exhibits (other than with respect to relevance) |
| May 16 | Microsoft designates its proposed deposition (or other prior testimony) excerpts and serves objections (other than with respect to relevance) and counter-designations to plaintiffs' deposition excerpts |
| May 16 | Microsoft to designate its trial witnesses |
| May 23 | Plaintiffs serve objections to Microsoft's trial exhibits (other than with respect to relevance) |
| June 6 | Deadline for Microsoft to depose previously-undeposed plaintiff trial witnesses |
| June 6 | Motions in limine due |
| June 13 | Plaintiffs serve objections (other than with respect to relevance) and counter-designations to Microsoft's deposition excerpts |
| June 20 | Plaintiffs serve draft pretrial order under local rules |
| June 23 | Microsoft serves objections to plaintiffs' deposition counter-designations (other than with respect to relevance) |
| June 27 | Deadline for plaintiffs to depose previously-undeposed Microsoft trial witnesses |

---

[1] If either side designates a trial witness who has not been deposed in MDL 1332, the designating party shall not object to the deposition of such witness on the ground of timeliness, as long as the deposition is noticed for a date within the time period set forth in this schedule for such depositions.

4

| June 27 | Responses to motions in limine due |
|---|---|
| July 7 | Microsoft serves response to plaintiffs' proposed pretrial order |
| July 11 | Replies to motions in limine due |
| July 23 | Parties serve proposed jury instructions and file joint (or alternative) pretrial order(s) with Court |
| August 6 *2:30 P.M.* | Pretrial Conference and hearing on objections to trial exhibits and deposition designations |
| August 27 | Parties exchange demonstrative exhibits |
| September 8 | Trial |

# TAB B

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

May 2, 2003

*By Facsimile*

Daniel A. Small,
    Cohen, Milstein, Hausfeld & Toll, P.L.L.C.,
        1100 New York Avenue, N.W.,
            West Tower, Suite 500,
                Washington, D.C. 20005-3964 .

            Re:    *In re Microsoft Corp. Antitrust Litig.*, MDL No. 1332

Dear Dan:

    By our count, six of the witnesses included on your April 25, 2003 witness list have not been deposed in this action:  Sean Ahearn, Hugh Brogan, Bob Frankenberg, Jean Louis Gassee, Roger Harvey and Jeremy White.  Please provide us with a list of the dates on which each is available for a deposition during the weeks of May 19, May 26 and June 2.

                        Sincerely,

                        Richard C. Pepperman, II

cc:    William Butterfield
       Robert Heuck
       Kit Pierson
       Mary Strimel

TAB C

# COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.

1100 NEW YORK AVENUE, N.W.
WEST TOWER, SUITE 500
WASHINGTON, D. C. 20005-3964
(202) 408-4600
FACSIMILE (202) 408-4699

701 FIFTH AVENUE
SUITE 6850
SEATTLE, WA 98104-7097
(206) 521-0080
FACSIMILE (206) 521-0166

825 THIRD AVENUE
THIRTIETH FLOOR
NEW YORK, NY 10022-7519
(212) 838-7797
FACSIMILE (212) 838-7745

39 SOUTH LASALLE STREET
SUITE 308
CHICAGO, IL 60603
(312) 357-0370
FACSIMILE (312) 357-0369
www.cmht.com

HERBERT E. MILSTEIN
MICHAEL D. HAUSFELD
STEVEN J. TOLL
LISA M. MEZZETTI
ANDREW N. FRIEDMAN
RICHARD S. LEWIS
DANIEL S. SOMMERS
JOSEPH M. SELLERS
SHARON A. SNYDER
MARK S. WILLIS
STEPHEN D. ANNAND
MARC I. MACHIZ
PAUL T. GALLAGHER
LINDA P. NUSSBAUM***
STEWART M. WELTMAN*****
CHRISTINE E. WEBBER
MARY N. STRIMEL

SUSAN E. FATTIG
MARLENE F. GIBBONS
MARK D. BOGEN****
CATHERINE A. TORELL***
SUSAN R. SCHWAIGER
JACQUELINE E. BRYKS***
MATTHEW J. IDE°

OF COUNSEL

JERRY S. COHEN (1925-1995)

PETER W. OVERS, JR.***
SUZETTE M. MALVEAUX
KEELYN M. FRIESEN*
DOUGLAS J. MCNAMARA***
AGNIESZKA M. FRYSZMAN
CHARLES E. TOMPKINS
DONNA F. SOLEN
ELIZABETH H. CRONISE
JULIE GOLDSMITH*
MOLLY M. HAN
VICTORIA S. NUGENT
ELIZABETH S. FINBERG
BRIAN A. RATNER
MEGAN E. JONES
JOSHUA S. DEVORE**
ROBERT J. WOZNIAK, JR.
JUSTINE J. KAISER
R. JOSEPH BARTON
JAMES J. PIZZIRUSSO
BRENT W. LANDAU
CHRISTOPHER F. BRANCH******

*ADMITTED ONLY IN WA
**ADMITTED ONLY IN VA
***ADMITTED ONLY IN NY
****ADMITTED ONLY IN FL
*****ADMITTED ONLY IN IL
******ADMITTED ONLY IN MD

SENDER'S DIRECT DIAL

May 8, 2003

**_VIA FACSIMILE_**
David Tulchin, Esq.
Sullivan & Cromwell
125 Broad Street
New York, NY 10004

> Re:  **_Conway, McKenzie and Dunleavy, P.C. v. Microsoft Corp._**
> **_Civil No. 02-3331 (JFM), D. Md._**

Dear David:

    We are working to secure deposition dates as promptly as possible for the witnesses you requested.

    I am informed that we will be unable to schedule Mr. Frankenburg's testimony, and we are striking him from our witness list. In his place we will call Hakum Wium Lie. Mr. Lie is available for deposition in Oslo, Norway as follows:

June 2
June 11

For the remaining witnesses, I will update you with information as I obtain it.

Very truly yours,

Mary N. Strimel

TAB D

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCRON.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

May 8, 2003

<u>By Facsimile</u>

Mary Strimel,
    Cohen, Milstein, Hausfeld & Toll, PLLC,
        West Tower, Suite 500,
            1100 New York Avenue, N.W.,
                Washington, D.C. 20005.

        Re:   <u>In re Microsoft (MDL 1332) (Consumer Cases)</u>

Dear Mary:

        Your letter of today's date purports to add Hakum Wium Lie to your list of trial witnesses. You recognize that we are entitled to his deposition, and say that we may proceed in Oslo, Norway.

        We view things somewhat differently. If Mr. Lie is to testify at trial in Baltimore, you should make him available for deposition in this country.

        Please provide available dates for a deposition in Baltimore, Washington or New York.

                  Sincerely,

                  David Tulchin

cc:   Michael Brockmeyer
       Stan Chesley
       Michael Hausfeld
       Bob Heuck
       Dan Small
       Bill Butterfield

TAB E

# COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.

HERBERT E. MILSTEIN
MICHAEL D. HAUSFELD
STEVEN J. TOLL
LISA M. MEZZETTI
ANDREW N. FRIEDMAN
RICHARD S. LEWIS
DANIEL S. SOMMERS
DANIEL A. SMALL
JOSEPH M. SELLERS
SHARON A. SNYDER
MARK S. WILLIS
STEPHEN D. ANNAND
MARC I. MACHIZ
PAUL T. GALLAGHER
LINDA P. NUSSBAUM***
STEWART M. WELTMAN*****
CHRISTINE E. WEBBER
MARY N. STRIMEL

SUSAN E. FATTIG
MARLENE F. GIBBONS
MARK D. BOGEN****
CATHERINE A. TORELL***
SUSAN R. SCHWAIGER***
JACQUELINE E. BRYKS***
MATTHEW J. IDE*

OF COUNSEL

JERRY S. COHEN (1925-1995)

1100 NEW YORK AVENUE, N.W.
WEST TOWER, SUITE 500
WASHINGTON, D. C. 20005-3964
(202) 408-4600
FACSIMILE (202) 408-4699

701 FIFTH AVENUE
SUITE 6860
SEATTLE, WA 98104-7097
(206) 521-0080
FACSIMILE (206) 521-0166

825 THIRD AVENUE
THIRTIETH FLOOR
NEW YORK, NY 10022-7519
(212) 838-7797
FACSIMILE (212) 838-7745

39 SOUTH LASALLE STREET
SUITE 308
CHICAGO, IL 60603
(312) 357-0370
FACSIMILE (312) 357-0369

www.cmht.com

PETER W. OVERS, JR.***
SUZETTE M. MALVEAUX
KEELYN M. FRIESEN*
DOUGLAS J. MCNAMARA***
AGNIESZKA M. FRYSZMAN
CHARLES E. TOMPKINS
DONNA F. SOLEN
ELIZABETH H. CRONISE
JULIE GOLDSMITH*
MOLLY M. HAN
VICTORIA S. NUGENT
ELIZABETH S. FINBERG
BRIAN A. RATNER
MEGAN E. JONES
JOSHUA S. DEVORE**
ROBERT J. WOZNIAK, JR.
JUSTINE J. KAISER
R. JOSEPH BARTON
JAMES J. PIZZIRUSSO
BRENT W. LANDAU
CHRISTOPHER F. BRANCH******

*ADMITTED ONLY IN WA
**ADMITTED ONLY IN VA
***ADMITTED ONLY IN NY
****ADMITTED ONLY IN FL
*****ADMITTED ONLY IN IL
******ADMITTED ONLY IN MD

SENDER'S DIRECT DIAL

May 9, 2003

## _VIA FACSIMILE_

David Tulchin, Esq.
Sullivan & Cromwell
125 Broad Street
New York, NY 10004

Re:    *Conway, McKenzie and Dunleavy, P.C. v. Microsoft Corp.*
       *Civil No. 02-3331 (JFM), D. Md.*

Dear David:

We received your letter yesterday regarding Hakon Wium Lie's deposition.

The usual rule in federal court is that attorneys travel to the location of third party witnesses if they wish to take their depositions. That practice has been followed in this case and we see no reason to change the rules for Mr. Lie.

If you choose not to depose him that is certainly your option. However, we will not multiply the inconveniences to non-party witnesses, in order to serve preferences of the parties' lawyers. *See, e.g., Yaskawa Electric Corp. v. Kollmorgen Corp.*, 201 F.R.D. 443 ("The convenience of counsel is a factor, but it cannot weigh much compared to the inconvenience to the nonparty witnesses.")

David Tulchin, Esq.
May 9, 2003
Page Two


Also, regarding your request to depose Mr. Harvey: we note that he was already
examined at length by Microsoft's lawyers in the Caldera case. His expected trial testimony
relates to his experiences involving DR-DOS. If you believe you have a new basis to take Mr.
Harvey's deposition again, please let us know what it is and we will consider your request.

Very truly yours,

Mary N. Strimel


cc:   Daniel A. Small
      Mark Griffin

TAB F

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

May 12, 2003

<u>By Facsimile</u>

Mary Strimel,
    Cohen, Milstein, Hausfeld & Toll, PLLC,
      West Tower, Suite 500,
        1100 New York Avenue, N.W.,
          Washington, D.C. 20005.

      Re:    <u>In re Microsoft (MDL 1332) (Consumer Cases)</u>

Dear Mary:

        On April 25, 2003, as required by the parties' stipulated pretrial schedule, which was ordered by the court on March 21, you identified your trial witnesses, six of whom had not previously been deposed in the above-captioned case. Pursuant to our prior agreement, as reflected in the stipulated pretrial schedule, we informed you on May 2 that we wished to take the deposition of those six (Ahearn, Brogan, Frankenberg, Gassee, Harvey and White) during the period May 19 through June 6, and we then requested available dates for each witness.

        On May 8, you told us that you were striking Frankenberg from your witness list, and you purported to add a new witness named Hakum Wium Lie.

        Further, you and your colleague Dan Small have now informed us that (a) you refuse to produce Harvey for deposition, (b) you refuse to bring Lie to this country for a deposition and insist that we go to Norway, and (c) Gassee refuses to sit for a deposition in this case in the specified period and instead insists that we take his deposition at the same time that his deposition is taken in the <u>Be</u> case.

        None of these is acceptable, for reasons I have discussed at length with Dan Small.

Mary Strimel                                                                          -2-

On top of that, we have not yet been provided with available dates for Messrs. Ahearn, Brogan and White.

We are prepared to proceed with motion practice and request that you agree upon an expedited briefing schedule.  We propose:  (a) Microsoft's opening brief, May 14; (b) plaintiffs' brief in opposition, May 19; Microsoft's reply, May 22.

Sincerely,

David Tulchin

cc:    Dan Small
       Bill Butterfield
       Bob Heuck
       Michael Hausfeld

TAB G

# COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.

HERBERT E. MILSTEIN
MICHAEL D. HAUSFELD
STEVEN J. TOLL
LISA M. MEZZETTI
ANDREW N. FRIEDMAN
RICHARD S. LEWIS
DANIEL S. SOMMERS
DANIEL A. SMALL
JOSEPH M. SELLERS
SHARON A. SNYDER
MARK S. WILLIS
STEPHEN D. ANNAND
MARC I. MACHIZ
PAUL T. GALLAGHER
LINDA P. NUSSBAUM***
STEWART M. WELTMAN*****
CHRISTINE E. WEBBER
MARY N. STRIMEL

SUSAN E. FATTIG
MARLENE F. GIBBONS
MARK D. BOGEN****
CATHERINE A. TORELL***
SUSAN R. SCHWAIGER***
JACQUELINE E. BRYKS***
MATTHEW J. IDE*

OF COUNSEL

JERRY S. COHEN (1925-1995)

1100 NEW YORK AVENUE, N.W.
WEST TOWER, SUITE 500
WASHINGTON, D. C. 20005-3964
(202) 408-4600
FACSIMILE (202) 408-4699

701 FIFTH AVENUE
SUITE 6660
SEATTLE, WA 98104-7097
(206) 521-0080
FACSIMILE (206) 521-0166

825 THIRD AVENUE
THIRTIETH FLOOR
NEW YORK, NY 10022-7519
(212) 838-7797
FACSIMILE (212) 838-7745

39 SOUTH LASALLE STREET
SUITE 308
CHICAGO, IL 60603
(312) 357-0370
FACSIMILE (312) 357-0369
www.cmht.com

May 14, 2003

PETER W. OVERS, JR***
SUZETTE M. MALVEAUX
KEELYN M. FRIESEN*
DOUGLAS J. MCNAMARA***
AGNIESZKA M. FRYSZMAN
CHARLES E. TOMPKINS
DONNA F. SOLEN
ELIZABETH H. CRONISE
JULIE GOLDSMITH*
MOLLY M. HAN
VICTORIA B. NUGENT
ELIZABETH S. FINBERG
BRIAN A. RATNER
MEGAN E. JONES
JOSHUA S. DEVORE**
ROBERT J. WOZNIAK, JR.
JUSTINE J. KAISER
R. JOSEPH BARTON
JAMES J. PIZZIRUSSO
BRENT W. LANDAU
CHRISTOPHER F. BRANCH******

*ADMITTED ONLY IN WA
**ADMITTED ONLY IN VA
***ADMITTED ONLY IN NY
****ADMITTED ONLY IN FL
*****ADMITTED ONLY IN IL
******ADMITTED ONLY IN MD

SENDER'S DIRECT DIAL

_**VIA FACSIMILE**_

David Tulchin, Esq.
Sullivan & Cromwell
125 Broad Street
New York, NY 10004

      Re:   _**Conway, McKenzie and Dunleavy, P.C. v. Microsoft Corp.**_
          _**Civil No. 02-3331 (JFM), D. Md.**_

Dear David:

      I was very surprised to read your May 12 letter regarding trial witness depositions. You have misstated several facts so please let this letter set the record straight.

      You state that Dan Small and I informed you that we "refuse to produce [Roger] Harvey for deposition." This is false: as you know, my May 9 letter to you clearly informed you that Microsoft had already deposed Mr. Harvey in full during the Caldera litigation, and that Mr. Harvey's expected trial testimony related to his work with DR-DOS. I invited you to provide reasons, if any, why Mr. Harvey, a third party with no direct stake in the litigation, should be redeposed. You have not done so; but again, if you will communicate the reasons to us, we will confer with you in good faith regarding a deposition of Mr. Harvey.

      I note that you appear to have misunderstood the parties' agreement regarding depositions: Plaintiffs agreed not to oppose depositions of trial witnesses on grounds of timeliness. This is not the same as agreeing to duplication and wasted effort of taking multiple depositions of the same non-parties on the same topics.

David Tulchin, Esq.
May 14, 2003
Page 2

Further, you state that "[Jean-Louis] Gassee refuses to sit for a deposition in this case in the specified period and instead insists that we take his deposition at the same time that his deposition is taken in the Be case." Dan Small proposed that Mr. Gassee sit for a single deposition during July that would serve for both actions. Dan's proposal is more than reasonable and fair to Microsoft. It is more efficient for Microsoft, for us, and for Mr. Gassee. You have not provided any basis for rejecting Dan's proposal.

Finally, you provide no real response to my May 9 letter, which noted that the rules do not require non-party witnesses such as Mr. Lie to travel for their depositions to serve the preferences of the parties' counsel. It is not clear to me whether you are accepting or rejecting the date we offered for Mr. Lie. I would appreciate your informing me as soon as possible so that we can arrange his appearance at the deposition if you choose to take it.

David, by rejecting our reasonable efforts to make witnesses available, we can only assume that Microsoft is trying to impose as much inconvenience on third party witnesses as possible, perhaps in the hope of gaining some sort of tactical advantage. This is unfortunate and inappropriate.

Regarding your demand for "motion practice" and proposed briefing schedule: it is not clear to me what "motion" you plan to file, since we have made every reasonable effort to accommodate your requests within the scope of our earlier agreements. It is also clear that Microsoft has not met its obligation to meet and confer in good faith prior to filing a discovery motion. Instead of making good faith efforts, you appear to be willfully misinterpreting our proposals and have failed to respond to our requests for information from you.

Yesterday I offered you a deposition date for Mr. White. I would appreciate your indicating your acceptance as soon as possible so that we can so advise the witness.

Very truly yours,

Mary N. Strimel

cc:    Daniel A. Small
       Mark Griffin

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2003, I caused a copy of the foregoing Microsoft's Motion to Compel Plaintiffs to Produce for Deposition Three of Their Trial Witnesses and the Memorandum in Support to be served upon the following by facsimile and by United States mail, first class, postage prepaid:

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
(facsimile no.: 202-408-4699)

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH  45202
(facsimile no.: 513-621-0262)

Conor R. Crowley
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, N.W.
Washington, D.C.  20007
(facsimile no.: 202-337-8090)

Parker C. Folse, III, Esq.
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3100
Seattle, Washington  98101
(facsimile no.: 206-516-3883

Jeffrey D. Herschman