UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*, 1:00cv02117.

MDL Docket No. 1332
Hon. J. Frederick Motz

**MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION
TO ENTER ITS FORM OF ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

*Attorneys for Microsoft Corporation
(additional counsel listed on signature page)*

May 16, 2003

## TABLE OF CONTENTS

Page

ARGUMENT ...........................................................................................................2

I.    As Have Held the Courts in California, Minnesota and Arizona,
      There Is No Basis for Extending the Class Period Here Beyond
      December 15, 2001. ....................................................................................2

II.   Claims Arising From or Related to the Purchase of Windows XP
      Are "Inconsistent" With Plaintiffs' Allegations and Are Not
      Properly Included Within the Certified Class. ............................................5

CONCLUSION.......................................................................................................6

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Friedman* v. *Microsoft Corp.*,
    No. CV 2000-000722  (Ariz. Super. Ct. May 12, 2003)................................................2

*Gordon* v. *Microsoft Corp.*,
    No. MC 00-5994 (Minn. Dist. Ct. March 14, 2003).......................................................... 2

*In re Microsoft Corp. Antitrust Litigation*,
    MDL No. 1332 (D. Md. April 14, 2003) ............................................................................1

*Microsoft I-V Cases*,
    J.C.C.P. No. 4106 (Cal. Super. Ct. Oct. 16, 2002) ......................................................... 2

*Panache Broadcasting of Pennsylvania, Inc.* v. *Richardson Electronics, Ltd.*,
    No. 90 C 6400, 2001 WL 290408 (N.D. Ill. March 22, 2001) .......................................4

*United States* v. *Microsoft Corp.*,
    231 F. Supp. 2d 144 (D.D.C. 2002) ..............................................................................2, 3, 4

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*, 1:00cv02117.

MDL Docket No. 1332
Hon. J. Frederick Motz

## MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO ENTER ITS FORM OF ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

On April 14, 2003, the Court issued its Opinion granting in part and denying in part plaintiffs' motion for class certification. *In re Microsoft Corp. Antitrust Litigation*, MDL No. 1332 (D. Md. April 14, 2003) ("Opinion"). Pursuant to the Court's request that the parties confer about a form of order, Microsoft thereafter proposed a form of order to plaintiffs (*see* May 5 letter from David Tulchin to Michael Hausfeld (appended at Tab A)), and the parties have conferred about the form (*see* May 9 e-mail from Daniel Small to David Tulchin (appended at Tab B)). At present, there are only two disagreements:

1.  Whereas Microsoft contends that the class period should end on December 15, 2001 -- the day before Microsoft began voluntarily complying with the terms of the settlement it reached with the Department of Justice and nine state attorneys general -- plaintiffs seek to extend the class period until April 30, 2003.

2.  Whereas Microsoft contends that Windows XP should not be included among the contested products -- given the fact that it is materially alike other operating system products such as Windows NT and Windows 2000

that both parties agree should be excluded -- plaintiffs seek to include Windows XP.

Courts in California, Minnesota and Arizona -- the only courts thus far to address the issue -- have rejected efforts by plaintiffs in those states to extend the respective class periods beyond December 15, 2001. *Microsoft I-V Cases*, J.C.C.P. No. 4106 (Cal. Super. Ct. Oct. 16, 2002) (appended at Tab C); *Gordon* v. *Microsoft Corp.*, No. MC 00-5994 (Minn. Dist. Ct. March 14, 2003) (appended at Tab D); *Friedman* v. *Microsoft Corp.*, No. CV 2000-000722 (Ariz. Super. Ct. May 12, 2003) (appended at Tab E).

Accordingly, Microsoft requests that the Court enter the form of order appended at Tab A to Microsoft's motion, which defines the class and class period as:

> All persons and entities in the United States who acquired directly from Microsoft through the shop.microsoft.com Web site (by ordering on line or by calling the toll free number provided there) a license, other than for resale or re-licensing, for Microsoft single-user operating system software, including upgrades, compatible with x86 computers, but not including Windows 2000, Windows NT or Windows XP, from February 22, 1999 through December 15, 2001.

## ARGUMENT

### I.    As Have Held the Courts in California, Minnesota and Arizona, There Is No Basis for Extending the Class Period Here Beyond December 15, 2001.

Although the settlement negotiated between Microsoft and the Department of Justice and nine state attorneys general was first conditionally approved on November 1, 2002, *see United States* v. *Microsoft Corp.*, 231 F. Supp. 2d 144 (D.D.C. 2002), Microsoft began complying with the terms of the settlement as if it were in full force and effect starting December 16, 2001. Stipulation to Revised Proposed Final

-2-

Judgment at ¶ 2 (appended at Tab F); Stipulation to Second Revised Proposed Final

Judgment at ¶ 2 (appended at Tab G).

        Under the terms of the settlement, Microsoft has, among other things:

- Issued updates to Windows 2000 Professional and Windows XP which enable computer manufacturers to display Microsoft's integrated programs on the Windows Start menu or to hide them and, in certain circumstances, designate non-Microsoft Middleware Products as the "default."

- Disclosed and licensed 113 previously proprietary Communications Protocols as well as hundreds of additional internal Windows applications programming interfaces to give software developers more capabilities when writing programs that run on Windows.

- Begun licensing its operating system on uniform terms and conditions, including price, to computer manufacturers.

In the view of the United States Department of Justice, these and other terms of the

settlement combine to form "a comprehensive remedy that puts into place meaningful,

effective, and enforceable restrictions on Microsoft," with "restorative provisions [that]

go beyond the specific findings of unlawful behavior, with the goal of creating a forward-

looking and comprehensive remedial scheme," and thereby have "restore[d] competitive

conditions" in the marketplace.  Memorandum of the United States in Support of Entry of

the Proposed Final Judgment, filed on February 27, 2002, at 1, 48, 70 (appended at Tab

H).  Indeed, in the view of the Department of Justice, the settlement "fundamentally

chang[ed] -- for the ultimate benefit of consumers -- they way Microsoft deals with

OEMs, IAPs, ISVs, and others in the computer industry." *Id.* at 52.

        Similarly, in approving the settlement, the District Court for the District of

Columbia not only held that the settlement was "in the public interest," but praised it for

being "clear, consistent, and coherent . . . such that the provisions form a tightly woven

fabric." *Microsoft Corp.*, 231 F. Supp. 2d at 149, 202.  Moreover, in the view of the

District Court, the settlement "takes account of the theory of liability advanced by

Plaintiffs, the actual liability imposed by the appellate court, the concerns of the Plaintiffs

with regard to future technologies, and the relevant policy considerations."  *Id.* at 202.

By virtue of Microsoft's undertaking to abide by the terms of the

settlement even before it was approved, the settlement has "restore[d] competitive

conditions" since December 16, 2001.  In short, on that date, the world in which

Microsoft's software competes changed.  Plaintiffs are not, therefore, entitled to the

certification of claims relating to conduct after December 15, 2001, without even the

slightest explanation as to how they will (1) prove Microsoft's liability for conduct

occurring after December 15, 2001 and pursuant to the terms of the settlement,

(2) establish, with common proof, that Microsoft's conduct after December 15, 2001 has

caused harm to new class members nor (3) calculate, using common proof, damages for

those who purchased the products at issue after December 15, 2001.  *See, e.g., Panache

Broadcasting of Pennsylvania, Inc. v. Richardson Electronics, Ltd.*, No. 90 C 6400, 2001

WL 290408 (N.D. Ill. March 22, 2001) (shortening a class period that was alleged to

continue through "the present" because of a consent decree that defendants claimed

ended their allegedly anticompetitive conduct).  Accordingly, as did the courts in

California, Minnesota and Arizona, this Court should limit the class period to December

-4-

15, 2001.[1]

## II. Claims Arising From or Related to the Purchase of Windows XP Are "Inconsistent" With Plaintiffs' Allegations and Are Not Properly Included Within the Certified Class.

Plaintiffs' allegations of anticompetitive conduct vis-à-vis operating systems primarily relate to MS-DOS and those Windows products that are based on the code used to create Windows 95 (so-called "Windows 9X products"). It is for this reason that, as even plaintiffs concede, neither Windows NT nor Windows 2000 are included among the contested products. Indeed, plaintiffs' own damages expert excluded, among other products, Windows NT and Windows 2000 from his analysis because they "were deemed to be inconsistent with those products named in the complaint/class definition." Expert Report of Jeffrey J. Leitzinger at Appendix B-3, dated August 26, 2002. Windows XP is no different in this regard, and should be excluded as well.[2]

---

[1]    Plaintiffs argue that "Microsoft cannot insist on a December 15, 2001 class period cut-off when it has *agreed* [in the context of two settlements] that an operating system class is property certified through dates in 2002." Pl. Br. at 4-5 (emphasis in original). Plaintiffs' emphasis on the word "agreed" is very much on point. The fact that Microsoft agreed to an ending date beyond December 15, 2001, for settlement purposes (including barring future claims) is an entirely different question than whether in a litigation context the class period should extend beyond December 15, 2001. On that subject, every court that has thus far examined the issue has limited the class period to December 15, 2001.

[2]    To the extent the Court adopts December 15, 2001, as the ending date for the class period, the practical impact of excluding Windows XP as a contested product is fairly trivial, as Windows XP was released only in October of 2001.

## CONCLUSION

For the foregoing reasons, Microsoft moves that the Court enter

Microsoft's form of order, appended at Tab A to Microsoft's motion.

Dated:  May 16, 2003

Respectfully submitted,

By: _____
     David B. Tulchin

Of Counsel:

Charles B. Casper
MONTGOMERY, McCRACKEN,
    WALKER & RHOADS LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer (Fed. Bar No. 02307)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

*Attorneys for Microsoft Corporation*

### CERTIFICATE OF SERVICE

I hereby certify that, on this 16th day of May, 2003, I served a true and correct copy of the foregoing (1) Microsoft's Motion to Enter Its Form of Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification and (2) Microsoft's Memorandum in Support of Its Motion to Enter Its Form of Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification, by facsimile and Federal Express upon the following individuals:

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY, L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005

Conner R. Crowley
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, N.W.
Washington, D.C. 20007

Jeremy Kamras
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000