UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, 1:00 cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S REPLY IN FURTHER SUPPORT OF ITS MOTION
TO COMPEL PLAINTIFFS TO PRODUCE FOR DEPOSITION
THREE OF THEIR TRIAL WITNESSES**

David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*
*(additional counsel listed on signature page)*

May 22, 2003

## TABLE OF CONTENTS

**Page**

ARGUMENT ................................................................................................................. 2

    1.    Mr. Harvey and Mr. Lie ................................................................................ 2

    2.    Mr. Gassée ..................................................................................................... 2

    3.    Mr. Brogan and Mr. Ahearn ......................................................................... 4

CONCLUSION ............................................................................................................. 6

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, 1:00 cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

### MICROSOFT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO COMPEL PLAINTIFFS TO PRODUCE FOR DEPOSITION THREE OF THEIR TRIAL WITNESSES

Since Microsoft served its motion to compel plaintiffs to produce three of their trial witnesses for deposition, the parties have been able to resolve their dispute with respect to two of those witnesses — Roger Harvey and Hakum Wium Lie. The parties, however, remain unable to resolve their dispute concerning the deposition of Jean-Louis Gassée, the former CEO of Be, Inc. Indeed, Be and Mr. Gassée have filed a response to Microsoft's motion that makes plain that plaintiffs cannot make good on even their own proposal that Mr. Gassée's deposition in this action be combined with a deposition in the *Be* case. Moreover, plaintiffs now refuse to make yet another previously-undeposed trial witness — Hugh Brogan — available for a deposition, and apparently will be unable to secure the deposition of their witness Sean Ahearn as well.

-2-

## ARGUMENT

1. <u>Mr. Harvey and Mr. Lie</u>

After Microsoft served plaintiffs with its motion to compel on May 14, the parties continued to confer regarding the depositions of Mr. Harvey and Mr. Lie. Plaintiffs reversed their position that Microsoft should not be permitted to depose Mr. Harvey because he was deposed nearly five years ago in the *Caldera* case. Instead, they offered to make Mr. Harvey available for a deposition in London, England during the period specified in the Court's March 21 Order. (Letter from Strimel to Tulchin of May 15 (Pls. Opp'n Br. at Ex. A).)

On May 19, several hours prior to plaintiffs' filing their brief in opposition to Microsoft's motion, the parties agreed that Microsoft would go to London in early June to take the depositions of both Mr. Harvey and Mr. Lie (whom plaintiffs had previously offered for a deposition in Norway). (Letter from Tulchin to Strimel of May 19 (attached hereto at Tab H).) Thus, the issues concerning Mr. Harvey and Mr. Lie are moot.

2. <u>Mr. Gassée</u>

With respect to Mr. Gassée, however, the parties have reached no agreement. Plaintiffs expressly note that "since Microsoft plans to depose Jean Louis Gassee as part of discovery in the Be litigation, Plaintiffs proposed that Mr. Gassee's deposition take place on a mutually convenient date in July 2003 for both actions." (Pls. Opp'n Br. at 2.) Although counsel for plaintiffs made this proposal to Microsoft, apparently it is contrary to what Mr. Gassée, Be and their lawyers agreed to do.

Be and Mr. Gassée have submitted a response to Microsoft's motion stating that Microsoft incorrectly asserts "that Be and Mr. Gassée have insisted that Mr. Gassée should be deposed only once in both the *Be* and the consumer cases." (Response of Be, Inc. and Gassée at 1.) In fact, this is precisely what plaintiffs in this case told Microsoft. (Letter from Tuchin to Strimel of May 12 (Opening Br. at Tab F).) Apparently, however, "Mr. Gassée has never agreed to give a deposition in the consumer cases *at all*, whether or not combined with his deposition in the *Be* case." (Response of Be, Inc. and Gassée at 1-2 (emphasis in original).) Rather, "plaintiffs knew when they stipulated to the June 6 cutoff date for the deposition of previously undeposed trial witnesses that Mr. Gassée would not agree to give a pretrial deposition in the consumer cases, . . . and that if his deposition was compelled he would rescind his offer to testify at trial." (*Id.* at 2-3.) Plaintiffs neglected to provide that information to Microsoft.

To be clear, Microsoft has no interest in obtaining an early deposition of Mr. Gassée in the *Be* case. But if Mr. Gassée is going to appear voluntarily in Baltimore to testify in this action, then Microsoft is entitled to depose him, and to depose him now. If plaintiffs here cannot make Mr. Gassée available for deposition — which they clearly cannot — they should be compelled to remove him from their witness list.[1]

---

[1] Plaintiffs' assertion that Microsoft's motion should be denied because Microsoft did not notice Mr. Gassée's deposition before moving to compel is formalistic in the extreme. If that were plaintiffs' only objection, there would have been no need to trouble the Court. Microsoft gladly would have noticed the deposition of and served a subpoena on Mr. Gassée. In fact, Microsoft has now noticed that deposition and is in the process of personally serving Mr. Gassée. (Notice of Deposition and Subpoenas *Ad Testificandum* (attached hereto at Tab I).) (Mr. Gassée's counsel initially agreed to accept service on Mr. Gassée's behalf, but later informed Microsoft that Mr. Gassée would not authorize counsel to accept service. Mr. Gassée apparently is currently not in the United States.)

3. <u>Mr. Brogan and Mr. Ahearn</u>

Finally, plaintiffs have been promising since May 8 to secure deposition dates for Mr. Brogan and Mr. Ahearn. (Letter from Strimel to Tulchin of May 8 (Opening Br. at Tab C).) Plaintiffs now inform Microsoft that (a) Mr. Brogan is "represented by separate counsel" who is "unwilling to produce Mr. Brogan for a voluntary deposition in [this] action"; and (b) Mr. Ahearn "is traveling with his family on an extended vacation" and is not expected to return to the United States until July. (Letter from Strimel to Nelles of May 20 (attached hereto at Tab J).) Plaintiffs evidently do not know when or if they will be able to offer dates for a deposition of Mr. Ahearn. (*Id.*)

These witnesses, like plaintiffs' other previously-undeposed trial witnesses, have apparently volunteered to come to Baltimore to testify in this action. As a result, Microsoft is entitled to an opportunity to depose them in order to prepare its defense at trial. This opportunity is a matter of fundamental fairness — and is expressly provided for in the Court's March 21 Order. Plaintiffs cannot simply disclaim responsibility for securing these depositions. *See, e.g.*, *Heath* v. *Massey-Ferguson Parts Co.*, 869 F. Supp. 1379, 1396 (E.D. Wis. 1994) ("If . . . a [nonparty] witness can be secured for trial, he or she can be secured for voluntary deposition."), *rev'd on other*

*grounds sub nom. Heath* v. *Varity Corp.*, 71 F.3d 256 (7th Cir. 1995). Under these circumstances, Mr. Brogan and Mr. Ahearn should not be permitted to testify at trial.[2]

---

[2] Microsoft did not move to compel the deposition of either Mr. Brogan or Mr. Ahearn because Microsoft was still waiting for plaintiffs to provide deposition dates at the time it served its motion. Because time is of the essence, Microsoft respectfully requests that the Court clarify plaintiffs' obligations with respect to Mr. Brogan and Mr. Ahearn as well as Mr. Gassée. Plaintiffs do not dispute that Microsoft is entitled to either of those depositions. The issue is whether, as with Mr. Gassée, plaintiffs must secure the depositions of Mr. Brogan and Mr. Ahearn if they are to remain on plaintiffs' witness list.

## CONCLUSION

Microsoft respectfully requests that the Court (a) compel plaintiffs to produce their previously-undeposed trial witnesses for deposition by June 6 in accordance with the Court's March 21 Order, or, in the alternative (b) strike from plaintiffs' witness list any previously-undeposed trial witness who cannot be made available for deposition.

Dated: May 22, 2003

Respectfully submitted,

*Of Counsel:*

Charles B. Casper
MONTGOMERY, McCRACKEN,
  WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

BY: _____
David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2003, I caused a copy of the foregoing Reply in Further Support of Microsoft's Motion to Compel Plaintiffs to Produce for Deposition Three of Their Trial Witnesses to be served upon the following by facsimile and by United States Mail, first class, postage prepaid:

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
(facsimile no.: 202-408-4699)

Conor R. Crowley
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, N.W.
Washington, D.C. 20007
(facsimile no.: 202-337-8090)

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202
(facsimile no.: 513-621-0262)

Parker C. Folse, III, Esq.
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3100
Seattle, Washington 98101
(facsimile no.: 206-516-3883)

_____
Jeffrey D. Herschman