UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*, 1:00cv02117.

MDL Docket No. 1332
Hon. J. Frederick Motz

**MICROSOFT'S SUPPLEMENTAL MEMORANDUM WITH RESPECT TO THE FORM OF ORDER ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*
*(additional counsel listed on signature page)*

May 22, 2003

# TABLE OF CONTENTS

Page

ARGUMENT ..................................................................................................................1

    I.    The Class Period Should End on December 15, 2001. ................................1

    II.    Windows XP Should Not Be Included. ......................................................4

CONCLUSION ...............................................................................................................6

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Friedman* v. *Microsoft Corp.*,
  No. CV 2000-000722 (Ariz. Super. Ct. May 12, 2003) .......................................... 1, 4

*Gordon* v. *Microsoft Corp.*,
  No. MC 00-5994 (Minn. Dist. Ct. March 14, 2003) ............................................. 1, 3-4

*In re Microsoft Corp. Antitrust Litigation*,
  MDL No. 1332 (D. Md. April 14, 2003) ........................................................... 4

*Microsoft I-V Cases*,
  J.C.C.P. No. 4106 (Cal. Super. Ct. Oct. 16, 2002) .............................................. 1

*Panache Broadcasting of Pennsylvania, Inc.* v. *Richardson Electronics, Ltd.*,
  No. 90 C 6400, 2001 WL 290408 (N.D. Ill. March 22, 2001) ................................... 4

*United States* v. *Microsoft Corp.*,
  231 F. Supp. 2d 144 (D.D.C. 2002) ............................................................... 2

## RULES

Fed. R. Civ. P. 23(c)(1) .............................................................................. 4

Fed. R. Evid. 408 .................................................................................... 3

## MISCELLANEOUS

Memorandum of the United States in Support of Entry of the Proposed Final
  Judgment ............................................................................................ 2

Stipulation to the Revised Proposed Final Judgment ............................................... 2

Stipulation to the Second Revised Proposed Final Judgment ...................................... 2

2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*,
  § 408.04 (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2002) ........................ 3

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*, 1:00cv02117.

MDL Docket No. 1332
Hon. J. Frederick Motz

**MICROSOFT'S SUPPLEMENTAL MEMORANDUM WITH RESPECT TO THE FORM OF ORDER ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

There are two disputes with respect to the proper form of order implementing the Court's April 14 decision on plaintiffs' motion for class certification -- the ending date of the class period and whether Windows XP should be included among the contested products.

**ARGUMENT**

**I.     The Class Period Should End on December 15, 2001.**

Courts in California, Minnesota and Arizona -- the only courts thus far to have ruled on this issue -- have each rejected efforts to extend the respective class periods beyond December 15, 2001. *Microsoft I-V Cases*, J.C.C.P. No. 4106 (Cal. Super. Ct. Oct. 16, 2002) (appended to Microsoft's May 16 Br. at Tab C); *Gordon* v. *Microsoft Corp.*, No. MC 00-5994 (Minn. Dist. Ct. March 14, 2003) (appended to Microsoft's May 16 Br. at Tab D); *Friedman* v. *Microsoft Corp.*, No. CV 2000-000722 (Ariz. Super. Ct. May 12, 2003) (appended to Microsoft's May 16 Br. at Tab E). In doing so, they relied

on the settlement between Microsoft and the Department of Justice and nine state attorneys general.

The settlement is "a comprehensive remedy" that has "restore[d] competitive conditions" in the marketplace. Memorandum of the United States in Support of Entry of the Proposed Final Judgment, filed on February 27, 2002, at 1, 70 (appended to Microsoft's May 16 Br. at Tab H). Indeed, it has "fundamentally chang[ed] -- for the ultimate benefit of consumers -- they way Microsoft deals with OEMs, IAPs, ISVs, and others in the computer industry." *Id.* at 52.

In approving the settlement, the United States District Court for the District of Columbia noted that the settlement takes into account, among other things, "the concerns of the Plaintiffs with regard to future technologies, and the relevant policy considerations." *United States* v. *Microsoft Corp.*, 231 F. Supp. 2d 144, 202 (D.D.C. 2002). And because Microsoft began complying with the settlement as if it were in full force and effect starting December 16, 2001, *see* Stipulation to the Revised Proposed Final Judgment at ¶ 2 (appended to Microsoft's May 16 Br. at Tab F); Stipulation to the Second Revised Proposed Final Judgment at ¶ 2 (appended to Microsoft's May 16 Br. at Tab G), the settlement has "restore[d] competitive conditions" since that date.

Thus, any claim of overcharge for licenses of software after December 15, 2001 would necessarily involve very different evidence than prior thereto. Indeed, the crucial issues determining Microsoft's liability, causation and damages before and after

December 15, 2001 are so different that common issues do not predominate.[1]

This is the essential point recognized by the courts in California, Minnesota and Arizona. For example, the court in Minnesota observed:

> [The settlement] address[ed] some of the central allegations made by Plaintiffs in their Complaint. As a result, it appears that to establish antitrust violations in the period following December 15, 2001, Plaintiffs would have to introduce substantial additional expert and factual evidence, which Defendant indicates it would vigorously contest. This sounds almost like a separate trial on liability after December 15, 2001, will be necessary and raises the question as to whether, under Rule 23.01, the question of Microsoft's liability is common to the entire extended class.
>
> * * *
>
> [A] settlement agreement with the United States and nine states designed to address the very conduct at issue in this case would appear to be an event significant enough to bear out Defendant's claim that it changed Microsoft's competitive position. The government lawyers who negotiated the deal undoubtedly thought that it would. The Defendant has persuaded the court that enough additional evidence would be required to address the significance of

---

[1] Plaintiffs argue that "Microsoft cannot insist on a December 15, 2001 class period cut-off when it has *agreed* [in the context of two settlements] that an operating system class is property certified through dates in 2002." Pl. May 16 Br. at 4-5 (emphasis in original). The settlement agreements in related litigation are irrelevant. Federal Rule of Evidence 408 prohibits plaintiffs from invoking a settlement to prove the existence and extent of liability and damages. *See also* 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 408.04 (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2002) ("Evidence of a completed compromise of a claim arising out of the same transaction between a third person and a party to the suit being litigated is also inadmissible."). In any event, the fact that Microsoft agreed to an ending date beyond December 15, 2001 for settlement purposes (including barring future claims) is an entirely different question than whether in a litigation context the class period should extend beyond December 15, 2001. On that subject, every court that has thus far examined the issue has limited the class period to December 15, 2001.

> the [settlement] that the question of Microsoft's liability
> throughout a lengthened class period is not common. . . .

*Gordon*, slip op. at 13, 17-18.[2] *See also Panache Broadcasting of Pennsylvania, Inc.* v. *Richardson Electronics, Ltd.*, No. 90 C 6400, 2001 WL 290408 (N.D. Ill. March 22, 2001) (shortening a class period that was alleged to continue through "the present" because of a consent decree that defendants claimed ended their allegedly anticompetitive conduct). The situation here is no different.[3]

## II. Windows XP Should Not Be Included.

Windows XP was released in October 2001 -- only two months before Microsoft began complying with the settlement. Thus, questions of liability, causation and damages with respect to Windows XP are fundamentally different than with respect to previously released operating systems. Moreover, plaintiffs' allegations of anticompetitive conduct vis-à-vis operating systems primarily relate to MS-DOS and those Windows products that are based on the code used to create Windows 95 (so-called "Windows 9X products"). Like Windows NT and Windows 2000 -- products that neither plaintiffs nor their experts recognize to be contested products, *see* Expert Report of

---

[2] The Arizona court was not as loquacious, but nonetheless "set[] the cut off date at December 15, 2001, which is the date of the Federal case settlement." *Friedman*, slip op. at 2.

[3] Independent of their substantive quarrel with Microsoft's position, plaintiffs assert that it is "inappropriate" for Microsoft to now limit the class period to December 15, 2001 or to exclude Windows XP as a contested product. Pl. May 16 Br. at 3. Given their oft-changing class definition and late addition of a putative class representative, *see* April 14, 2003 Opinion at 2-5, plaintiffs are hardly in a position to dictate procedural propriety. In fact, an order certifying a class "may be altered or amended before the decision on the merits." Fed. R. Civ. P. 23(c)(1). And as the parties have not yet squarely addressed the question of the proper time period or the status of Windows XP as a contested product, there is no reason not to do so now.

Jeffrey J. Leitzinger at Appendix B-3, dated August 26, 2002 -- Windows XP is not based on this code and is not a subject of plaintiffs' allegations. In any case, to the extent the Court adopts December 15, 2001 as the ending date for the class period, the practical impact of excluding Windows XP as a contested product is minor given its release date.

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court enter the form of order appended to Microsoft's motion at Tab A, which defines the class and class period as:

> All persons and entities in the United States who acquired directly from Microsoft through the shop.microsoft.com Web site (by ordering on line or by calling the toll free number provided there) a license, other than for resale or re-licensing, for Microsoft single-user operating system software, including upgrades, compatible with x86 computers, but not including Windows 2000, Windows NT or Windows XP, from February 22, 1999 through December 15, 2001.

Dated: May 22, 2003

Of Counsel:

Charles B. Casper
MONTGOMERY, McCRACKEN,
   WALKER & RHOADS LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Respectfully submitted,

By: /s/ David B. Tulchin
David B. Tulchin
Jeremy T. Kamras
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

# **CERTIFICATE OF SERVICE**

I hereby certify that, on this 22nd day of May, 2003, I served a true and correct copy of the foregoing Microsoft's Supplemental Memorandum With Respect to the Form of Order on Plaintiffs' Motion for Class Certification, by facsimile and U.S. mail upon the following individuals:

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY, L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
(facsimile: 513-621-0262)


Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
(facsimile: 202-408-4699)


Conner R. Crowley
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, N.W.
Washington, D.C. 20007
(facsimile: 202-337-8090)

Jeffrey D. Herschman