UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.,* No. 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE RELATING TO THE WEALTH OR NET
WORTH OF MICROSOFT EMPLOYEES**

Defendant Microsoft Corporation hereby moves this court in limine, before trial and selection of a jury, for an order excluding any argument or evidence relating to the wealth or net worth of current and former Microsoft employees. This motion is made on the ground that under Rule 401 of the Federal Rules of Evidence such evidence or argument is irrelevant, and on the alternative ground that under Rule 403 any probative value would be substantially outweighed by the danger of unfair prejudice.

- 2 -

The reasons for this motion are set forth in Microsoft's Memorandum in Support of its Motion in Limine to Exclude Evidence Relating to the Wealth or Net Worth of Microsoft Employees submitted herewith.

Dated: June 6, 2003

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Respectfully submitted,

By: _____
    David B. Tulchin
    Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar. No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, No. 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO THE WEALTH OR NET WORTH OF MICROSOFT EMPLOYEES**

SULLIVAN & CROMWELL LLP
David B. Tulchin
Joseph E. Neuhaus
125 Broad Street
New York, New York 10004
(212) 558-4000

PIPER RUDNICK LLP
Michael F. Brockmeyer
Jeffrey D. Herschman
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

June 6, 2003                    *Attorneys for Microsoft Corporation*

- i -

## TABLE OF CONTENTS

Page

ARGUMENT ........................................................................................................ 2

    I.    Evidence Relating to Any Microsoft Employee's Wealth or Net Worth, Including Holdings of Microsoft Stock, Should Be Excluded Under Rules 401 and 403 of the Federal Rules of Evidence .......................................................... 2

CONCLUSION ................................................................................................... 4

## TABLE OF AUTHORITIES

Page(s)

### *Cases*

*Arleth* v. *Freeport-McMoran Oil & Gas Co.,* 2 F.3d 630 (5th Cir. 1993)......................3

*Curtis Mfg. Co.* v. *Plasti-Clip Corp.*, 933 F. Supp. 94 (D.N.H 1995) ......................2, 3

*Koufakis* v. *Carvel*, 425 F.2d 892 (2d Cir. 1970)......................................................2, 3

### *Rules*

Fed. R. Evid. 401............................................................................................................2

Fed. R. Evid. 403............................................................................................................2

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, No. 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

### MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO THE WEALTH OR NET WORTH OF MICROSOFT EMPLOYEES

Plaintiffs should be barred from introducing any argument or evidence at trial regarding any current or former Microsoft employee's wealth or net worth. Microsoft has reason to believe that plaintiffs will attempt to introduce such evidence at trial because in no less than 17 depositions of current and former Microsoft employees, plaintiffs have asked questions about their individual wealth, including their stock options, and/or stock holdings.

Both the pauper and millionaire are entitled to be treated fairly before the trier of fact. Because evidence of a person's wealth is generally irrelevant to a party's liability, plaintiffs have no legitimate basis to introduce evidence of current or former Microsoft employees' personal wealth, including the amount or value of any Microsoft stock they may own. Even if such evidence were relevant, it should be excluded because it has the potential to trigger juror bias, and the resulting unfair prejudice substantially outweighs any probative value.

## ARGUMENT

I. **Evidence Relating to Any Microsoft Employee's Wealth or Net Worth, Including Holdings of Microsoft Stock, Should Be Excluded Under Rules 401 and 403 of the Federal Rules of Evidence.**

Evidence regarding the personal financial net worth of Microsoft employees is irrelevant to any issue in this case. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The wealth or net worth of Microsoft employees does not tend to prove or disprove any disputed fact that is of any consequence to the determination of this action and therefore must be excluded.[1] *See Curtis Mfg. Co. v. Plasti-Clip Corp.*, 933 F. Supp. 94, 101 (D.N.H 1995) (granting motion in limine excluding evidence of defendant's "current financial condition or wealth" as "irrelevant").

In this case, even assuming arguendo that evidence of the wealth of Microsoft employees had any marginal relevance to plaintiffs' case, that limited relevance would be substantially outweighed by the unfairly prejudicial nature of such evidence. Fed. R. Evid. 403. It could be used to bias jurors against Microsoft and its executives, and could be improperly used by the jury as a basis for rendering a verdict.

In *Koufakis v. Carvel*, 425 F.2d 892 (2d Cir. 1970), plaintiff's counsel, representing a franchisee in a breach of contract claim against the corporate franchisor, took pains to portray the case as "one which pitted a 'little' and virtuous man of modest resources against a powerful and unscrupulous man with untold wealth." *Id.* at 902. Holding that

---

[1] Microsoft is not at this time seeking an order barring plaintiffs from eliciting the *fact* that a current or former employee owns Microsoft stock or stock options.

- 3 -

such remarks, which suggest "that the defendant should respond in damages because he is rich and the plaintiff is poor," were unfairly prejudicial to the defendant, the Second Circuit reversed the trial court's judgment. *Id. See also Arleth* v. *Freeport-McMoran Oil & Gas Co.*, 2 F.3d 630, 635 (5th Cir. 1993) (evidence of witness's personal financial condition properly excluded under Rule 403); *Plasti-Clip Corp.*, 933 F. Supp. at 101 (excluding evidence of defendant's "current financial condition or wealth" as irrelevant and, in the alternative, as unfairly prejudicial).

This Court should likewise prevent the plaintiffs from asking current and former Microsoft employees about their wealth or net worth, and from introducing evidence or making arguments based on their wealth or net worth. Any probative value of such evidence would be overwhelmed by its unfairly prejudicial effect.

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that this Court grant its motion in limine and preclude plaintiffs from offering any evidence or argument relating to the wealth or net worth of any current or former Microsoft employees.

Dated:  June 6, 2003

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
  WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Respectfully submitted,

By: /s/ David B. Tulchin

David B. Tulchin
Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2003, I caused a copy of the foregoing Microsoft's Motion in Limine to Exclude Evidence Relating to the Wealth or Net Worth of Microsoft Employees and accompanying memorandum to be served by hand-delivery upon:

>Michael D. Hausfeld
>COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
>1100 New York Avenue, N.W.
>West Tower, Suite 500
>Washington, DC 20005
>(facsimile no.: 202-408-4699)

>Conor R. Crowley
>FINKELSTEIN, THOMPSON & LOUGHRAN
>1050 30th Street, N.W.
>Washington, DC 20007
>(facsimile no.: 202-337-8090)

and by first class mail upon:

>Stanley M. Chesley
>WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
>1513 Fourth & Vine Tower
>One West Fourth Street
>Cincinnati, OH 45202
>(facsimile no.: 513-621-0262)

_____
Jeffrey D. Herschman