# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MICROSOFT CORP. | * | |
| ANTITRUST LITIGATION | * | MDL 1332 |
| | * | |

\*\*\*\*\*

OPINION

This MDL proceeding encompasses private antitrust actions instituted against Microsoft Corporation by a group of consumers and by four different competitors: Be Incorporated, Burst.com, Inc, Netscape Communications Corporation, and Sun Microsystems, Inc. All of the plaintiffs have moved under Fed. R. Civ. P. 16(c) to preclude Microsoft from relitigating 395 factual findings conclusively established in *United States v. Microsoft Corporation*, 84 F. Supp. 2d 9 (D.D.C. 1999) (findings of fact), 87 F. Supp. 2d 30 (D.D.C. 2000) (conclusions of law and judgment), and 97 F. Supp. 2d 59 (D.D.C. 2000) (remedial order), *aff'd in part, rev'd in part, and remanded in part*, 253 F.3d 34 (D.C. Cir.), *cert. denied*, 120 S. Ct. 350 (2001) ("the government case"). All of the plaintiffs other than Sun have also moved for partial summary judgment on the issue of liability.[1] The Rule 16(c) motions will be granted, subject to Microsoft being afforded a final opportunity to challenge particular findings as not having been necessary to the judgment in the government case.[2] The motions for partial summary judgment will be denied. I will briefly address the relevant issues.

---

[1] Netscape has limited its motion for partial summary judgment to Count I of its complaint.

[2] By finding that preclusive effect is to be given to the factual findings in the government case, I am not deciding that these findings are relevant to the claims of any particular plaintiff. That is an issue (more accurately, a series of issues) that awaits decision on a later occasion.

1

1. Judge Jackson's Alleged Bias

Microsoft argues that preclusive effect should not be given to the findings in the government case because of what the Court of Appeals characterized as ethical violations that were "deliberate, repeated, egregious, and flagrant." 253 F.2d at 107. Microsoft ignores the fact that the Court of Appeals also found that Judge Jackson's decision to speak privately with the press did not rise "to the level of actual bias or prejudice." *Id.* at 116. Microsoft also ignores that due to the appearance of bias created by the ethical violations, the Court of Appeals reviewed the record with "painstaking care," *id.* at 118, and "discern[ed] no basis to suppose that actual bias infected . . . [Judge Jackson's] factual findings." *Id.* at 117. The court undertook this task even though Microsoft had "challenged very few of the findings as clearly erroneous." *Id.* Given this "painstaking" review (and the motivation that Microsoft had to defend itself against the Government's claims), it is difficult to imagine a case in which it would be more appropriate to invoke collateral estoppel.

2. Alleged "Cherry Picking"

Microsoft complains that the plaintiffs seek to "cherry pick," that is to select certain of the findings made in the government case for collateral estoppel effect while disregarding others. Of course, on an abstract level this complaint is merely a challenge to the doctrine of non-mutual offensive collateral estoppel, a challenge that necessarily fails since the doctrine is firmly embedded in the law. *See, e.g., Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329-31 (1979); *Leblanc-Sternberg v. Fletcher*, 67 F.3d 412, 433-34 (2d Cir. 1995); *Polk v. Montgomery County,* 782 F.2d 1196, 1201 (4th Cir. 1986).

2

On a concrete level Microsoft focuses its attack on certain findings that it says are so interdependent with one another that it would be unfair to give preclusive effect to one without the other. As its prime example, Microsoft points to the findings made in connection with the development of Sun's Java technology and Microsoft's response to it. Microsoft contends that because the Court of Appeals reversed Judge Jackson on his imposition of liability for Microsoft's development and promotion of its own Java virtual machine ("JVM"), Sun must either accept this ruling or litigate anew all of the facts surrounding the Java issues.

There are at least three fallacies in this contention.

First, many of the findings that Microsoft argues should not be given preclusive effect did not concern Microsoft's internal development of its own JVM but external actions it took to stifle competition from Sun, including (a) entering into "First Wave Agreements" with independent software vendors ("ISVs"), (b) deceiving ISVs into believing that they were developing cross-platform applications, and (c) threatening Intel (ultimately with success) not to cooperate with Sun and Netscape in developing a Java runtime environment.

Second, referring to many of Judge Jackson's factual findings, the Court of Appeals specifically affirmed his conclusions that Microsoft's actions violated section 2 of the Sherman Act.

Third, the Court of Appeals did not question any of the factual findings Judge Jackson made concerning the history of Microsoft's development of its own JVM, including its intent to "maximize the difficulty with which applications written in Java could be ported from Windows to other platforms, and vice versa." *See Microsoft*, 253 F.3d at 74 (*citing Conclusions of Law*, 87 F. Supp 2d at 43). While those findings underlay Judge Jackson's conclusion – reversed by the Court of Appeals – that

3

Microsoft's development of an incompatible JVM itself violated section 2, they also had an independent significance, providing relevant background to Microsoft's anticompetitive acts in connection with the First Wave Agreements, the deception of ISVs, and the threats to Intel.[3] "Fairness" thus does not require that the findings not be given preclusive effect.

### 3. Effect of Court of Appeals' Reversal on Tying Claim and Attempted Monopolization Claim

The government asserted four claims against Microsoft: (1) unlawful exclusive dealing arrangements in violation of section 1; (2) unlawful tying of Internet Explorer to Windows 95 and Windows 98; (3) unlawful maintenance of a monopoly in the PC operating system market; and (4) unlawful attempted monopolization of the internet browser market. Judge Jackson found insufficient evidence to sustain the exclusive dealing claim. He ruled against Microsoft on the remaining three claims. The Court of Appeals affirmed Judge Jackson's ruling as to the monopoly maintenance claim but reversed as to the tying and attempted monopolization claims (ruling that the tying claim should be judged under the rule of reason and that the government had failed to prove that browsers constituted a relevant market).

Microsoft contends that any fact underlying the tying and attempted monopolization claims (as well as the exclusive dealing claim) should not be given preclusive effect because the claims were found

---

[3]The question of what (if anything) a jury should be told about the asserted procompetitive justification of Microsoft's development of its own JVM is a separate one, and resolution of it can be deferred until a later date. Plaintiffs, of course, are not bound by the decision of the Court of Appeals in the government case, and although that decision is entitled to respect, it has only precedential value in a private antitrust action. If it is ultimately concluded in these proceedings that the decision was correct, the jury can be instructed (presumably when it is read the preclusive factual findings) that Microsoft's development of its own JVM did not itself violate section 2.

not to have legal merit.  Plaintiffs acknowledge the legitimacy of this contention to the extent that a

factual finding relates solely to one of those claims.  However, plaintiffs argue that many of the facts

underlying the tying, attempted monopolization, and exclusive dealing claims underlie the monopoly

maintainence claim as well and, therefore, should be given preclusive effect.  Plaintiffs' argument is

meritorious.  If a fact was necessary to the judgment against Microsoft on the monopoly maintenance

claim, it is irrelevant that the fact also related to another claim on which Microsoft prevailed.

    4.  <u>Meaning of the Phrase "Facts Necessary to a Judgment"</u>

      All parties agree that in order for a factual finding to be given preclusive effect, it must have

been necessary to the prior judgment.  *See, e.g., United States v. Alaska,* 521 U.S. 1, 13 (1997);

*Tuttle v. Arlington County School Bd.,* 195 F.3d 698, 704 (1999); 18 Charles Alan Wright et al.,

*Federal Practice and Procedure* § 4420, at 536 (1998).  They disagree as to the meaning of

"necessary."  In effect, Microsoft would read it as meaning "indispensable" to the prior judgment;

plaintiffs, in contrast, read it as meaning supportive of the prior judgment.

      The implication of Microsoft's reading of "necessary" is that in determining whether to give

preclusive effect to facts found in a prior proceeding, the second court must inquire whether "but for" a

particular finding, the judgment would have been rendered.  If there were two grounds for a decision,

preclusive effect could not be given to the facts underlying either.  That clearly is not the law of the

Fourth Circuit.  *See Ritter v. Mount St. Mary's College*, 814 F.2d 986, 993 (4th Cir.  1987).

      Moreover, in many cases, as here, no single fact can be said to have been a *sine qua non* for

the prior judgment.  It cannot be, as Microsoft's position would also imply, that in such cases the

doctrine of preclusion could not be applied.  To adopt such a rule would be to frustrate the

5

accomplishment of the goals of efficiency and economy that the doctrine is designed to further. The requirement that a finding have been necessary to a prior judgment serves the important purpose of "prevent[ing] the incidental or collateral determination of a nonessential issue." *Mother's Restaurant, Inc. v. Mamma's Pizza, Inc.*, 723 F.2d 1566, 1571-72 (Fed. Cir. 1983). But that purpose cannot be permitted to override the doctrine of collateral estoppel itself, and it is sufficiently served by requiring that a specific finding be supportive of the prior judgment. *See, e.g., Delaware River Port Auth. v. Fraternal Order of Police*, 290 F.3d 567, 572 (3d Cir. 2002) ("Under the doctrine of issue preclusion, a determination by a court of competent jurisdiction on an issue necessary to support its judgment is conclusive in subsequent suits based on a cause of action involving a party or one in privity."); *Hoult v. Hoult*, 157 F.3d 29, 32 (1st Cir. 1998); *Syanon Church v. United States*, 820 F.2d 421, 425 (D.C. Cir. 1987).[4]

In this case it appears that each of the 395 findings as to which plaintiffs seek preclusive effect supported the Court of Appeals' decision in the government case that Microsoft unlawfully maintained a monopoly under section 2. Microsoft has been given ample opportunity in opposing plaintiffs' motions to contest those findings it contends were not necessary to the judgment against it. However,

---

[4]It might also be noted that a trial court has the discretion to prevent the use of offensive collateral estoppel where its application would be "unfair." *See, e.g., Parklane*, 439 U.S. at 331. Thus, a court might not give preclusive effect to a particular finding even if that finding was supportive of the prior judgment if there was some reason to question whether the fact had been fully and fairly litigated – and subjected to appellate review – in the prior proceeding. Here, no such reason exists. Obviously, the government case against Microsoft was vigorously litigated on both sides, and, as I have noted previously, the Court of Appeals carefully reviewed the record to assure that Judge Jackson's findings were supported even though most of those findings were not challenged by Microsoft on appeal.

"the devil is in the details" and - at least until Sun submitted its reply memorandum in which it delineated the reasons it contends each specific finding was necessary to the judgment in the government case - the parties' briefing understandably focused on general issues, referring to specific findings by way of example. Therefore, I will give Microsoft one last opportunity to challenge specific findings as not meeting the "necessary" requirement. It may make such a challenge by filing a supplemental memorandum on or before November 20, 2002. Plaintiffs may file a reply memorandum on or before December 6, 2002. Of course, Microsoft should not make any such challenge if it concludes that the challenge cannot be appropriately maintained in light of the rulings I have made in this opinion.

5. The Motions for Partial Summary Judgment

In addition to filing a Rule 16(c) motion, the consumer plaintiffs, Be, Burst, and Netscape have filed motions for partial summary judgment on the issue of liability. The issue presented by these motions is whether the government proved in its case all of the elements that the private plaintiffs must prove in their actions for damages. It did not.

A plaintiff in a private antitrust action must prove that it suffered injury-in-fact caused by the asserted antitrust violation and that this injury constituted "antitrust injury." *See, e.g., Associated Gen. Contractors of Calif. v. Calif. State Council of Carpenters*, 459 U.S. 519, 539-40 (1983); *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977); *Microbix Biosystems, Inc. v. Biowhittaker, Inc.*, 172 F. Supp. 2d 680, 696 (D. Md. 2001). Nothing in the government case against Microsoft demonstrates that the consumer plaintiffs, Be, or Burst suffered any such injuries, and their motions for partial summary judgment therefore clearly fail.

7

The issue as to Netscape is closer. One of the factors upon which the Court of Appeals relied in holding that Microsoft unlawfully maintained a monopoly in violation of section 2 was its exclusion of Netscape Navigator. It seems self-evident that this exclusion caused injury to Netscape. However, both the government's and the court's focus was on the harm to the structure of the market, that is to competition, not to particular competitors. Judge Jackson specifically found that there was "insufficient evidence to find that, absent Microsoft's actions, Navigator and Java already would have ignited genuine competition in the market for Intel-compatible PC operating systems." 84 F. Supp. 2d at 112 (FF 411). The Court of Appeals referred to this finding in noting that Judge Jackson "expressly did *not* adopt the position that Microsoft would have lost its position in the OS market but for its anticompetitive behavior." 253 F.3d at 107 (emphasis added). Against this background, it cannot be fairly said that the facts found in the government case are sufficient to establish Microsoft's liability to Netscape. Issues of injury-in-fact, antitrust injury, and causation remain to be litigated.

I will enter an order effecting the rulings made in this Opinion after considering any supplemental memoranda filed by the parties concerning whether particular factual findings made by Judge Jackson were necessary to the judgment in the government case.

Date: November 4, 2002          /s/
                                J. Frederick Motz
                                United States District Judge

8

**9**