# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

April 4, 2003

Memo To Counsel Re: Microsoft Antitrust Litigation
MDL-1332

Dear Counsel:

I have reviewed the supplemental memoranda you have filed in connection with plaintiffs' Rule 16(c) preclusion motion. Suffice it to say that, with the exception of findings 380-385, I find that all of Judge Jackson's Findings of Fact as to which plaintiffs seek preclusive effect were supportive of the liability judgment against Microsoft on the section 2 monopoly maintenance claim in the government case, as modified on appeal. Therefore, preclusive effect shall be given to those findings in these proceedings.

Microsoft is correct that I did not address in my earlier opinion whether preclusive effect should be given to certain statements in the Court of Appeals' decision, as requested by plaintiffs. Collateral estoppel, of course, attaches to legal findings as well as factual findings. *See, e.g., Virginia Hosp. Ass'n v. Baliles*, 830 F.2d 1308, 1311 (4th Cir. 1987) ("The doctrine of collateral estoppel precludes relitigation of issues of fact or law . . . ."). Therefore, as a general proposition, preclusive effect will be given to the rulings made by the Court of Appeals. However, I agree with Microsoft that it is premature to ascertain which of the statements made by the Court of Appeals should be incorporated into the jury instructions relating to preclusive findings. Some of those statements, *e.g..*, "Microsoft benefits from the applications barrier to entry," may be incorporated verbatim. Others might be excluded as being redundant to Judge Jackson's findings or as being phrased in a manner inappropriate for a jury instruction.[1] These are issues whose resolution can be deferred until another day.

Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

---

[1] On the other hand, when the time comes to frame the instructions, one method of approach that might be considered is to state precisely what the Court of Appeals found in its own words, based upon the supporting findings made by Judge Jackson.

J. Frederick Motz
United States District Judge