# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE MICROSOFT CORP. ANTITRUST LITIGATION * MDL 1332
*
* **"Consumer Track"**
*
* **"Competitor Track"**
*****

MEMORANDUM

Microsoft has filed a motion requesting that I certify for interlocutory appeal the order I entered on April 4, 2003, granting plaintiffs' Rule 16(c) motions for preclusive effect with respect to certain findings of fact entered by Judge Jackson in *United States v. Microsoft.*

Certification for an interlocutory appeal is proper where: (1) the order to be appealed involves a controlling question of law; (2) there is substantial ground for difference of opinion on that question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). I find that each of these factors is satisfied here. Accordingly, I will grant the motion in order to give the Fourth Circuit an opportunity to determine whether to consider on interlocutory appeal my ruling that facts found by Judge Jackson that were *supportive of* (rather than *indispensable to*) the liability judgment against Microsoft in the government case should be given collateral estoppel effect in the cases encompassed in this MDL proceeding.

A.

My collateral estoppel ruling clearly is not "controlling" of these proceedings in the sense that it is substantively dispositive of their outcome. However, the ruling does control many aspects of the proceedings in substantial respects, particularly the scope of the discovery now underway in the four

competitor cases and the scope of the evidence of the trial in the consumer class action (now scheduled to begin in September 2003). I am satisfied that this constitutes a sufficient basis for me to certify my ruling for an interlocutory appeal. *See* 19 James Wm. Moore et al., *Moore's Federal Practice* ¶ 203.31[3] (3d ed. 2003) (a controlling question of law is one that "has the potential of substantially accelerating disposition of the litigation"); *McNeil v. Aguilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993) ("A controlling question [of law] may be one that substantially affects a large number of cases."). Nothing is more central to the proper structuring of the private antitrust litigation against Microsoft than the question of whether Microsoft is entitled to relitigate findings found against it in the government case. In my view it would therefore be irresponsible of me not to place these cases in a posture where the Fourth Circuit has the opportunity to review my resolution of that question now if it chooses to do so.[1]

B.

I am satisfied there is a substantial basis for a difference of opinion on the meaning of the phrase "necessary to the judgment," as it is used in determining collateral estoppel effect. That is particularly

[1] In opposing Microsoft's motion, plaintiffs rely heavily upon an unreported Fourth Circuit decision, *Fannin v. CSX Transportation*, 1989 W.L. 42583, at *5 (4th Cir. 1989) (unpublished), for the proposition that fact intensive issues are "not the kind of 'controlling' question[s] proper for interlocutory review." (*See* Comp. Pls.' Opp. at 7; *see also* 16 Charles A. Wright, et al., *Federal Practice & Procedure* § 3930, at 429-30 (2d ed. 1996).). In its reply Microsoft counters that it is requesting interlocutory review only of the pure legal question of properly defining the standard for offensive collateral estoppel effect. I am not sure that the Fourth Circuit would or should decide the question entirely in a vacuum as Microsoft's reply might suggest. Analysis of the question may require an examination of the findings in the government case and their impact upon the issues presented here. Nevertheless, I do not believe that *Fannin* and similar cases render an interlocutory appeal inappropriate. They are based upon an appropriate reluctance to delve at a preliminary stage into the facts indigenous to the case in which an interlocutory appeal is sought, not upon a concern about consideration of facts decided in a separate and independent action which are relevant in defining and providing context for the question as to which interlocutory appeal is sought.

true in these proceedings in light of the conclusion reached by Judge Kollar-Kotelly in *New York v. Microsoft Corp.*, 224 F. Supp. 2d 76, 138 (D.D.C. 2002), that "the vast majority of factual findings entered by . . . [Judge Jackson], but not cited by . . . [Judge Jackson] as a basis for §2 liability" were "unconnected to specific liability findings" affirmed by the D.C. Circuit on appeal.[2]

C.

Providing the Fourth Circuit with the opportunity to determine whether to grant an interlocutory appeal on my collateral estoppel ruling may also materially advance the ultimate termination of the litigation. As I have previously indicated (and as is obvious), my ruling is foundational to the structure within which this MDL litigation will be conducted, defining both the scope of evidence at the trial of the consumer class action and the scope of discovery in the competitor cases. There would be a senseless waste of private and public resources and an unconscionable delay in the final resolution of these proceedings if the Fourth Circuit were not given the opportunity to decide the collateral estoppel issues on an interlocutory appeal and ultimately were to find I had erred in my ruling.

---

[2]By mentioning Judge Kollar-Kotelly's conclusion in this regard, I do not mean to suggest I erred in my collateral estoppel ruling. The monumental task confronting Judge Kollar-Kotelly was to tailor remedies to the specific liability findings of the D.C. Circuit. In performing that task Judge Kollar-Kotelly (quite appropriately, in my judgment) in effect determined which of Judge Jackson's factual findings were indispensable to the Court of Appeals' liability findings. Had she not done so, the cloth would have been cut too broad. Judge Kollar-Kotelly was not, however, asked to resolve the different question of how to define the meaning of the phrase "necessary to the judgment" for collateral estoppel purposes or of determining what facts were supportive of the judgment in the government case (if "necessary to judgement" means, as I have found, "supportive of" it). Those are the issues presented here, and they require a different analysis and raise different policy concerns. Giving collateral estoppel effect in private antitrust litigation to facts supportive of the judgment in the government case does not imply, in and of itself, that certain remedies flow from those findings. It merely means that Microsoft cannot relitigate facts it had a full and fair opportunity to litigate in the government case.

I also consider it relevant that this is an MDL proceeding. The Fourth Circuit has stated in another context that in multi-district litigation "[e]ven accounting for the peculiar facts of each case, it is clearly more efficient to provide for review by one appellate court in one proceeding rather than leaving open the possibility that [the trial court's] decisions could be reconsidered by each of the transferor courts . . . ." *In re Food Lion, Inc.*, 73 F.3d 528, 532-33 (4th Cir. 1996). Similarly, focusing particularly on the issue of the appropriateness of certification of a question for interlocutory appeal, Judge Sweet has stated: "[d]elaying review would burden not only the parties, but the judicial system itself." *In re Aircrash off Long Island, N.Y. on July 17, 1996*, 27 F. Supp. 2d 431, 435 (S.D.N.Y. 1998); *see also* 17 James Wm. Moore et al., *Moore's Federal Practice* ¶ 112.06[3] (3d ed. 2003).

In sum, I find that the three prerequisites for certifying an interlocutory appeal under 28 U.S.C. §1292(b) are satisfied and that it is in the public interest for the Fourth Circuit to be given the opportunity to decide whether now to review my collateral estoppel ruling.

Date: May 9, 2003

/s/
J. Frederick Motz
United States District Judge