UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE RELATING TO ITS ALLEGED FAILURE TO
DISCLOSE CONFIDENTIAL OR PROPRIETARY INFORMATION**

Defendant Microsoft Corporation hereby moves this Court in limine, before

trial and selection of a jury, for an order prohibiting plaintiffs or their witnesses, whether

fact, expert or otherwise, from seeking to introduce into evidence, whether by means of

testimony, documents or otherwise, facts relating to Microsoft's alleged failure to disclose

confidential or proprietary information or innovations to its competitors.  Microsoft further

moves that plaintiffs' counsel be instructed to inform plaintiffs' witnesses of the Court's

instructions and to direct them not to make any such reference without prior permission

from the Court.

This motion is made under Rule 402 of the Federal Rules of Evidence on

the ground that such evidence or argument is irrelevant to any issue in plaintiffs' case.

The reasons for this motion are set forth in Microsoft's Memorandum in

Support of Its Motion in Limine to Exclude Evidence Relating to Microsoft's Alleged

Failure to Disclose Confidential or Proprietary Information and in the exhibits submitted

herewith.

Dated:  June 6, 2003

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
    WALKER & RHOADS LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Respectfully submitted,

By: _____
    David B. Tulchin
    Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz<br><br>PUBLIC REDACTED VERSION |

**MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO ITS ALLEGED FAILURE TO DISCLOSE CONFIDENTIAL OR PROPRIETARY INFORMATION**

SULLIVAN & CROMWELL LLP
David B. Tulchin
Joseph E. Neuhaus
125 Broad Street
New York, New York 10004
(212) 558-4000

PIPER RUDNICK LLP
Michael F. Brockmeyer
Jeffrey D. Herschman
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

June 6, 2003

## TABLE OF CONTENTS

Page

BACKGROUND.................................................................................................................. 2

ARGUMENT ..................................................................................................................... 4

      I.     Microsoft Had No Legal Duty to Disclose to Its Competitors
            Confidential Or Proprietary Information Relating to Its
            Products............................................................................................................. 4

      II.    Plaintiffs' Proposed Evidence Regarding the Duty to
            Disclose Should Be Excluded on the Basis That It Is
            Irrelevant. ......................................................................................................... 7

CONCLUSION .................................................................................................................. 9

## TABLE OF AUTHORITIES

Page(s)

### *Cases*

*Berkey Photo, Inc.* v. *Eastman Kodak Co.*,
603 F.2d 263 (2nd Cir. 1979) ............................................................................ 4, 5, 6

*California Computer Products* v. *IBM Corp.*,
613 F.2d 727 (9th Cir. 1979) .............................................................................. 5, 6, 7

*Data General Corp.* v. *Grumman Systems Support Corp.*,
761 F. Supp. 185 (D. Mass. 1991) ........................................................................... 6

*GAF Corp.* v. *Eastman Kodak Co.*,
519 F. Supp. 1203 (S.D.N.Y. 1981) ....................................................................... 5, 7

*ILC Peripherals Leasing Corp.* v. *IBM Corp.*,
458 F. Supp. 423 (N.D. Cal. 1978),
*aff'd per curiam*, 636 F.2d 1188 (9th Cir. 1980) ................................................. 5, 7

*In re Microsoft Corp. Antitrust Litig*, MDL No. 1332
(D. Md. June 6, 2003) ....................................................................................... 1, 5, 6

*United States* v. *Grinnell Corp.*,
384 U.S. 563 (1966) .................................................................................................. 4

### *Rules*

Fed. R. Evid. 401 ............................................................................................................ 7

Fed. R. Evid. 402 ....................................................................................................... 1, 7

### *Other Authorities*

Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law* (1996) .......................................... 5

Eleanor M. Fox, *What Is Harm to Competition?  Antitrust, Exclusionary
Practices, and Anticompetitive Effect*, 70 Antitrust L.J. 371 (2002) ....................... 7

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*, 1:00cv02117

MDL Docket No. 1332
Hon. J. Frederick Motz

## MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO ITS ALLEGED FAILURE TO DISCLOSE CONFIDENTIAL OR PROPRIETARY INFORMATION

Pursuant to Rule 402 of the Federal Rules of Evidence, Microsoft respectfully requests that this Court exclude all evidence -- including without limitation the 181 proposed plaintiffs' trial exhibits listed on Exhibit 1 hereto -- relating to plaintiffs' claim that Microsoft had a duty to disclose confidential or proprietary information or innovations to companies that competed with Microsoft in developing operating system, word processing, or spreadsheet software.

As a matter of law, Microsoft had no duty to disclose such information. Even a monopolist has no legal duty to disclose confidential or proprietary information and innovations to their competitors. As courts have repeatedly recognized, imposing such a duty would undermine the incentive to innovate, one of the prime benefits of competition, and would be contrary to the objectives of the antitrust laws. *E.g.*, *In re Microsoft Corp. Antitrust Litig.*, MDL No. 1332, slip op. at 2 (D. Md. June 6, 2003) ("to require one

company to provide its intellectual property to a competitor would significantly chill

innovation.").[1]

**BACKGROUND**

2

3

---

[1]     In its June 6, 2003 decision, this Court held that plaintiffs could not assert a claim under the essential facilities doctrine based on a purported duty to disclose. This motion addresses plaintiffs' additional claim that Microsoft's alleged failure to disclose confidential and proprietary information about its operating systems constitutes predatory conduct for purposes of plaintiffs' Section 2 monopolization claim.

[2]     Plaintiffs' Consolidated Class Action Complaint ("Consolidated Complaint"), ¶¶ 154(a) & (e), 140, and 143-151. *See also* Liability Report of Frederick R. Warren-Boulton ("Warren-Boulton Report") at 69-73, attached as Exhibit 2; Technology Report of Ronald S. Alepin ("Alepin Report") at 75-77, 83, 131-33, attached as Exhibit 3.

[3]     Consolidated Complaint ¶ 116(k). *See also* Warren-Boulton Report at 26, 69-70; Alepin Report at 39-40.

- 2 -

4

Warren-Boulton Report at 70.

*Id.* at 70-72.

*E.g.*, Alepin Report at 75-77, 132-33.  In each case, plaintiffs' theory is that the failure to disclose to outside applications developers all information about the operating system available to Microsoft's internal applications developers constituted unlawful monopolization of the applications market.  *E.g.*, Consolidated Complaint ¶¶ 152-154.

*See* Alepin Report at 39-40, 106-109.

---

4    *See, e.g.*, Deposition of Russell Werner, May 7, 2002, at 69:22-72:2, attached as Exhibit 4; Deposition of Said Mohammadioun, Dec. 14, 2001, at 313, 317, attached as Exhibit 5; Deposition of Cameron Myhrvold, Sept. 6, 2001, at 435:9-441:20, 443:4-447:8, attached as Exhibit 6.  *See also* Microsoft's Memorandum in Support of Its Motion for Partial Summary Judgment at 4 (Nov. 19, 2002); Microsoft's Reply Memorandum in Support of Its Motion for Partial Summary Judgment at 3 (Jan. 31, 2003).

*Id.* at 39-40;

Consolidated Complaint ¶ 116(k).[5]

Plaintiffs have designated numerous trial exhibits and excerpts from prior

testimony relating to these claims, and their expert reports address them at length.[6]

Plaintiffs' evidence relating to their claim that Microsoft had a duty to disclose proprietary

or confidential information and innovations to its competitors is irrelevant to any

cognizable claim in this action and should be excluded under Rule 402.

## ARGUMENT

### I.    Microsoft Had No Legal Duty to Disclose to Its Competitors Confidential Or Proprietary Information Relating to Its Products.

A claim of unlawful monopolization under Section 2 of the Sherman Act

has two elements: (1) the possession of monopoly power in the relevant market and (2) the

willful acquisition or maintenance of that power through "predatory conduct," as

distinguished from "growth or development as a consequence of a superior product,

business acumen, or historic accident." *United States* v. *Grinnell Corp.*, 384 U.S. 563,

570-71 (1966).

It is well-settled that the antitrust laws do not impose upon firms --

including firms with monopoly power -- any duty to assist their competitors by disclosing

confidential or proprietary information and innovations. *Berkey Photo, Inc.* v. *Eastman*

---

[5]    *See* Alepin Report at 40.

        Deposition of Phillip Balma, Nov. 6, 2001, at 11:3-
12:16, 34:4-35:6 & Ex. 2, attached as Exhibit 7.

[6]    *See, e.g.*, notes 2-3 *supra*; Exhibit 1 hereto.

- 4 -

*Kodak Co.*, 603 F.2d 263, 281-82 (2nd Cir. 1979) (no obligation to disclose information about new film format to competitors in camera market); *California Computer Products* v. *IBM Corp.*, 613 F.2d 727, 744 (9th Cir. 1979) (no duty to disclose information about design change in interface between peripheral equipment and CPUs, which design changes rendered competitive peripheral equipment obsolete); *In re Microsoft*, *supra*, slip op. at 2, 5 n.5); *ILC Peripherals Leasing Corp.* v. *IBM Corp.*, 458 F. Supp. 423, 437 (N.D. Cal. 1978) (same), *aff'd per curiam*, 636 F.2d 1188 (9th Cir. 1980); *GAF Corp.* v. *Eastman Kodak Co.*, 519 F. Supp. 1203, 1229 (S.D.N.Y. 1981) (no duty to disclose technical information to competitor regarding new still film and development process); *see also* IIIA Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law* ¶ 776(b)(2) (1996) ("[A]lthough predisclosure of a new product would reduce the adverse impact on rivals, it would also reduce the innovator's rewards, and the significant uncertainty involved in applying any predisclosure requirement would itself chill innovation.  Therefore, predisclosure is not required.").

　　　In *Berkey Photo*, for example, a camera manufacturer alleged that Kodak, which produced both camera and film, had monopolized and attempted to monopolize the camera market by refusing to predisclose a film innovation to competing camera manufacturers in time to allow the competitors to compete with Kodak's own Instamatic camera made for the new film.  *Berkey*, 603 F.2d at 279-80.  The Second Circuit overturned a jury verdict against Kodak, holding that "[w]ithholding from others advance knowledge of one's new products . . . ordinarily constitutes valid competitive conduct."  *Id.* at 281.

> [A] firm may normally keep its innovations secret from its
> rivals as long as it wishes, forcing them to catch up on the
> strength of their own efforts after the new product is

> introduced. . . . It is the possibility of success in the
> marketplace, attributable to superior performance, that
> provides the incentive on which the proper functioning of
> our competitive economy rests. If a firm that has engaged in
> the risks and expenses of research and development were
> required in all circumstances to share with its rivals the
> benefits of those endeavors, this incentive would very likely
> be vitiated.

*Id.* (citation omitted). Indeed, the court said, compelling one firm to disclose proprietary

technical information to a competitor would, by discouraging research and innovation,

"encourag[e] the sluggishness the Sherman Act was designed to prevent." *Id.* at 282. The

"inherent uncertainties" of administering a rule requiring disclosure of information to

competitors "go far . . . towards explaining why no court has ever imposed the duty [the

plaintiff sought] to create. . . ." *Id.* at 282.

This Court reached the same conclusion in its recent decision dismissing

plaintiffs' essential facilities claim. *In re Microsoft, supra,* slip op. at 2. The impact on

innovation, and the difficulties of administration, of a rule of antitrust law based on a duty

to disclose technological innovations and proprietary information such as plaintiffs posit

would be the same whether the claim is based on the essential facilities doctrine or

monopolization under Section 2.

Thus, courts have recognized that the failure of an integrated company --

even if it has a monopoly -- to provide its intellectual property to competitors is not

predatory conduct for purposes of Section 2 of the Sherman Act. *Berkey,* 603 F.2d at 279-

85; *California Computer Products,* 613 F.2d at 744 ("IBM, assuming it was a monopolist,

had the right to redesign its products to make them more attractive to buyers. . . . It was

under no duty to help CalComp or other peripheral equipment manufacturers survive or

expand. IBM need not have provided its rivals with disk products to examine and copy. . .

."); *Data General Corp.* v. *Grumman Systems Support Corp.,* 761 F. Supp. 185, 191 (D.

Mass. 1991) (the advantage computer manufacturer has in the related market for diagnostics -- it "knows the system before it is released to the public and can begin development of a diagnostic earlier" -- is "the natural benefit of being a manufacturer"); *ILC Peripherals*, 458 F. Supp. at 437 ("Depriving IBM of its lead time would remove its incentive to invent."); *GAF Corp*, 519 F. Supp. at 1229 ("Even if a jury were to find that Kodak[] . . . violated § 2 by creating incompatibilities with existing products of its competitors, as a matter of law Kodak may not be held liable for its failure [to disclose its technology necessary to enable them to compete].").[7]

Thus, the law does not impose upon Microsoft an obligation to disclose information about its operating system to competitors in either the applications or operating system market. As one commentator recently put it: "No claim was made [in the government case against Microsoft], *nor could it have been under current interpretations of U.S. law*, that, simply because Microsoft was a monopolist controlling an industry standard, it had a general duty under Section 2 of the Sherman Act to disclose sufficient proprietary information to facilitate interoperability of applications software with Microsoft's operating system." Eleanor M. Fox, *What Is Harm to Competition? Antitrust, Exclusionary Practices, and Anticompetitive Effect*, 70 Antitrust L.J. 371, 396 (2002) (emphasis added).

**II.     Plaintiffs' Proposed Evidence Regarding the Duty to Disclose Should Be Excluded on the Basis That It Is Irrelevant.**

Rule 402 provides that "[e]vidence which is not relevant is not admissible." Rule 401 defines relevance as "evidence having any tendency to make the existence of any

---

[7]     As this Court pointed out in its recent essential facilities decision, the opinions in *California Computer Prods.* and *ILC Peripherals* did not mention the essential facilities doctrine at all. *In re Microsoft*, *supra*, slip op. at 2 n.2.

fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Plaintiffs' proposed exhibits and testimony relating to Microsoft's alleged failure to disclose information about its technology are not relevant to establishing that Microsoft engaged in predatory conduct in violation of Section 2 of the Sherman Act. The antitrust laws impose no duty to disclose that information, even if Microsoft is found to be a monopolist. Plaintiffs' proposed evidence regarding Microsoft's alleged duty to disclose should therefore be excluded.

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court grant this motion in limine excluding evidence relating to Microsoft's alleged failure to disclose confidential or proprietary information or innovations to its competitors.

Dated:  June 6, 2003

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
  WALKER & RHOADS LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Respectfully submitted,

By: _____
        David B. Tulchin
        Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2003, I caused a copy of the foregoing Microsoft's Motion in Limine to Exclude Evidence Relating to Its Alleged Failure to Disclose Confidential or Proprietary Information and accompanying public redacted memorandum to be served by hand-delivery upon:

> Michael D. Hausfeld
> COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
> 1100 New York Avenue, N.W.
> West Tower, Suite 500
> Washington, DC 20005

> Conor R. Crowley
> FINKELSTEIN, THOMPSON & LOUGHRAN
> 1050 30th Street, N.W.
> Washington, DC 20007

and by first class mail upon:

> Stanley M. Chesley
> WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
> 1513 Fourth & Vine Tower
> One West Fourth Street
> Cincinnati, OH 45202

Jeffrey D. Fleschman