UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, No. 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

### MICROSOFT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM OFFERING EXPERT TESTIMONY FROM RONALD S. ALEPIN CONCERNING CERTAIN ISSUES

Defendant Microsoft Corporation hereby moves this Court in limine, before trial and selection of a jury, for an order prohibiting plaintiffs and their counsel from offering expert testimony from Ronald S. Alepin concerning certain technical issues on the grounds that such testimony is precluded by Rules 26 and 37 of the Federal Rules of Civil Procedure because it would constitute opinions not adequately disclosed in Mr. Alepin's expert report.

This motion will be based upon the accompanying Memorandum of Law, the attached exhibits and the files and records of this action.

Dated: June 6, 2003

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
  WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Respectfully submitted,

By: /s/ David B. Tulchin
David B. Tulchin
Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, No. 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz<br><br>PUBLIC REDACTED<br>VERSION |

**MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION
IN LIMINE TO PRECLUDE PLAINTIFFS FROM OFFERING
EXPERT TESTIMONY FROM RONALD S. ALEPIN
CONCERNING CERTAIN ISSUES**

SULLIVAN & CROMWELL LLP
David B. Tulchin
Joseph E. Neuhaus
125 Broad Street
New York, New York 10004
(212) 558-4000

PIPER RUDNICK LLP
Michael F. Brockmeyer
Jeffrey D. Herschman
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

June 6, 2003

## TABLE OF CONTENTS

Page

BACKGROUND......................................................................................................................2

    A.     Mr. Alepin Fails to Identify the Basis for the Claim That Microsoft Disseminated Anticompetitive "FUD."........................................................2

    B.     Mr. Alepin Fails to Identify Any Facts Supporting His "Vaporware" Opinion. ..................................................................................3

    C.     Mr. Alepin Does Not Identify Any Opinion on, or Basis for, Alleged Intentional Incompatibilities.............................................................4

ARGUMENT .............................................................................................................................5

CONCLUSION ..........................................................................................................................7

## TABLE OF AUTHORITIES

### Cases

Page(s)

*Adams* v. *NVR Homes, Inc.*,
    142 F. Supp. 2d 649 (D. Md. 2001) ............................................................................... 5

*L.G. Balfour Co.* v. *FTC*,
    442 F.2d 1 (7th Cir. 1971) ............................................................................................. 3

*Licciardi* v. *TIG Ins. Group*,
    140 F.3d 357 (1st Cir. 1998) ......................................................................................... 6

*Lohnes* v. *Level 3 Communications, Inc.*,
    272 F.3d 49 (1st Cir. 2001) ........................................................................................... 6

*MCI Communications Corp.* v. *AT&T*,
    708 F.2d 1081 (7th Cir. 1983) ....................................................................................... 3

*S. States Rack & Fixture, Inc.* v. *Sherwin-Williams Co.*,
    318 F.3d 592 (4th Cir. 2003) ......................................................................................... 6

*Williams* v. *Burlington N. & Santa Fe Ry. Co.*,
    13 F. Supp. 2d 1125 (D. Kan. 1998) ............................................................................. 6

### Rules

Fed. R. Civ. P. 26(a)(2)(B) ................................................................................................... 5, 6

Fed. R. Civ. P. 37(c)(1) ......................................................................................................... 5, 6

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, No. 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz<br><br>PUBLIC REDACTED<br>VERSION |

### MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM OFFERING EXPERT TESTIMONY FROM RONALD S. ALEPIN CONCERNING CERTAIN ISSUES

Microsoft moves in limine to preclude plaintiffs from offering opinion testimony from Ronald S. Alepin, plaintiffs' putative technical expert,[1] regarding the failure of a clone of MS-DOS, known as DR DOS, to achieve commercial success. According to Mr. Alepin, DR DOS would have been a successful alternative to MS-DOS "but for" certain purported Microsoft conduct. As to three categories of conduct — Microsoft's supposed use of "Fear, Uncertainty and Doubt" ("FUD"), "vaporware," and intentional incompatibilities with versions of Windows — Mr. Alepin has failed in both his expert reports and in his deposition testimony to set forth any factual basis for his opinions. Moreover, although Mr. Alepin claims to be prepared to offer certain opinions at trial on those subjects, he has failed to identify adequately those opinions, or the basis for them, in

---

[1] Although Alepin purports to be an expert and opines on a number of matters within the field of computer science, Alepin does not have a college degree in computer science (or, indeed, in any other subject matter), has taken but one college-level course in computer science, has *never* published in the field, and has *never* presented at any academic conference or even taught a course in computer science.

either his expert reports or his deposition. The Federal Rules do not permit this type of gamesmanship and his opinions on these subjects should be excluded.

## BACKGROUND

Mr. Alepin has provided two expert reports: a "Technology Report," dated August 29, 2002 ("Tech Rep."), attached hereto as Exhibit A and a "Rebuttal Report," dated November 4, 2002 ("Rebuttal Rep."), attached hereto as Exhibit B. In these reports, Mr. Alepin claims

(Exh. B (Rebuttal Rep.) at 4.)

According to Mr. Alepin, as its response to DR DOS, Microsoft (i)

(Exh. A (Tech. Rep.) at 37-39), (ii)

(*id*. at 36-37), and (iii)

(Transcript of January 21-22, 2003 Deposition of Ronald S. Alepin ("Dep. Tr."), attached hereto as Exhibit C, at 417-18.) Mr. Alepin's reports provide no facts on which these opinions are based. At deposition, Mr. Alepin revealed that he had no facts at hand which might support his opinions on these subjects.

### A. Mr. Alepin Fails to Identify the Basis for the Claim That Microsoft Disseminated Anticompetitive "FUD."

In his report, Mr. Alepin opined

(Exh. A (Tech. Rep.) at 37-39.)

His report fails to identify any such wrongful statements. Further, when Microsoft asked Mr. Alepin at deposition to identify any *misleading* statements about DR DOS, Mr. Alepin

had no response, stating only:                                                            (*Id.* at 392.) When

asked what *false* information Microsoft disseminated about DR DOS, Mr. Alepin again

said:                                                            (*Id.* at 394.)[2/]

   **B.   Mr. Alepin Fails to Identify Any Facts Supporting His "Vaporware" Opinion.**

According to Alepin's Technology Report,




(Exh. A (Tech. Rep.) at 36.) Yet, for

Microsoft's pre-announcement to be wrongful under the antitrust laws, Microsoft must

have, among other things, known at the time of the announcement that the product would

not be ready for release on the date announced. *See MCI Communications Corp.* v. *AT&T*,

708 F.2d 1081, 1129 (7th Cir. 1983) ("AT&T's early announcement of Hi-Lo must be

found to be knowingly false before it can amount to an exclusionary practice").

Mr. Alepin could not identify the originally announced release date for MS-DOS

5.0, and could not identify *even one fact* supporting any assertion that Microsoft knew at

the time of the announcement that the release date was unrealistic:




---

[2/]




(Exh. C (Dep. Tr.) at 389-92, 395.) By definition, however, the dissemination of truthful information cannot be wrongful conduct,

(*Id.* at 389); *see L.G. Balfour Co.* v. *FTC*, 442 F.2d 1, 24 (7th Cir. 1971) (holding

(Exh. C (Dep. Tr.) at 380.)

      **C.    Mr. Alepin Does Not Identify Any Opinion on, or Basis for, Alleged Intentional Incompatibilities.**

At deposition, Mr. Alepin testified

(Exh. C (Dep. Tr.) at 417-18.) Further, at deposition Mr. Alepin did not disclose his opinions on these technical problems,

---

that telling the truth about a competitor is lawful even if it "perpetuates the dominance of a monopolist").

(*Id.* at 418.)

## ARGUMENT

Because effective cross-examination requires pre-trial discovery of both the expert's opinions and the facts and data underlying those opinions, Federal Rule of Civil Procedure 26(a)(2)(B) provides, in pertinent part, that a testifying expert must provide a report that "shall contain a *complete* statement of *all* opinions to be expressed and the basis and reasons therefore" as well as "the data or other information considered by the [expert] in forming the opinions . . . ." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). The Advisory Committee Notes to Rule 26(a)(2) explain that the Rule ensures that the parties have "a reasonable opportunity to prepare an effective cross-examination" by requiring that expert reports "set forth the substance of the direct examination," and "be written in a manner that reflects the testimony to be given by the witness." Here, Mr. Alepin's report contains little and, in most cases, nothing about a number of issues that he claims he is prepared to opine on at trial.

Federal Rule of Civil Procedure 37(c)(1) provides that a party's failure without substantial justification to set out in full the anticipated areas of expert testimony in an expert report results in preclusion of that evidence at trial. *See Adams* v. *NVR Homes, Inc.*, 142 F. Supp. 2d 649, 652-53 (D. Md. 2001) (Harvey, J.) (excluding expert opinions not disclosed until after the close of discovery as prejudicial to opposing party's preparation of

their defense); *see also Lohnes* v. *Level 3 Communications, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001) ("The expert disclosure requirements are not merely aspirational, and courts must deal decisively with a party's failure to adhere to them.").

In accordance with Fed. R. Civ. P. 37(c)(1), courts have thus precluded experts from offering opinions on subjects that were not properly disclosed in their expert reports. *See, e.g., Licciardi* v. *TIG Ins. Group*, 140 F.3d 357, 363-67 (1st Cir. 1998) (testimony of expert that was, among other things, beyond the scope of his expert report should have been excluded); *Williams* v. *Burlington N. & Santa Fe Ry. Co.*, 13 F. Supp. 2d 1125, 1127 (D. Kan. 1998) ("Pursuant to Fed. R. Civ. P. 26(a)(2)(B) and 37(c)(1), any opinions not expressed in [expert's] written reports must be excluded from this case."). No finding of bad faith is required to warrant exclusion of these previously undisclosed opinions. *S. States Rack & Fixture, Inc.* v. *Sherwin-Williams Co.*, 318 F.3d 592, 597-98 (4th Cir. 2003).

There is no good reason, let alone substantial justification, to depart from the strictures of the Federal Rules here. Plaintiffs have had ample time to find an expert to opine on these three issues but Mr. Alepin failed to offer opinions for which he had any factual basis or support. Under these circumstances, he ought not to be permitted to offer opinions at trial on those subjects.

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court preclude Ronald S. Alepin from offering opinions at trial as to: (1) the alleged campaign of FUD of DR DOS; (2) the supposed pre-announcement of MS-DOS 5.0; (3) the alleged intentional incompatibilities between DR DOS and Windows 3.1, specifically, the nested task flag, XMS module, Protman.DOS, Hangeul Windows, Bambi, and SmartDRV; and (4) any opinion not set forth in his Reports.

Dated: June 6, 2003

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
  WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Respectfully submitted,

By: _/s/ David B. Tulchin_
   David B. Tulchin
   Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2003, I caused a copy of the foregoing Microsoft's Motion in Limine to Preclude Plaintiffs from Offering Expert Testimony from Ronald S. Alepin Concerning Certain Issues and accompanying public redacted memorandum to be served by hand-delivery upon:

>Michael D. Hausfeld
>COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
>1100 New York Avenue, N.W.
>West Tower, Suite 500
>Washington, DC  20005

>Conor R. Crowley
>FINKELSTEIN, THOMPSON & LOUGHRAN
>1050 30th Street, N.W.
>Washington, DC  20007

and by first class mail upon:

>Stanley M. Chesley
>WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
>1513 Fourth & Vine Tower
>One West Fourth Street
>Cincinnati, OH  45202

Jeffrey D. Herschman