UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE ORDER STRIKING JEAN-LOUIS GASSEE AS A TRIAL WITNESS**

David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*
*(additional counsel listed on signature page)*

June 19, 2003

## TABLE OF CONTENTS

**Page**

ARGUMENT ..................................................................................................................2

    1.    Plaintiffs Have Demonstrated No Basis for Reconsideration of the Court's May 27 Order. ..................................................................................2

    2.    Even if the Court Were to Reconsider Its May 27 Order, That Order Was Not Erroneous ..............................................................................4

CONCLUSION .............................................................................................................6

# TABLE OF AUTHORITIES

**<u>Page</u>**

## CASES

*Beck* v. *Communications Workers of America*,
　468 F. Supp. 93 (D. Md. 1979) .................................................................................3

*Hannah* v. *Roadway Express, Inc.*,
　200 F.R.D. 651 (D. Colo. 2001) ...............................................................................2

*Heath* v. *Massey-Ferguson Parts Co.*,
　869 F. Supp. 838 (E.D. Wis. 1994) *rev'd on other grounds sub. nom Heath* v.
　*Varity Corp.*, 73 F.3d 256 (7th Cir. 1995),. .............................................................3

*Maran Coal Corp.* v. *Societe Generale de Surveillance, S.A.*,
　No. 92 Civ. 8728, 1996 WL 11230 (S.D.N.Y. Jan. 10, 1986) ..................................3

*Niebur* v. *Town of Cicero*, 212 F. Supp. 2d 790 (N.D. Ill. 2002) ....................................3

*Virgin Atlantic Airways* v. *National Mediation Board*,
　956 F.2d 1245 (2d Cir. 1992) ...................................................................................2

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*, 1:00 cv02117

MDL Docket No. 1332
Hon. J. Frederick Motz

**MICROSOFT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
FOR RECONSIDERATION OF THE ORDER STRIKING
JEAN-LOUIS GASSEE AS A TRIAL WITNESS**

The stipulated pretrial schedule approved by the Court on March 21 gave each party the right to depose any designated trial witness who had not previously been deposed in this case.

In May, after it appeared that plaintiffs would not unconditionally produce Mr. Gassée for deposition promptly, Microsoft moved to compel plaintiffs to produce for deposition Mr. Gassée and two other previously-undeposed designated trial witnesses. In response to this motion, Mr. Gassée and Be, Inc. filed a memorandum on May 19 informing the Court, *inter alia*, that Mr. Gassée had expressly conditioned his agreement to testify at trial on his not being deposed in this case, and would refuse to appear at trial if forced to submit to a deposition by either side. Prior to this filing, Microsoft had no knowledge of these facts.

On May 27, the Court ordered that plaintiffs "may not present [Gassée] as a witness at trial as a volunteer." The Court's May 27 Order recognizes that "it would be

unfair to Microsoft for Mr. Gassée to appear as a trial witness voluntarily without Microsoft having been given the opportunity to take a discovery deposition of him in the consumer litigation."

Plaintiffs raise no legal grounds for reconsideration of the Court's Order. Rather, plaintiffs complain that they will suffer "extreme prejudice if Mr. Gassée is not allowed to testify at trial, either by deposition or as a live witness." (Pls. Br. at 3, 7.) But any "prejudice" to plaintiffs results solely from the fact that they made a secret deal with Mr. Gassée, which operated to *prejudice Microsoft* by depriving it of the opportunity to obtain a discovery deposition of him. Having made a deal that Mr. Gassée would come to trial only if there were no deposition, plaintiffs then gambled by foregoing their own deposition of Mr. Gassée (to preserve his testimony) -- instead apparently hoping that they could call Mr. Gassée at trial without exposing him to a discovery deposition. Under these circumstances, no reconsideration of the Court's Order is warranted.

**ARGUMENT**

1. **Plaintiffs Have Demonstrated No Basis for Reconsideration of the Court's May 27 Order.**

As an initial matter, a motion for reconsideration "is not . . . a method for obtaining a second bite at a previously unsuccessful apple." *Hannah* v. *Roadway Express, Inc.*, 200 F.R.D. 651, 654 (D. Colo. 2001). Instead, "[t]he major grounds justifying reconsideration [of a prior ruling or order] are 'an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or manifest injustice.'" *Virgin Atlantic Airways* v. *Nat'l Mediation Bd.* 956 F.2d 1245, 1255 (2d Cir. 1992).

Plaintiffs have demonstrated none of these grounds. They raise no new law and no new evidence. Instead, they appear to contend that they cannot be "sanctioned" under Rule 37(b) of the Federal Rules of Civil Procedure because they did not violate the Pretrial Order. (Pls. Opening Br. at 4-6.)

This is a red herring. Rule 37 is not, as plaintiffs assert, "the standard for precluding a witness at trial" (*id*. at 5), and the Court has not imposed any Rule 37 sanction. The Court has broad authority to control and restrict the presentation of voluntary trial witnesses in circumstances like those presented here. *See, e.g., Heath* v. *Massey-Ferguson Parts Co.*, 869 F. Supp. 838, 839 (E.D. Wis. 1994) (any witness who did not submit to a pre-trial deposition would not be allowed to testify at trial), *rev'd on other grounds sub. nom. Heath* v. *Varity Corp.*, 73 F.3d 256 (7th Cir. 1995); *Maran Coal Corp.* v. *Societe Generale de Surveillance, S.A.*, No. 92 Civ. 8728, 1996 WL 11230 at *2 (S.D.N.Y. Jan. 10, 1986) (defendant prohibited from calling non-party witnesses at trial unless they agreed to appear and testify during plaintiffs' case in chief). That authority does not rest on a finding of sanctionable conduct. *See Niebur* v. *Town of Cicero*, 212 F. Supp. 2d 790, 806 (N.D. Ill. 2002) (even if the defendant exercised no control over uncooperative trial witness, decision to exclude testimony would not have been error).

In reality, plaintiffs simply seek a second bite at the proverbial apple. Indeed, plaintiffs rely again on the very arguments they asserted in their response to Microsoft's motion to compel. Plaintiffs' motion for reconsideration fails for that reason alone. *See Beck* v. *Communications Workers of America*, 468 F. Supp. 93, 95 (D. Md. 1979) (motion to reconsider would be denied where the court had already considered all arguments contained therein in reaching its initial decision).

## 2. Even if the Court Were to Reconsider Its May 27 Order, That Order Was Not Erroneous

Even if the Court were to consider plaintiffs' "second bite," it has no more merit than their first.

Plaintiffs contend they will suffer "extreme prejudice" if Mr. Gassée does not testify at trial, either as a live witness or by deposition. Any prejudice to plaintiffs is a direct result of their own secret deal with Mr. Gassée -- not any conduct on the part of Microsoft or any order of the Court.

Plaintiffs had an opportunity to depose Mr. Gassée before the close of discovery in this case and, in fact, at one point made efforts to do so. (Small Decl., attached as Exhibit A to Pls. Opening Br., ¶ 5.) Mr. Gassée, however -- unknown to Microsoft -- told plaintiffs that "he would not voluntarily testify at trial" if he was deposed in this action. (*Id.*) Plaintiffs decided to gamble: Instead of deposing Mr. Gassée and preserving his testimony, plaintiffs placed him on their witness list after deliberately passing up the opportunity to take his deposition during the period of fact discovery. It may be unfortunate for plaintiffs that the "risk" of this gamble was not "understood" or "contemplated" by them (Pls. Opening Br. at 2-3, 7, n.4.), but that is neither Microsoft's fault nor a reason for the Court to retract its Order.[1]

---

[1]   Plaintiffs assert that they are being penalized for "Microsoft's failure to depose Mr. Gassée" at the time "fact discovery in the end-user cases" was taking place. (*Id.* at 7.) Of course, it was not Microsoft's responsibility to guess at who conceivably might appear on plaintiffs' trial witness list. That is why the Pretrial Order expressly provided that each side was entitled to take the deposition of any designated trial witnesses who had not previously been deposed.

Plaintiffs attempt now to escape the consequences of their decision by asking the Court to compel Microsoft to (1) depose Mr. Gassée in the *Be* case in July or August, "with Microsoft having the opportunity to ask any questions regarding Mr. Gassée's communications with end-user counsel," or (2) secure Mr. Gassée's deposition in this action before the start of trial "so that his deposition testimony can be designated for that trial." (Pls. Opening Br. at 1-2.) Plaintiffs have it exactly backwards. Mr. Gassée has resolved to withdraw as a trial witness if compelled to appear for a deposition in this action. (Response of Be, Inc. and Gassée to Motion to Compel, at 3.) Microsoft has no interest in taking Mr. Gassée's deposition in this case if he is not to testify at trial.

Microsoft is not ready to and does not seek to take Mr. Gassée's deposition out of sequence and on a rushed schedule in the *Be* case. Plaintiffs here ought not to be able to dictate how Microsoft conducts its defense in the *Be* case.[2]

---

[2] Plaintiffs assert that Microsoft must be ready to depose Mr. Gassée in the *Be* case because it made an unsuccessful attempt -- before learning of the deal plaintiffs struck with Mr. Gassée -- to subpoena him for a June 5 deposition. (Pls. Opening Br. at 3.) As plaintiffs know, but neglected to tell the Court, that subpoena was issued *in this case only*, to examine Mr. Gassée *in this case only*, in response to plaintiffs' demand that Microsoft formally notice the deposition in conjunction with its motion to compel plaintiffs to produce Mr. Gassée.

## CONCLUSION

Plaintiffs' motion for reconsideration should be denied.

Dated: June 19, 2003

Respectfully submitted,

*Of Counsel:*

BY: _____
David B. Tulchin

Charles B. Casper
MONTGOMERY, McCRACKEN,
  WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2003, I caused a copy of the foregoing Memorandum in Opposition to Plaintiffs' Motion for Reconsideration of the Order Striking Jean-Louis Gassée as a Trial Witness to be served upon the following by facsimile and by United States Mail, first class, postage prepaid:

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
(facsimile no.: 202-408-4699)

Conor R. Crowley
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, N.W.
Washington, D.C.  20007
(facsimile no.: 202-337-8090)

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH  45202
(facsimile no.: 513-621-0262)

Parker C. Folse, III, Esq.
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3100
Seattle, Washington 98101
(facsimile no.: 206-516-3883)

_____
Jeffrey D. Herschman