UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth v. Microsoft Corp.*, No 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE TO EXCLUDE REFERENCE TO ANY EVIDENCE
THAT IS INCONSISTENT WITH THE FINDINGS OF FACT THAT HAVE
BEEN ACCORDED COLLATERAL ESTOPPEL TREATMENT**

SULLIVAN & CROMWELL LLP
David B. Tulchin
Joseph E. Neuhaus
125 Broad Street
New York, New York 10004
(212) 558-4000

PIPER RUDNICK LLP
Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

July 2, 2003

- i -

## TABLE OF CONTENTS

Page

Introduction ........................................................................................................................... 1

Background ........................................................................................................................... 2

Argument............................................................................................................................... 2

CONCLUSION ..................................................................................................................... 5

## TABLE OF AUTHORITIES

Page

### *Cases*

*In re Microsoft Antitrust Litig.*,
   232 F. Supp. 2d 534 (D. Md. 2002) ................................................................. 4

*Mugno v. Casale*,
   No. CIV.A. 96-6228, 1997 WL 152793
   (E.D. Pa. Mar. 28, 1997) ................................................................................. 3

*Uebersee Finanz-Korporation, A.G. v. Brownell*,
   121 F. Supp. 420 (D.D.C. 1954) ..................................................................... 4

*United States v. Bennett*,
   836 F.2d 1314 (11th Cir. 1988) ....................................................................... 4

*United States v. Brackett*,
   113 F.3d 1396 (5th Cir. 1997) ........................................................................ 4

*United States v. Fiel*,
   35 F.3d 997 (4th Cir. 1994) ............................................................................. 4

*United States v. Rivera*,
   77 F.3d 1348 (11th Cir. 1996) ..................................................................... 3-4

*United States v. Woodward*,
   482 F. Supp. 953 (W.D. Pa. 1979) ............................................................... 4,5

### *Rules*

Fed. R. Evid. 401 ........................................................................................................... 3

Fed. R. Evid. 402 ........................................................................................................... 3

Fed. R. Evid. 403 ........................................................................................................... 3

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth v. Microsoft Corp.*, No 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE TO EXCLUDE REFERENCE TO ANY EVIDENCE
THAT IS INCONSISTENT WITH THE FINDINGS OF FACT THAT HAVE
BEEN ACCORDED COLLATERAL ESTOPPEL TREATMENT**

**Introduction**

Plaintiffs seek to preclude Microsoft from introducing evidence that is "inconsistent" with any finding of fact to which this Court applies collateral estoppel or offering "comment or argument on evidence that is inconsistent" with those estopped findings. (Pls. Mem. at 1-2.) Plaintiffs make no effort to explain what they seek to preclude, thus leaving the Court and Microsoft to speculate as to what evidence might be precluded. Further, this Court has not yet determined how collateral estoppel will be applied and the parties have not even conferred as to how this might be accomplished. The Court should deny plaintiffs' broad motion and make any rulings at trial with respect to specific proposed evidence or, at the least, once the Court determines exactly how to implement any collateral estoppel ruling.

-2-

**Background**

Plaintiffs seek to preclude Microsoft from introducing evidence that is "inconsistent" with any finding of fact to which this Court applied collateral estoppel. (Pls. Mem. at 1-2.) Plaintiffs do not explain this "inconsistent" standard, and it is manifestly unfair to force Microsoft to speculate as to what evidence plaintiffs seek to preclude.

The Hon. Bruce A. Peterson in Minnesota recently noted the "injustices" that could inure to Microsoft in the application of collateral estoppel to the findings of fact from the Government Case, and suggested that these risks could be could be ameliorated "by making sure Microsoft has had adequate opportunity to argue the context" of the findings of fact, and "by jury instructions that . . . put in context what these findings are." *Gordon et al.* v. *Microsoft Corporation*, Case File No. 00-005995 (Minn. Dist. Ct. Hennepin Cty.) (Peterson, J.) (June 12, 2003 Tr. at 58, lines 10-16 (attached hereto as Exhibit A)).

**Argument**

The Court has not yet determined exactly how, as a practical matter, its ruling on collateral estoppel will be applied -- including which of the findings covered by the Court's previous rulings are relevant to the issues in this case -- and plaintiffs offer no views as to how it should be. The Court should therefore deny plaintiffs' motion and make any rulings at trial with respect to specific proposed

evidence or, at the least, once the Court determines exactly how to implement any collateral estoppel ruling.[1]

In any event, plaintiffs' proposed standard -- that any evidence "inconsistent" with the findings of fact from the Government case should be excluded -- would preclude Microsoft from offering evidence plainly relevant to the issues in this case. Under Fed. R. Evid. 401, "relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence." Evidence used to disprove an issue or finding of fact on which Microsoft is estopped would be properly excluded as irrelevant, because estopped issues and facts are not "of consequence to the determination of the action." *Id.*; *see* Fed. R. Evid. 402, 403; *Mugno* v. *Casale*, No. CIV.A. 96-6228, 1997 WL 152793, at *6 (E.D. Pa. Mar. 28, 1997) ("if the doctrine of collateral estoppel precludes consideration of a factual issue, that issue is not a fact to be determin[ed] at trial").

Microsoft, however, should not be precluded from presenting evidence at trial that is arguably "inconsistent" with a finding of fact to prove other issues that are indeed of consequence to this action. Collateral estoppel "does not bar introduction of all evidence, but merely the prosecution or argumentation of facts *necessarily established* by an earlier final judgment." *United States* v. *Rivera*,

---

[1] The United States Court of Appeals for the Fourth Circuit has not yet ruled on Microsoft's petition for review of this Court's decision on collateral estoppel pursuant to 28 U.S.C. § 1292(b). If the appeals court grants the petition, its eventual rulings may affect which findings from the Government Case will be entitled to collateral estoppel treatment.

77 F.3d 1348, 1352 (11th Cir. 1996) (emphasis supplied) (citing *United States* v. *Bennett*, 836 F.2d 1314, 1316 (11th Cir. 1988)). As this Court has already made clear, "[n]othing in the government case against Microsoft demonstrates that the consumer plaintiffs . . . suffered [injury-in-fact and antitrust injury]." *In re Microsoft Antitrust Litig.*, 232 F. Supp. 2d 534, 538 (D. Md. 2002). Microsoft therefore, at the very least, may offer at trial evidence that is "inconsistent" with an estopped finding of fact to prove or disprove issues of causation, injury and damages. *See, e.g., Uebersee Finanz-Korporation, A.G.* v. *Brownell*, 121 F. Supp. 420, 425 (D.D.C. 1954) ("previous findings and conclusions operate as an estoppel as to all issues framed, without prejudice to the right of either party to offer additional evidence on issues raised supplemental to, but not contradictory of, such determinations"); *United States* v. *Brackett*, 113 F.3d 1396, 1400 (5th Cir. 1997) (collateral estoppel may bar "the admission or argumentation of *facts* necessarily decided in the first trial," but it does not estop the introduction of the same evidence for another legal element); *United States* v. *Woodward*, 482 F. Supp. 953, 956 (W.D. Pa. 1979) (collateral estoppel "does not prohibit the admission of the same evidence at the second trial, but only prohibits the relitigation of issues conclusively decided") (citations omitted). Plaintiffs' proposed standard is therefore both ill defined and impermissibly overbroad.

      Plaintiffs cite no authority that prevents Microsoft from offering evidence that might be "inconsistent" with the findings of fact from the Government Case. The sole authority relied upon by plaintiffs, *United States* v. *Fiel*, 35 F.3d 997, 1006-07 (4th Cir. 1994) does not support such a standard. Indeed, the word

"inconsistent" does not even appear in that opinion, which deals primarily with the question whether certain findings of fact were necessary to a prior judgment. *Id.*

In any event, because the contours of the practical application of collateral estoppel in this action are unclear, a ruling on this motion should await this Court's decision on how to apply collateral estoppel.

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court deny plaintiffs' motion seeking to preclude Microsoft from offering evidence that is "inconsistent" with any Finding of Fact to which collateral estoppel is applied.

Dated: July 2, 2003

Respectfully submitted,

By: /s/ David B. Tulchin
David B. Tulchin
Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2003, I caused a copy of the foregoing Microsoft's Memorandum in Opposition to Plaintiffs' Motion in Limine to Exclude Reference to Any Evidence That is Inconsistent With the Findings of Fact that Have Been Accorded Collateral Estoppel Treatment to be served upon the following by Federal Express:

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH  45202

Michael F. Brockmeyer