UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.,* No. 1:00cv02117

MDL Docket No. 1332
Hon. J. Frederick Motz

Public Version

### MICROSOFT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE SEEKING TO PRECLUDE MICROSOFT'S EXPERTS FROM TESTIFYING AT TRIAL

MONTGOMERY, McCRACKEN,
  WALKER & RHOADS, LLP
Charles B. Casper
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

MICROSOFT CORPORATION
Richard J. Wallis
Steven J. Aeschbacher
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

July 2, 2003

SULLIVAN & CROMWELL LLP
David B. Tulchin
Michael Lacovara
125 Broad Street
New York, New York 10004
(212) 558-4000

PIPER RUDNICK LLP
Michael F. Brockmeyer
Jeffrey D. Herschman
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

## TABLE OF CONTENTS

<u>Page</u>

ARGUMENT ...................................................................................................... 3

  I.  Robert Hall's Testimony Is Relevant and Reliable ............................... 4

  II.  Sharon Oster's Testimony Is Relevant and Reliable ........................... 8

  III.  Kevin Murphy's Testimony Is Relevant and Reliable ...................... 12

  IV.  Ernst Berndt's Testimony Is Relevant and Reliable .......................... 15

  V.  Chris Kemerer's Testimony Is Relevant and Reliable ...................... 17

  VI.  Raymond Ball's Testimony Is Relevant and Reliable ...................... 20

  VII.  Clement Krouse's Testimony Is Relevant and Reliable ................... 24

  VIII.  Michael Koehn's Testimony Is Relevant and Reliable ..................... 26

CONCLUSION .................................................................................................. 28

# TABLE OF AUTHORITIES

<u>Page(s)</u>

## *Cases*

*Benedi* v. *McNeil-P.P.C., Inc.*, 66 F.3d 1378 (4th Cir. 1995) .......................... 3

*Berkey Photo, Inc.* v. *Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979) ..................... 6

*Cavallo* v. *Star Enter.*, 100 F.3d 1150 (4th Cir. 1996) ................... 8

*Data Gen. Corp.* v. *Grumman Sys. Support Corp.*,
  36 F.3d 1147 (1st Cir. 1994) ................................................. 17

*Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) ........................ 3, 8, 19, 27

*DiPirro* v. *United States*, 43 F. Supp. 2d 327 (W.D.N.Y. 1999) ................................ 15

*Kumho Tire Co.* v. *Carmichael*, 526 U.S. 137 (1999) .............................. 3, 4, 7, 11, 19

*Md. Cas. Co.* v. *Therm-O-Disc, Inc.*, 137 F.3d 780 (4th Cir. 1998) ............................ 3

*Nalder* v. *W. Park Hosp.*, 254 F.3d 1168 (10th Cir. 2001) .................................... 15, 24

*TFWS, Inc.* v. *Schaefer*, 325 F.3d 234 (4th Cir. 2003) .................................. 23

*United States* v. *Barnette*, 211 F.3d 803 (4th Cir. 2000) ................................ 3

*United States* v. *Crisp*, 324 F.3d 261 (4th Cir. 2003) ...................................... 7

*United States* v. *Microsoft Corp.*, 84 F. Supp. 2d 9 (D.D.C. 1999),
  *rev'd in part, aff'd in part, and vacated*, 253 F.3d 34 (D.C. Cir.),
  *cert. denied*, 534 U.S. 952 (2001) ............................................ 9

*Westberry* v. *Gislaved Gummi AB*, 178 F.3d 257 (4th Cir. 1999) ................................ 3

## *Rules*

Fed. R. Evid. 702.......................................................................... 13, 19

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.,* No. 1:00cv02117

MDL Docket No. 1332
Hon. J. Frederick Motz

## MICROSOFT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE SEEKING TO PRECLUDE MICROSOFT'S EXPERTS FROM TESTIFYING AT TRIAL

On June 6, 2003, in addition to a barrage of other motions *in limine*, plaintiffs filed

motions to exclude the testimony of each of the eight experts Microsoft has designated as

potential trial witnesses. These motions, some of which are nothing more than cursory

"boilerplate" filings and none of which has merit, were "farmed out" to a number of

different law firms and, Microsoft suspects, were prepared principally to harass and occupy

the time and energy of an adversary. Each motion should be denied.

In addition to their individual defects, a common flaw infects all plaintiffs' motions

seeking to preclude Microsoft's experts from testifying at trial: they confuse motions *in

limine* and cross-examination or impeachment at trial. The core of each motion is

argument regarding the merits of Microsoft's experts' conclusions and the weight that

should be given to each expert's testimony. But deciding what weight should be given to

an expert's testimony is, of course, a task for the jury. On a motion *in limine* directed to an

expert's testimony, the Court's function is to ensure that the proffered testimony satisfies a

threshold showing of relevance and reliability. If that threshold is met, it is left to

plaintiffs at trial to seek to impeach the witness through cross-examination or testimony, and ultimately left to the jury to determine the proper weight to be given to the testimony.

The indiscriminate attack on every one of Microsoft's experts itself betrays the lack of merit to plaintiffs' motions. By plaintiffs' account, Microsoft should be precluded from offering any expert testimony at all, even that designed to rebut plaintiffs' own experts. As described in detail below, the testimony of each Microsoft expert satisfies the requirements of relevance and reliability, and responds directly to assertions made by plaintiffs and their experts. All Microsoft's experts are men and women of high achievement in the academic world, and all have obtained great distinction in their fields. They are as follows:

|  | Affiliation | Publications | Litigated Cases in Which Witness Has Testified (Last 5 Years) |
|---|---|---|---|
| Robert Hall | Professor, Stanford University | 8 books and more than 30 articles | 9 |
| Sharon Oster | Professor, Yale University | 3 books and more than 30 articles | 7 |
| Kevin Murphy | Professor, University of Chicago | 1 book and more than 50 articles | 7 |
| Ernst Berndt | Professor, Massachusetts Institute of Technology | 12 books and more than 100 articles | 2 |
| Chris Kemerer | Professor, University of Pittsburgh | 2 books and more than 40 articles | 0 |
| Raymond Ball | Professor, University of Chicago & London Business School | 4 books and more than 60 articles | 7 |
| Clement Krouse | Professor, University of California, Santa Barbara | 2 books and more than 15 articles | 0 |
| Michael Koehn | Founder, Analysis Group | 3 books and more than 10 articles | 5 |

Plaintiffs' motions should be denied.

## ARGUMENT

Our adversary system assigns to the jury the role of "decid[ing] among the conflicting views of different experts." *Kumho Tire Co.* v. *Carmichael*, 526 U.S. 137, 153 (1999). *See also Benedi* v. *McNeil-P.P.C., Inc.*, 66 F.3d 1378, 1385 (4th Cir. 1995) ("jury's role to assess the weight and credibility" of expert evidence). As the Supreme Court explained in its seminal decision regarding expert testimony, "the traditional and appropriate means" of contesting an expert's testimony before the jury are "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

The trial court's role in assessing whether an expert's testimony is admissible is, therefore, limited in scope and different in kind. "[T]he Rules of Evidence . . . assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. This gate-keeping role does not require assessing whether an expert's testimony "is irrefutable or certainly correct." *Westberry* v. *Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). Instead, the court need determine only whether an expert's testimony falls within "the range where experts might reasonably differ." *Kumho Tire*, 526 U.S. at 153. *See also United States* v. *Barnette*, 211 F.3d 803, 816 (4th Cir. 2000) (expert testimony admissible "[a]bsent evidence indicating more than . . . a disagreement between professionals").

*Daubert* requires trial courts to make a "'preliminary assessment' of whether the proferred testimony is both reliable (i.e. based on 'scientific knowledge') and helpful (i.e. of assistance to the trier of fact in understanding or determining a fact in issue)." *Md. Cas. Co.* v. *Therm-O-Disc, Inc.*, 137 F.3d 780, 783 (4th Cir. 1998) (quoting *Daubert*, 509 U.S. at 592). The overriding consideration is to "make certain that an expert . . . employs in the

courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152.

As described below, each expert's proposed testimony easily satisfies these standards, and permitting them to testify at trial will assist the jury in reaching a fully informed and fair result.

**I.     Robert Hall's Testimony Is Relevant and Reliable.**

---

1

2

3

II.     **Sharon Oster's Testimony Is Relevant and Reliable**

4

.

---
5

---

6

**III.    Kevin Murphy's Testimony Is Relevant and Reliable**

7

8

**IV.    Ernst Berndt's Testimony Is Relevant and Reliable.**

10

**V.**     **Chris Kemerer's Testimony Is Relevant and Reliable**

[11]

[12]

**VI.     Raymond Ball's Testimony Is Relevant and Reliable.**

---

13

14

15

16

**VII.    Clement Krouse's Testimony Is Relevant and Reliable.**

18

**VIII.    Michael Koehn's Testimony Is Relevant and Reliable.**

## CONCLUSION

Plaintiffs' motions *in limine* regarding Microsoft's experts are each wholly without

merit and verge on the frivolous.  They should be denied.

Dated:  July 2, 2003                                    Respectfully submitted,

*Of Counsel*:                                           By:  *David B. Tulchin*
                                                             David B. Tulchin
Charles B. Casper                                            Michael Lacovara
MONTGOMERY, McCRACKEN,                                  SULLIVAN & CROMWELL LLP
  WALKER & RHOADS, LLP                                  125 Broad Street
123 South Broad Street                                  New York, New York 10004
Philadelphia, Pennsylvania 19109                        (212) 558-4000
(215) 772-1500

Richard J. Wallis                                       Michael F. Brockmeyer
Steven J. Aeschbacher                                   (Fed. Bar No. 02307)
MICROSOFT CORPORATION                                   Jeffrey D. Herschman
One Microsoft Way                                       (Fed. Bar. No. 00101)
Redmond, Washington 98052                               PIPER RUDNICK LLP
(425) 936-8080                                          6225 Smith Avenue
                                                        Baltimore, Maryland 21209-3600
                                                        (410) 580-3000

                                                        *Attorneys for Microsoft Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2003, I caused a copy of the foregoing Microsoft's Memorandum in Opposition to Plaintiffs' Motions in Limine Seeking to Preclude Microsoft's Experts From Testifying At Trial (Public and Confidential Versions) to be served upon the following by overnight courier:

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202

_____
Michael F. Brockmeyer