UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, No. 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS FROM OFFERING EXPERT TESTIMONY FROM RONALD S. ALEPIN CONCERNING CERTAIN ISSUES**

SULLIVAN & CROMWELL LLP
David B. Tulchin
Michael Lacovara
125 Broad Street
New York, New York 10004
(212) 558-4000

PIPER RUDNICK LLP
Michael F. Brockmeyer
  (Fed Bar No.02307)
Jeffrey D. Herschman
  (Fed Bar No. 00101)
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

July 16, 2003

*Attorneys for Microsoft Corporation*

## TABLE OF CONTENTS

Page

ARGUMENT ........................................................................................................................2

    I.    The Federal Rules Do Not Support Plaintiffs' Distinction Between Expert "Opinion" and "Explanation" and Require Full Disclosure of the Subjects of Expert Testimony. ...............................2

    II.    The Court Should Preclude Mr. Alepin's Testimony Regarding Subjects Not Set Forth In His Report. .........................................5

CONCLUSION ....................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams* v. *NVR Homes, Inc.*,
   142 F. Supp. 2d 649 (D. Md. 2001) ................................................................................ 5

*S. States Rack & Fixture, Inc.* v. *Sherwin-Williams Co.*,
   318 F.3d 592 (4th Cir. 2003) ................................................................................... 5, 7

*Salas* v. *Carpenter*,
   980 F.3d 299 (9th Cir. 1992) ............................................................................................ 2

**Rules**

Fed. R. Civ. P. 26(a)(2)(B) ..................................................................................................... 1, 2

Fed. R. Civ. P. 37(c)(1) ........................................................................................................... 5, 7

**Miscellaneous**

1993 Advisory Committee Notes to Fed. R. Civ. P. 26(a)(2)(B) ........................................ 1, 3

1972 Advisory Committee Notes to Fed. R. Evid. 702 ....................................................... 4, 5

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, No. 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS FROM OFFERING EXPERT TESTIMONY FROM RONALD S. ALEPIN CONCERNING CERTAIN ISSUES**

By their silence, plaintiffs appear to concede that their expert, Ronald S. Alepin, made no reference in his reports to a number of subject areas (*e.g.*, vaporware, intentional incompatibilities, "Fear, Uncertainty and Doubt," Windows 95 Integration). Plaintiffs nevertheless claim that because Mr. Alepin will be offering "explanations," and not "opinions," he was not required by Rule 26(a)(2)(B) to make disclosures on these points. Passing whether there is any legal distinction between an "explanation" and an "opinion," this argument is clearly wrong: the 1993 Advisory Committee Notes to Fed. R. Civ. P. 26(a)(2)(B) make clear that the expert is to disclose the "substance of the direct examination" and that his report "reflect[] the testimony to be given by the witness." 1993 Advisory Committee Notes to Fed. R. Civ. P. 26(a)(2)(B).

Plaintiffs also mistakenly assert that Microsoft is not entitled to such disclosure from Mr. Alepin because it is generally "aware" of these "issues" (but not *Mr.*

*Alepin*'s opinions or explanations) from other lawsuits. This argument fails entirely to address the express disclosure requirements applicable to experts.

Plaintiffs admit they will suffer no prejudice if the Court precludes them from offering Mr. Alepin's testimony on these issues. According to plaintiffs, Dr. Warren-Boulton, the "primary liability expert," will be offering testimony on these same issues. In light of plaintiffs' failure to abide the terms of Rule 26, and the surprise and prejudice to Microsoft that would result if the Court permits Mr. Alepin to offer these still undisclosed opinions or "explanations" at trial, this Court should grant Microsoft's motion *in limine*.

## ARGUMENT

**I.    The Federal Rules Do Not Support Plaintiffs' Distinction Between Expert "Opinion" and "Explanation" and Require Full Disclosure of the Subjects of Expert Testimony.**

Plaintiffs characterize Mr. Alepin's testimony regarding the subjects at issue as "explanation," instead of opinion. (Pls.' Opp'n at 7 ("Mr. Alepin's primary role is to explain the technical aspects of this evidence to the jury, not to offer opinions about that evidence.").) Although expert testimony can serve various purposes at trial, *see, e.g.*, *Salas v. Carpenter*, 980 F.3d 299, 305 (9th Cir. 1992) ("Expert witnesses may perform two roles: explaining the evidence to a jury, and acting as the source of evidence for a jury."), plaintiffs provide no support for their assertion that pretrial disclosure under Rule 26(a)(2)(B) selectively applies to expert testimony depending on the *purpose* (versus the substance) of that testimony.

To the contrary, Rule 26's disclosure requirements encompass all expert testimony: "[Rule 26(a)(2)] ensures that the parties have "a reasonable opportunity to

prepare an effective cross-examination" by requiring that expert reports "*set forth the substance of the direct examination*," and "be written in a manner that *reflects the testimony to be given by the witness*." 1993 Advisory Committee Notes to Fed. R. Evid. P. 26(a)(2)(B) (emphasis supplied).

Accordingly, plaintiffs may not offer Mr. Alepin's expert testimony — whether called opinion or "explanation" when his reports fail to provide either the opinions or "explanations," or the factual support for those opinions or "explanations." When Microsoft questioned Mr. Alepin at his deposition[1] regarding these failings, he was unable to provide the missing factual support necessary to support his conclusions and admitted that that his reports contained *no reference* at all to six purported intentional compatibilities between Microsoft products and other software vendors' products.[2] (Mot. at 2-5.) In their Opposition, plaintiffs do not explain why Mr. Alepin failed even to address these incompatibilities in his reports, nor do they provide a basis for excusing his failures.

---

[1] Plaintiffs mischaracterize Microsoft's motion by claiming that Microsoft is taking Mr. Alepin to task for not having memorized the record in this action for his deposition. (*See* Pls.' Opp'n at 6 ("Microsoft's dispute with Mr. Alepin regarding this issue appears to be that at his deposition he could not recall specific dates.").) Not so: Through its questioning, Microsoft gave Mr. Alepin a *second* chance at his deposition to identify either his opinions or the factual basis for them.

[2] Curiously, plaintiffs claim that that Mr. Alepin has disclosed *his* opinions because (i) he mentioned at his deposition a book by Andrew Schulman, entitled Undocumented DOS (Pls.' Opp'n at 9), (ii) referred at his deposition to an expert report by Dr. Ivie (*id.* at 9-10), and (iii) cited in his reports another book entitled Windows Internals. No legal support is provided that such "incorporation by reference" is permitted by Rule 26, much less that it satisfies an expert's obligations to provide a report that sets forth his opinions, and the basis for them.

Nor does plaintiffs' Opposition refer the Court to any portion of Mr. Alepin's reports or testimony that discloses the nature and support for these "explanations" and "opinions" that he intends to offer at trial. For example, the essence of "FUD" is a false or misleading statement about a competitor's product. Plaintiffs acknowledge that Mr. Alepin did not identify any false or misleading Microsoft statements in his two reports or at his deposition. Nevertheless, plaintiffs claim that this is "irrelevant," (Opp'n at 8), asserting that "plaintiffs will be able to produce at trial such evidence or they will not." (*Id.*) This is besides the point: the question is whether Mr. Alepin has disclosed to Microsoft as required by Rule 26 the information that would permit *him* to offer evidence on that subject at trial. Similarly, with regard to Mr. Alepin's opinions on "vaporware," plaintiffs do not contest that his report does not make any specific cites to the record — instead, they refer Microsoft to the entire "record in *Caldera*, which contains extensive discussion by experts and briefing by the parties related to those opinions. . ." (Pls.' Opp'n. at 6.) An expert does not meet his Rule 26 obligations by reference to the entire "record" in another case. This hide-the-ball approach does not satisfy the standard articulated in the Advisory Committee notes quoted above.[3]

---

[3]  Plaintiffs' efforts to claim that Rule 26's disclosure requirements do not apply to Mr. Alepin's testimony are based exclusively on the 1972 Advisory Committee Notes to Rule 702 of the Federal Rules of Evidence (the "1972 Notes"), which predate the 1993 Amendments adding the relevant disclosure requirement to Rule 26. These 1972 Notes make the unremarkable point that experts do not always have to apply principles to facts, *i.e.*, offer "opinions," because sometimes it is sufficient for the expert to explain the principle and allow the trier of fact to draw the "requisite inference." 1972 Advisory Committee Notes to Fed. R. Evid. 702. This statement, however, does not support Plaintiffs' conclusion that pursuant to (continued ...)

## II. The Court Should Preclude Mr. Alepin's Testimony Regarding Subjects Not Set Forth In His Report.

Plaintiffs argue that preclusion of material not disclosed in Mr. Alepin's expert reports under Federal Rule of Civil Procedure 37(c)(1) requires Microsoft to establish that plaintiffs acted with "bad faith" and "willfull[ness]" and that Microsoft will suffer "irreparable prejudice." (Pls.' Opp'n at 2, 11, 12.) This is wrong. The Fourth Circuit recently refused to require a showing of bad faith under Rule 37 and affirmed preclusion of a supplemental expert report when the information contained therein had not been recently discovered. *Southern States Rack & Fixture, Inc.* v. *Sherwin-Williams Co.*, 318 F.3d 592, 598 (4th Cir. 2003). A review of the five factors found relevant by the Fourth Circuit confirms that Mr. Alepin's testimony should not be allowed.

*First*, the Court must consider Microsoft's surprise if Mr. Alepin is permitted to testify to matters undisclosed in his expert report. *Id.* at 597. The "surprise" is obvious: Mr. Alepin *still* has not disclosed his opinions and plaintiffs' vague reference to other opinions in other cases by other experts does not satisfy Rule 26. The prospect of unfair surprise exists when experts desire to offer opinions not set forth in their reports. *See Adams* v. *NVR Homes, Inc.*, 142 F. Supp. 2d 649, 652-53 (D. Md. 2001) (Harvey, J.) (excluding expert opinions not disclosed until after the close of discovery as prejudicial to opposing party's preparation of its defense).

---

(... continued)
    Rule 702, "the exposition of scientific or other principles" is not opinion subject
    to Rule 26 pretrial disclosure. (Pls.' Opp'n at 5.)

*Second*, Microsoft's ability to cure the surprise of an expert opinion first disclosed at trial cannot be based upon the opinions of different experts in this and other litigations. The Federal Rules do not require Microsoft to bear the risk of assuming that Mr. Alepin's opinions will be identical to those previously offered by others.[4]

*Third*, plaintiffs in essence seek an extension for Mr. Alepin to supplement his report (since he still has not identified these "explanations" or their bases). Contrary to plaintiffs' claim, the time between now and the trial date is insufficient to review a new expert report, counter it and depose Mr. Alepin on these new issues. For example, the parties are due to submit pretrial orders within two weeks.

*Fourth*, plaintiffs have proffered the most compelling reason to preclude Mr. Alepin's testimony: they will suffer no prejudice as a consequence of the preclusion. Plaintiffs repeatedly identify Dr. Warren-Boulton as their principal liability expert and an expert who will be opining on the issues that are the subject of this motion. (*See* Pls.' Opp'n at 10.)

*Fifth*, at the end of the day, plaintiffs' sole explanation for Mr. Alepin's failure to comply with the Federal Rules is that Mr. Alepin did not believe these disclosures were necessary. (Pls.' Opp'n at 14.) This assertion reduces to a restatement of the erroneous proposition that preclusion under Rule 37 requires bad faith or a finding of "gamesmanship." (*Id.*) As discussed above, however, the Fourth Circuit recognized

---

[4] Experts do not always "agree" with other experts. The fact that plaintiffs now point to other unnamed experts in other cases does not mean that Mr. Alepin's testimony will mirror these other experts, or will be based upon the same evidence or will analyze the facts the same way, or will allow similar cross-examination.

-7-

that the prejudice resulting from a failure to disclose expert opinions — inability to prepare an effective cross-examination — does not hinge on the intent behind the nondisclosure. *Southern States Rack & Fixture, Inc.*, 318 F.3d at 596 ("[E]xcluding evidence only when the nondisclosing party acted in bad faith would undermine the basic purpose of Rule 37(c)(1): preventing surprise and prejudice to the opposing party.").

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court preclude Ronald S. Alepin from offering testimony or opinions at trial as to: (1) the alleged campaign of FUD of DR DOS; (2) the supposed preannouncement of MS-DOS 5.0; (3) the alleged intentional incompatibilities between DR DOS and Windows 3.1, specifically, the nested task flag, XMS module, Protman.DOS, Hangeul Windows, Bambi, and SmartDRV; and (4) any opinion not set forth in his reports.

Respectfully submitted,

By: _____
David B. Tulchin
Michael Lacovara
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Michael F. Brockmeyer
 (Fed. Bar No. 02307)
Jeffrey D. Herschman
 (Fed Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

July 16, 2003

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2003, I caused a copy of the foregoing to be served upon the following by Federal Express:

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202

_____
Jeffrey D. Herschman