UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz<br><br>PUBLIC REDACTED VERSION |

**MICROSOFT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO ITS ALLEGED FAILURE TO DISCLOSE CONFIDENTIAL OR PROPRIETARY INFORMATION**

SULLIVAN & CROMWELL LLP
David B. Tulchin
Joseph E. Neuhaus
125 Broad Street
New York, New York 10004
(212) 558-4000

PIPER RUDNICK LLP
Michael F. Brockmeyer
 (Fed Bar No. 02307)
Jeffrey D. Herschman
 (Fed Bar No. 00101)
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

July 16, 2003

*Attorneys for Microsoft Corporation*

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| ARGUMENT | | 2 |
| I. | Microsoft Had No Duty to Disclose Intellectual Property to Competitors. | 2 |
| II. | A Motion *In Limine* Is an Appropriate Vehicle for Excluding Evidence Relating to a Claim or Theory That Is Baseless. | 4 |
| CONCLUSION | | 6 |

# TABLE OF AUTHORITIES

Page(s)

### *Cases*

*Babcock* v. *Rezak*,
    No. 96-CV-0394E(SC), 2002 WL 31654995
    (W.D.N.Y. Nov. 6, 2002) .................................................................. 5

*Berkey Photo, Inc.* v. *Eastman Kodak Co.*,
    603 F.2d 263 (2d Cir. 1979) ............................................................. 3

*Cabinet Vision* v. *Cabnetware*,
    129 F.3d 595 (Fed. Cir. 1997) .......................................................... 5

*Caldera, Inc.* v. *Microsoft Corp.*,
    72 F. Supp. 2d 1295 (D. Utah 1999) ................................................ 5

*Imperial* v. *United States*,
    755 F. Supp. 695 (N.D. W.Va. 1990) ............................................... 4

*In re Microsoft Corp. Antitrust Litigation*,
    MDL No. 1332 (D. Md. June 6, 2003) ............................................. 3

*In the Matter of Silicon Graphics, Inc.*,
    120 F.T.C. 928 (F.T.C. 1995) ........................................................... 3

*Hess* v. *Inland Asphalt Co.*,
    No. C-88-242-AAM, 1990 WL 51164 (E.D. Wash. Feb. 20, 1990) ..... 5

*RPR & Associates* v. *O'Brien/Atkins Associates*,
    24 F. Supp. 2d 515 (M.D.N.C. 1998) .............................................. 4

*United States* v. *Plitt Southern Theaters, Inc.*,
    671 F. Supp. 1095 (W.D.N.C. 1987) ............................................... 4

### *Other Authorities*

21 Charles Alan Wright & Kenneth W. Graham, Jr.,
    *Federal Practice and Procedure* (Supp. 2003) ................................ 4

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth v. Microsoft Corp.*, 1:00cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz<br><br>PUBLIC REDACTED<br>VERSION |

**MICROSOFT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO ITS ALLEGED FAILURE TO DISCLOSE CONFIDENTIAL OR PROPRIETARY INFORMATION**

In their complaint and through their experts, plaintiffs have alleged that Microsoft had a duty to disclose information about its innovations -- particularly, about the Windows operating system -- to competing applications and operating system developers. Microsoft's opening brief cited several paragraphs of the complaint, sections of the expert reports, and 181 exhibits that appeared to be offered in support of this theory.

In response, plaintiffs offer virtually no defense of the idea that failure to disclose technical information is itself a violation of Section 2 of the Sherman Act. Instead, they argue that 6 of the 181 exhibits relate to a different theory -- that at one time Microsoft deceived competing applications developers about whether Microsoft's applications developers were walled off from the operating system developers. Plaintiffs do not contend that the remaining 175 exhibits are relevant to this or any other theory. As to them, and any other evidence or testimony plaintiffs may rely on at trial in support of plaintiffs' duty-to-disclose theory, this motion should be granted.

# ARGUMENT

## I. Microsoft Had No Duty to Disclose Intellectual Property to Competitors.

Contrary to their brief, plaintiffs squarely advanced the theory attacked by this motion. For example, the Consolidated Class Action Complaint ("Consolidated Complaint") alleges:

> 153. Microsoft has obtained power in the applications markets by, among other things, giving its own applications software developers early and complete access to the revised code developed in successive versions of its operating systems. To compete with Microsoft's applications software, non-Microsoft developers must have timely access to Microsoft's operating system APIs, as well as to other operating system information.
>
> 154. To maintain its dominance over, and supra-competitive prices in, the applications software markets include [sic], Microsoft among other things:
>
>> (a) failed to timely disclose the APIs for MS-DOS and Windows to software developers who needed such information to create applications software compatible with Microsoft's operating system; . . . .

Consolidated Complaint at ¶¶ 153, 154(a).

Liability Report of Frederick R. Warren-Boulton ("Warren-Boulton Report") at 70-72 (Exhibit 2 to Microsoft's Opening Mem.) (

); Technology Report of Ronald S. Alepin ("Alepin Report") at 131 (Exhibit 3 to Microsoft's Opening Mem.) (                                            ). In this connection, the reports cite many of the exhibits referred to in Exhibit 1 to this motion as well as testimony of fact witnesses. *E.g.*, Warren-Boulton Report at 69-73 nn. 174-188 (Testimony of Maples, Middleton, Reed, Muglia, Meyers, Peterson, Gates & Exhibits 226,

231, 233, 460, 461, 462, 469, 587, 647, 661, 662, 802, 832); Alepin Report at 131-32 nn. 353-355 (Testimony of Harral & Exhibits 227, 466).[1]

Plaintiffs now offer no defense of these claims, but argue only that "Intellectual Property Rights Provide No Immunity for Violations of the Antitrust Laws." (Pl. Mem. at 7.) This is, of course, beside the point. The question is not whether Microsoft's conduct is immunized, but whether in the first place it was a violation of the Sherman Act for Microsoft to refuse to disclose its proprietary information to outside developers even if its internal developers had access to that information. On this the law is clear, see Microsoft's Opening Mem. at 4-7, and undisputed, see Pl. Mem. at 6 n.4 (citing same cases).[2]

In short, plaintiffs' theory that Microsoft had a duty under the antitrust laws to ensure that competitors received the same information about Windows that in-house developers did has no more basis as a Section 2 claim than it did as an essential facilities claim. *In re Microsoft Corp. Antitrust Litigation*, MDL No. 1332, slip op. at 2, 5 n.5 (D. Md. June 6, 2003).

---

[1] As this Court noted in the argument on Microsoft's motion for partial summary judgment, plaintiffs relied on the same evidence in support of their essential facilities and monopoly leveraging claims. April 25, 2003 Tr. at 33, 45-46. The Court dismissed those claims on June 6, 2003. This motion seeks to exclude the same evidence when offered under a theory of monopolization or attempted monopolization.

[2] Plaintiffs also quote an FTC consent decree in which a merger was permitted subject to public disclosure of certain APIs. *In the Matter of Silicon Graphics, Inc.*, 120 F.T.C. 928 (F.T.C. 1995). But the use of disclosure as a remedy has no bearing on whether a failure to disclose constitutes a violation of the Sherman Act. See *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 285 (2d Cir. 1979) (even if Berkey could demand predisclosure as a remedy for past violations of law, it cannot ask a court to "condemn Kodak retrospectively, holding that it violated § 2 and so is liable for damages, because it did not decide on its own initiative to take unusual, self-abnegatory actions as a corrective for unadjudicated prior offenses").

## II. A Motion *In Limine* Is an Appropriate Vehicle for Excluding Evidence Relating to a Claim or Theory That Is Baseless.

Plaintiffs defend only 6 of the 181 exhibits that are the subject of this motion. Plaintiffs suggest that they are under no obligation to defend their exhibits -- or, for that matter, any testimony or other evidence that relates to Microsoft's failure to disclose intellectual property -- because "determining relevancy is particularly elusive at this stage" and, thus, the motion *in limine* is premature. (Pl. Mem. at 18-19.) But motions *in limine* on grounds of relevance are routinely considered and granted. *See, e.g., RPR & Associates v. O'Brien/Atkins Associates*, 24 F. Supp. 2d 515, 525 (M.D.N.C. 1998) ("Prior to trial, Defendant may instead make a motion in limine seeking the exclusion of such evidence on the basis of relevancy."); *Imperial v. United States*, 755 F. Supp. 695, 698 (N.D. W.Va. 1990) (granting motion *in limine* on grounds of relevance); *United States v. Plitt Southern Theaters, Inc.*, 671 F. Supp. 1095, 1097 (W.D.N.C. 1987) (granting motion *in limine* to exclude a category of evidence pertaining to an issue that the court had deemed irrelevant).

Indeed, there is good reason to consider motions *in limine* of the sort Microsoft has made here. *First*, significant evidentiary issues such as this one often require more attention than either the Court or the parties can easily devote to them in the midst of trial. 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5037.1, at 94 (Supp. 2003). This is particularly so where an objection to relevance is based on an argument that the theory of liability on which admission is sought is baseless as a matter of law. *Second*, such issues likewise have ramifications for many other issues at trial, including the content of the opening, which witnesses will be called, and the scope of the jury instructions. *Id.*

The cases on which plaintiffs rely do not support their argument that relevancy arguments should not be made in a motion *in limine*. (Pl. Mem. at 18-19.) Plaintiffs' primary case -- *Hess v. Inland Asphalt Co.*, No. C-88-242-AAM, 1990 WL 51164, at *1 (E.D. Wash. Feb. 20, 1990) -- expressly states that courts have "authority to issue a preliminary ruling on the admissibility of evidence." Indeed, the court in *Hess granted* the motion *in limine* at issue, finding that "[t]he relevance of the evidence in question is tenuous at best" and was outweighed by its potential prejudicial effect. *Id.* at *2-3. The remaining two cases are inapposite. In *Cabinet Vision v. Cabnetware*, 129 F.3d 595, 597-98 (Fed. Cir. 1997), a federal district court denied a motion *in limine* not on some principal that such motions are premature, but rather on the motion's merits. The court in *Babcock v. Rezak*, No. 96-CV-0394E(SC), 2002 WL 31654995, at *2 (W.D.N.Y. Nov. 6, 2002), denied a motion *in limine* on the ground that it merely sought an order on laying foundation for admissibility that was already provided for in the Federal Rules of Evidence.

Here, according to plaintiffs' expert reports, plaintiffs plan to offer both fact and expert testimony as well as documentary evidence in support of their duty-to-disclose argument. A ruling in advance of trial will thus affect a substantial amount of evidence and will influence the trial planning of both parties.

In addition, to the extent plaintiffs offer some of the evidence relating to the duty-to-disclose argument in support of one or more other theories of liability, limiting instructions will presumably be required. As plaintiffs note (Pl. Mem. at 8), the court in *Caldera, Inc. v. Microsoft Corp.*, 72 F. Supp. 2d 1295, 1318 (D. Utah 1999), suggested that a limiting instruction to the effect that "standing alone, failure to include DRI in beta

- 5 -

testing does not give rise to a violation of § 2" would be necessary where plaintiffs sought to argue that the exclusion of DRI was relevant to another theory of liability.

## CONCLUSION

Plaintiffs offer no defense of their theory that Microsoft violated Section 2 of the Sherman Act by failing to provide competing developers with the same level of proprietary information about its innovations that Microsoft developers might have obtained. Plaintiffs likewise offer no defense of the testimony and other evidence relating to that baseless theory, including 175 exhibits identified in this motion. The Court should grant Microsoft's motion *in limine* and exclude evidence relating to Microsoft's alleged failure to disclose confidential or proprietary information or innovations to its competitors.

Respectfully submitted,

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
  WALKER & RHOADS LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

By: /s/ David B. Tulchin
David B. Tulchin
Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

July 16, 2003

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2003, I caused a copy of the foregoing Microsoft's Reply Memorandum in Support of Its Motion in Limine to Exclude Evidence Relating to Its Alleged Failure to Disclose Confidential or Proprietary Information (Public Redacted Version) to be served upon the following by Federal Express:

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202

Jeffrey D. Herschman