UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*, 1:00 cv02117

MDL Docket No. 1332
Hon. J. Frederick Motz

**MICROSOFT'S REPLY MEMORANDUM IN SUPPORT OF
ITS MOTION IN LIMINE TO PRECLUDE PLAINTIFFS
FROM INTRODUCING EVIDENCE IN SUPPORT OF
FINDINGS COVERED BY COLLATERAL ESTOPPEL**

July 16, 2003

SULLIVAN & CROMWELL LLP
David B. Tulchin
Joseph E. Neuhaus
125 Broad Street
New York, New York 10004
(212) 558-4000

PIPER RUDNICK LLP
Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

- i -

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

CONCLUSION ....................................................................................................................... 4

## TABLE OF AUTHORITIES

Page

*Cases*

*Lennon* v. *Seaman*,
  No. 99-CV-2664, 2002 WL 109525
  (S.D.N.Y. Jan. 28, 2002) ............................................................................................3

*Mugno* v. *Casale*,
  No. Civ. A 96-6228, 1997 WL 152793
  (E.D. Pa. Mar. 28, 1997) .............................................................................................2

*Petit* v. *City of Chicago*
  No. 90-C-4984, 1999 WL 66539
  (N.D. Ill. Feb. 8, 1999) ................................................................................................3

*United* States v. *Bennett*,
  836 F.2d 1314 (11th Cir. 1988) ...................................................................................2

*United States* v. *Ragins*
  840 F.2d 1184 (4th Cir. 1988) .....................................................................................2

*United States* v. *Ricks*,
  882 F.2d 885 (4th Cir. 1989) .......................................................................................2

*United States* v. *Rivera*,
  77 F.3d 1348 (11th Cir. 1996) .....................................................................................2

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, 1:00 cv02117 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

### MICROSOFT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM INTRODUCING EVIDENCE IN SUPPORT OF FINDINGS COVERED BY COLLATERAL ESTOPPEL

### INTRODUCTION

Plaintiffs' co-lead counsel, Michael Hausfeld, agreed during the October 24, 2002, collateral estoppel hearing that plaintiffs are "precluded from introducing evidence of the facts giving rise" to any findings as to which Microsoft is estopped:

> THE COURT:   My question is, to the extent that you get collateral estoppel effect, to what extent are you precluded from introducing evidence of the facts giving rise to the factual finding?
>
> MR. CHESLER:   I think once it's found by collateral estoppel, that's it. We're not back there again. Otherwise, the whole point of the efficiency of this process is illusory as far as I can tell. They can't, we can't, which leads me to my last point.
>
> THE COURT:   All the plaintiffs accept that?
>
> MR. HAUSFELD:   Yes, Your Honor.

10/24/2002 Trans. at 136:1-11 (attached as Exhibit A hereto).

Microsoft seeks an order consistent with plaintiffs' position at the collateral estoppel hearing: plaintiffs should be barred from introducing evidence in support of findings of fact covered by the Court's preclusion opinion and order. Despite their earlier stance before the Court, plaintiffs now contend that they should have free rein to introduce evidence regardless of whether it is cumulative or repetitious of the precluded findings of fact.

## ARGUMENT

Plaintiffs begin by suggesting that a motion in limine is not an appropriate vehicle for dealing with evidentiary matters arising from the application of collateral estoppel – although plaintiffs themselves moved in limine to restrict Microsoft from offering evidence or testimony inconsistent with the Findings of Fact from the Government Case. In any event, "[t]he purpose of a motion in limine is to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions. Collateral estoppel, because it can limit the facts at issue, frequently is the subject of a motion in limine." *Mugno v. Casale*, No. Civ. A 96-6228, 1997 WL 152793, at *6 (E.D. Pa. Mar. 28, 1997) (citations omitted).

The Fourth Circuit also recognizes that collateral estoppel may bar "the introduction of evidence concerning those factual issues previously decided." *United States v. Ricks*, 882 F.2d 885, 889 (4th Cir. 1989) (citing *United States v. Ragins*, 840 F.2d 1184, 1193-94 (4th Cir. 1988)); *see also United States v. Rivera*, 77 F.3d 1348, 1352 (11th Cir. 1996) (citing *United States v. Bennett*, 836 F.2d 1314, 1316 (11th Cir. 1988) (observing that collateral estoppel may bar "prosecution or argumentation of facts necessarily established by an earlier judgment"). This rule is particularly apt here because the Court's collateral estoppel decision gave preclusive effect to more than 300

comprehensive findings of fact that were adduced from evidence already presented in *United States* v. *Microsoft*. Permitting plaintiffs to introduce evidence cumulative of those findings squanders the efficiencies alluded to by the Court at the collateral estoppel hearing and is unfairly prejudicial in violation of Fed. R. Evid. 403.

Plaintiffs' principal argument in opposition to Microsoft's motion is that "some of the same evidence which established Microsoft's liability must necessarily be presented to further establish cause [*sic*] and injury-in-fact." Pl. Mem. at 3. Plaintiffs misunderstand Microsoft's motion. Microsoft moves in limine to exclude evidence that plaintiffs might submit in support of facts that have been determined pursuant to this Court's collateral estoppel decision. Either party may submit evidence relevant to causation.

The cases cited by plaintiffs involve the preclusion of evidence to litigate legal issues subject to collateral estoppel, not preclusion of evidence cumulative of factual findings. *See Lennon* v. *Seaman*, No. 99-CV-2664, 2002 WL 109525, at *2-*4 (S.D.N.Y. Jan. 28, 2002) (precluding a defendant from contesting the legal conclusion of his prior guilty plea, but reserving on whether defendant could admit the "precipitating events to his arrest" because the plea did not "establish the irrelevance or falsity" of these events); *Petit* v. *City of Chicago*, No. 90-C-4984, 1999 WL 66539, at *5 (N.D. Ill. Feb. 8, 1999) (giving preclusive effect to the legal conclusion of past discrimination but noting that the prior decision "contains no specific findings as to the extent of . . . discrimination" and thus allowing evidence on extent of discrimination).

Plaintiffs concede there "is necessarily some overlap between Judge Jackson's findings and the evidence that Plaintiffs seek to introduce." Pl. Mem. at 5. This

is exactly what is impermissible. Plaintiffs can obtain collateral estoppel or start afresh, but should not be permitted to gain the benefit of collateral estoppel and then be allowed to prove all the same facts all over again.

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court enter an order precluding plaintiffs from introducing evidence to support facts encompassed by a finding of fact to which collateral estoppel applies.

Respectfully submitted,

By: /s/ David B. Tulchin
David B. Tulchin
Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
   WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

*Attorneys for Microsoft Corporation*

July 16, 2003

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2003, I caused a copy of the foregoing Microsoft's Reply Memorandum In Support Of Its Motion In Limine To Preclude Plaintiffs From Introducing Evidence In Support Of Findings Covered By Collateral Estoppel to be served upon the following by Federal Express:

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202

Michael F. Brockmeyer