# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document Relates to:<br>*Conway, MacKenzie & Dunleavy, P.C. v. Microsoft Corp.* | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

## PLAINTIFF'S MOTION AND MEMORANDUM
## TO STAY CLASS CERTIFICATION BRIEFING SCHEDULE

Plaintiff Conway, MacKenzie & Dunleavy, P.C. ("CMD") respectfully moves for an order staying the class certification briefing schedule in this action until 30 days after the trial or settlement of the end-user claims. As reasons therefor, CMD respectfully states as follows.

1. First, a significant new issue has arisen which dramatically alters the shape of the upcoming end-user trial and has changed the preparation by counsel of their pre-trial materials for the end-user claims. The Fourth Circuit has inserted real uncertainty as to the benefit of collateral estoppel. Accordingly, the end-user case must be refined and adjusted to respond to this development. *See, e.g.*, July 9, 2003 Letter from Robert Heuck to David Tulchin (attached hereto as Exhibit A). It will present an unnecessary hardship for counsel in the end-user case to respond to this development and simultaneously meet the July 17 deadline for the class certification reply in the Re-seller case.

2. Second, Microsoft submitted with its June 30 class certification opposition papers several witness statements that had not been previously served on CMD. *See, e.g.*, Declaration of David Marston, Declaration of Holly Fabian, Declaration of Marilyn Jarvi and Declaration of Nick Schlegel (attached as Exhibits B, O, P and Q to Microsoft's Opposition Brief). CMD is entitled to conduct appropriate follow up discovery, including deposing these newly-named

witnesses. Requiring completion of this discovery by June 17 will unnecessarily burden both sides in light of the ongoing preparations for the consumer trial.

    3. As a matter of judicial economy and sequencing, this Court has the inherent power to control its own docket, including by delaying the briefing and argument of the Re-seller class certification issues until after the Court, Microsoft, and the end-user plaintiffs have completed their intense pre-trial preparation and trial itself.

    4. In order to adjust appropriately for these new developments, the time commitments necessary to prepare for trial have been increased. In these circumstances, CMD respectfully requests that the Court exercise its discretion to adjourn the briefing of the class certification issues in this Re-seller action until 30 days after the conclusion of the end-user trial. A [Proposed] Order is attached hereto as Exhibit B.

    5. Granting this motion will not prejudice Microsoft or the absent members of the proposed class.

## **CONCLUSION**

For the reasons set forth above, CMD respectfully requests that the Court grant this motion and adjourn class certification briefing in the Re-seller case accordingly.

Dated: July 9, 2003

WAITE, SCHNEIDER, BAYLESS
& CHESLEY, LPA

Stanley M. Chesley
Robert Heuck II
1513 Fourth & Vine Tower
1 West Fourth Street
Cincinnati, OH 45202


Christopher Lovell
Lovell & Stewart, L.L.P.
500 Fifth Avenue, Suite 5800
New York, NY 10110

Nicholas E. Chimicles
Chimicles & Tikellis LLP
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041-0110

John J. Cummings III
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA 70130

David D. Shelby
Shelby & Cartee
2956 Rhoades Circle, S.
Birmingham, AL 35205

Elwood Simon
Elwood Simon & Associates
355 S. Old Woodward Ave., Ste. 250
Birmingham, Michigan 48322

Michael J. Flannery
The David Danis Law Firm, P.C.
8182 Maryland Ave., Ste. 1400
St. Louis, MO 63105

Respectfully submitted,

COHEN, MILSTEIN, HAUSFELD
& TOLL, PLLC

/s/ Michael D. Hausfeld
Michael D. Hausfeld
Daniel A. Small
Mary N. Strimel
Robert J. Wozniak, Jr.
West Tower, Suite 500
1100 New York Avenue, NW
Washington, DC 20005

Douglas Thompson
Finkelstein, Thompson & Loughran
1050 30th Street, N.W.
Washington, D.C. 20007

Lynn L. Sarko
Keller Rohrback, LLP
1201 Third Avenue
Suite 3200
Seattle, WA 98101-3052

Dianne M. Nast
Roda & Nast, P.C.
801 Estelle Drive
Lancaster, PA 17601

Robert A. Skirnick
Meredith Cohen Greenfogel, & Skirnick
One Liberty Plaza, 35th Floor
New York, NY 10006

Michael Criden
Hanzman & Criden
220 Alhambra Circle, Ste. 400
Coral Gables, FL 33134

W. B. Markovits
Markovits & Greiwe
119 E. Court Street, Ste. 500
Cincinnati, OH 45202

3

# Exhibit A

# WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.

ATTORNEYS & COUNSELLORS AT LAW
1513 FOURTH & VINE TOWER
ONE WEST FOURTH STREET
CINCINNATI, OHIO 45202
TELEPHONE (513) 621-0267

ROBERT HEUCK II

FAX (513) 381-2375
FAX (513) 621-0262

July 9, 2003

*Via Facsimile:* (212) 558-3588

David B. Tulchin, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Re: In Re Microsoft Corp. Antitrust Litigation, MDL Docket No. 1332

Dear David:

Plaintiffs request that Microsoft identify promptly which of the findings of fact from the Government case Microsoft does not believe were "necessary" to the District of Columbia Circuit Court of Appeals decision in *United States v. Microsoft Corp.*, 253 F.3d 34 (2001), under the interpretation of "necessary to the [prior] judgment" urged by Microsoft.

Microsoft previously took the position that 93 of the findings of fact were not "necessary" to the District of Columbia Circuit Court of Appeals decision under Judge Motz's articulation of the standard. However, in its Petition for Permission to Appeal the District Court's Collateral Estoppel Order Pursuant to 28 U.S.C. § 1292(b) filed on May 21, 2003, Microsoft takes issue with the standard adopted by Judge Motz. Therefore, at present it is not clear *which* of the findings that Judge Motz held were subject to collateral estoppel Microsoft is asserting are not "necessary" under the construction of that term propounded by Microsoft. Clearly, many of the findings of fact are "necessary" to the D.C. Circuit opinion even under Microsoft's interpretation of the standard. As to those findings, the resources of the Court and the parties can be saved by avoiding retrial of facts that were established in the Government action. As a matter of pretrial case management, it is important that Microsoft clarify its position on this issue as soon as possible. We therefore request that Microsoft inform Plaintiffs within the next week which of the findings of fact it does not intend to contest at trial in September under Judge Motz's rulings on collateral estoppel.

Very truly yours,

*(signature)*

Robert Heuck II

cc: Stanley M. Chesley, Esq.
    Michael D. Hausfeld, Esq.

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION )<br>)<br>This Document Relates To: )<br>*Conway, MacKenzie & Dunleavy, P.C. v. Microsoft Corp.* )<br>) | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION
TO STAY CLASS CERTIFICATION BRIEFING SCHEDULE**

It is hereby ORDERED that plaintiff's Motion to Stay Class Certification Briefing Schedule is GRANTED.

Plaintiff Conway, MacKenzie & Dunleavy, P.C. shall file its reply brief in further support of class certification no later than thirty (30) days after the trial or settlement of the end-user claims currently pending before this Court.

Dated this ___ day of July, 2003

_____
J. Frederick Motz
United States District Judge