IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION | : MDL DOCKET NO. 1332<br>: Hon. J. Frederick Motz<br>:<br>:<br>: **MICROSOFT'S MEMORANDUM IN**<br>: **RESPONSE TO PLAINTIFFS' MOTION**<br>: **FOR PRELIMINARY APPROVAL OF**<br>This Document Relates To: : **PROPOSED SETTLEMENT AND**<br>*Kloth v. Microsoft Corp.*, NO. JFM-00-2117 : **APPROVAL OF FORM AND MANNER**<br>: **OF NOTICE** |

SULLIVAN & CROMWELL
David B. Tulchin
Michael Lacovara
125 Broad Street
New York, New York  10004
(212) 558-4000

PIPER RUDNICK LLP
Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
6225  Smith Avenue
Baltimore, Maryland  21209
(410) 580-3000

*Attorneys for Microsoft Corporation*
*(additional counsel listed on next page)*

October 3, 2003

962563v2

-2-

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Steve W. Berman
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
(206) 623-7292

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

On September 30, 2003, plaintiffs filed their Motion for Preliminary Approval of Proposed Settlement and Approval of Form and Manner of Notice ("Motion for Preliminary Approval"). In their accompanying memorandum, plaintiffs point out that one issue divides the parties: whether plaintiffs' counsel should disclose in the settlement notice to the class the maximum amount of fees they intend to seek from this or some other court for their work that has allegedly "benefited other licensees of Microsoft software." Pls.' Mem. at 4, 9-10.

Actually the dispute is narrower. Microsoft does not contend that class members here should be notified if plaintiffs' counsel intend to seek fees from another court. But class members should be notified of the maximum amount of fees counsel will seek from this Court. Otherwise, class members would not be able to compare the settlement with the total fees sought and to object if they think the request out of line. Nor could this Court perform its independent duty to make the same comparison.

A.   The Notice

Notice of a proposed settlement is meant to inform class members of the circumstances and terms of the settlement and to permit them to respond, either by objecting or opting out. Numerous courts have held that class counsel's maximum potential request for attorneys' fees must be disclosed in the notice. *See Goldenberg v. Marriott PLP Corp.*, 33 F. Supp. 2d 434, 441 (D. Md. 1998) ("Notice of the potential extent of attorneys fee awards is deemed *essential* because it allows class members to determine the possible influence of the fees on the settlement and to make informed decisions about their right to challenge the fee award.") (emphasis added). In fact, courts "have invalidated class action settlements because of class counsel's failure to notify the class members of the potential extent of their fee award." *Id.*; *see In re Gen. Motors Corp. Engine Interchange Litig.* ("*In re GM*"), 594 F.2d 1106, 1130 (7th Cir. 1979); *Piambino v. Bailey*, 610 F.2d 1306, 1328 (5th Cir. 1980). In *Reynolds v. Beneficial Nat'l Bank*, 388 F.3d 277

(7th Cir. 2002), Judge Posner cautioned that for class counsel to conceal, "in particular," the "bottom line" of a fee request would be to "paralyze[] objectors." 388 F.3d at 286. The rationale for disclosing the "bottom line" or "potential extent" of any fee award is that "[o]nly if the aggregate of all payments to be made by defendants is disclosed in the proposed settlement can the class members and the court make any intelligent judgment as to the fairness and reasonableness of a proposed settlement." *In re GM*, 594 F.2d at 1131 (quoting Manual for Complex Litigation § 1.46 at 62).

Here, the proposed forms of notice submitted by plaintiffs' counsel do not disclose the "potential extent" or "bottom line" of the attorneys' fees they intend to ask this Court to award them. The fact that they may seek fees based upon benefits other Microsoft licensees may have received from their efforts does not in any way obviate counsel's need to disclose to their clients—the class members here—the potential extent of those fees. The maximum amount of attorneys' fees plaintiffs' counsel seek from this Court should be set forth in the notice.

B.   The Proposed Order

The proposed order submitted with plaintiffs' Motion for Preliminary Approval is also flawed in that it purports to extend indefinitely the date by which plaintiffs' counsel must seek attorneys' fees for benefits allegedly conferred on other Microsoft licensees. Order Granting Preliminary Approval of Class Action Settlement and Approving Form and Manner of Notice ("Order") ¶ 8. The February 5, 2004 deadline for submitting fee applications (Order ¶ 8) should be the deadline for submitting all fee applications, as class members must have an adequate opportunity to review the applications and prepare any objections before the Court conducts its fairness hearing on March 26, 2004.[1]

---

[1] Microsoft's proposed form of order is attached hereto as Exhibit A. Its proposed forms of class notice are attached to the order. Red-lined versions are attached as Exhibits B, C and D to make the proposed changes obvious.

Accordingly, Microsoft requests that the Court adopt the forms of order and notice attached hereto.

Dated: October 3, 2003

*Of Counsel:*

Charles B. Casper
MONTGOMERY, McCRACKEN,
   WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Steve W. Berman
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
(206) 623-7292

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

BY: /s/ David B. Tulchin
David B. Tulchin
Michael Lacovara
SULLIVAN & CROMWELL
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

*Attorneys for Microsoft Corporation*

## Certificate of Service

I hereby certify that on October 3, 2003, I caused a copy of the foregoing Microsoft's Memorandum in Response to Plaintiffs' Motion for Preliminary Approval of Proposed Settlement and Approval of Form and Manner of Notice to be served upon the following by overnight courier:

>Stanley M. Chesley
>Waite, Schneider, Bayless & Chesley Co., L.P.A.
>1513 Fourth & Vine Tower
>One West Fourth Street
>Cincinnati, Ohio 45202
>
>Michael D. Hausfeld
>Daniel A. Small
>Robert J. Wozniak, Jr.
>Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
>1100 New York Avenue, N.W.
>West Tower, Suite 500
>Washington, DC 20005

_____
Jeffrey D. Herschman

962563v2