# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br>*Kloth v. Microsoft Corp.*,<br>NO. JFM-00-2117 | MDL DOCKET NO. 1332<br>Hon. J. Frederick Motz |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING FORM AND MANNER OF NOTICE

WHEREAS, Lead Counsel for the Class (as defined in the Settlement Agreement dated September 16, 2003) have applied for an order preliminarily approving the terms and conditions of the settlement as set forth in the Settlement Agreement together with the Appendices annexed thereto and approving the form and manner of notice;

WHEREAS, the settlement requires, among other things, that All Claims (as defined in the Settlement Agreement) against Microsoft be settled and compromised;

WHEREAS, Microsoft has separately joined in this application; and

WHEREAS, this Court having considered the Settlement Agreement and Appendices annexed thereto;

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23, it is hereby ORDERED that:

### PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT

1. The terms defined in the Settlement Agreement are incorporated herein.

963026v1

2. The Court appoints Rust Consulting, Inc., a competent firm experienced in the administration of large-scale class action settlements, as the Settlement Administrator. The Settlement Administrator shall be responsible for receiving opt-out communications from the Class.

3. The Court preliminarily approves the settlement as set forth in the Settlement Agreement (including both the compensation to be provided to the Class and the provisions of the Settlement Agreement regarding claims and rights that are not being compromised and settled), subject to the right of any member of the Class to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment (substantially in the form annexed to the Settlement Agreement) dismissing All Claims should not be ordered after due and adequate notice to the Class as set forth in the Settlement Agreement and after a hearing on final approval.

## APPROVAL OF FORM AND MANNER OF NOTICE

4. The Court hereby approves the proposed form of notice (the "Notice") which is attached hereto as Exhibit 1. On or before January 5, 2004, the Settlement Administrator shall send the Notice via first class mail, postage prepaid, (a) to all identifiable Class members whose mailing addresses are in the shop.microsoft.com database or Microsoft's records of its direct marketing campaigns, and (b) to the Class Representatives at their last known mailing address. The Notice to each identifiable Class member whose mailing address is in the shop.microsoft.com database or in Microsoft's records of its direct marketing campaigns will include a printout (to be printed by the Settlement Administrator from data provided by Microsoft) of the number of licenses purchased in each applicable product category found in the shop.microsoft.com database and in Microsoft's records of its direct marketing campaigns for

963026v1

that identifiable Class member and the purchase price for each license. The Settlement Administrator shall utilize the national change of address service through the United States Postal Service to obtain corrected mailing addresses for Class members, and utilize a service to update the mailing addresses of Class members whose notices are returned because they were sent to incorrect addresses.

5. On or before January 5, 2004, Microsoft shall establish an Internet Web site for the purpose of providing notice to Class members and shall post a copy of the Notice there.

6. In addition to notice by U.S. mail, in any instance where Microsoft's records include an e-mail address but no physical address, Microsoft will arrange for the Notice to be e-mailed to all identifiable Class members whose e-mail addresses are in the shop.microsoft.com database or Microsoft's records of its direct marketing campaigns. The reference line for the e-mail message used to disseminate the notice shall state "Important Court-Ordered Notice-Please Read." The Notice shall be contained in the body of the e-mail message and not as an attachment.

7. The Court approves the proposed form of publication notice (the "Publication Notice") attached hereto as Exhibit 2. Within about 14 days after the Notice is mailed, Microsoft shall cause the Publication Notice to be issued in a national weekday edition of USA Today.

8. On or before February 5, 2004, Class Counsel shall file their Motion for Final Approval of the proposed settlement, along with their Application for an Award of Attorneys' Fees and Expenses ~~for the services that they have rendered to the Class in this matter. This deadline does not apply to any application for attorneys' fees and expenses that Class counsel may wish to make in this Court or any other based upon services they have rendered that have benefited other licensees of Microsoft software~~.

-3-

963026v1

9. Any member of the Class can request exclusion from (opt out of) the settlement, as set forth in the Settlement Agreement, on or before March 5, 2004 (the "Opt-Out Date"). Each member of the Class wishing to opt out of the Class must individually sign and submit timely written notice to the designated P.O. Box obtained by the Settlement Administrator. This written notice must be signed, contain the Class member's name and address and clearly manifest an intent to be excluded from the Class. If the Class member is a company or organization, the written notice must also contain the name and address of the company or organization, the position of the person submitting the exclusion request and a statement that the person executing the request is authorized to do so on behalf of the company or organization. To be effective, written notice must be postmarked on or before the Opt Out Date.

10. As of the date hereof, all activity related to this litigation shall be stayed and suspended until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Settlement Agreement.

11. All protective orders in force as of the date of this Order are hereby amended to apply to, cover, protect and treat all materials and information provided by Microsoft in connection with this settlement (including but not limited to information with respect to the potential or actual members of the Class) in the same manner as "Highly Confidential" discovery materials.

12. The Court hereby schedules a hearing to occur on March 26, 2004 at 9:30 a.m. in Courtroom 5A at the Garmatz Federal Courthouse, 101 W. Lombard Street, Baltimore, Maryland 21201 to determine whether (a) the proposed settlement as set forth in the Settlement Agreement, should be finally approved as fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23; and (b) an Order of Approval approving the Settlement Agreement and a Final

Judgment should be entered. No later than March 5, 2004, all relevant briefs and papers relating to the settlement and the application of Counsel for the Class for an award of fees and expenses ~~for their services rendered to the Class in this case~~ shall be filed and served by objectors or persons other than the parties. No later than March 19, 2004, all responses to objections, relevant briefs and other papers relating to the settlement shall be filed and served by the parties. There will be a separate hearing to determine whether the application of Counsel for the Class for an award of attorneys' fees, costs and expenses of litigation ~~for the services that they rendered to the Class in this matter~~ should be approved, and the date and briefing schedule for that hearing will be set by the Court at a later time. Class counsel shall notify any persons who object to their application for an award of attorneys' fees and expenses of the date and time set for the hearing on that application.

13. Neither this Order, the Settlement Agreement, the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or settlement is or may be used as an admission or evidence (a) of the validity of any claims, alleged wrongdoing or liability of Microsoft; or (b) of any fault or omission of Microsoft in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

14. The Court hereby reserves the right to amend this Order or to alter the deadlines set forth herein for good cause shown.

ENTERED this _____ day of _____, 2003.

_____
HONORABLE J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE