# EXHIBIT A



A CERTIFIED TRUE COPY

APR 25

ATTEST
FOR THE JUDICIAL PANEL OF
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

APR 25 2000

FILED
CLERK'S OFFICE

DOCKET NO. 1332

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE MICROSOFT CORP. WINDOWS OPERATING SYSTEMS ANTITRUST LITIGATION

### BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE* AND JOHN F. KEENAN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are four motions or cross-motions for coordinated or consolidated pretrial proceedings that are brought pursuant to 28 U.S.C. §1407 and currently encompass some or all of the 27 actions listed on the attached Schedule A and pending in seventeen districts as follows: four actions in the District of District of Columbia; three actions in the Southern District of Florida; two actions each in the Eastern District of Michigan, the District of Minnesota, the Southern District of New York, the Southern District of Ohio and the Eastern District of Wisconsin; and one action each in the Northern District of Alabama, the District of Arizona, the Southern District of California, the Southern District of Illinois, the District of Kansas, the Eastern District of Louisiana, the District of South Carolina, the Eastern District of Tennessee, the District of Vermont, and the Southern District of West Virginia.[1] The Section 1407 moving parties are arrayed as follows: 1) sole common defendant Microsoft Corporation (Microsoft ), whose motion seeks centralization of all 27 actions in the Western District of Washington or, alternatively, the Northern District of Illinois; 2) plaintiff

---

*Judge Bechtle took no part in the decision of this matter.

[1] Seven additional actions that were subject to at least one of the Section 1407 motions have been dismissed or remanded to state court: *Shelby Hartman, et al. v. Microsoft Corp.*, S.D. Florida, C.A. No. 1:99-3401; *Paul Rothstein v. Microsoft Corp.* N.D. Illinois, C.A. No. 1:99-8346; *Harvey Melnick, et al. v. Microsoft Corp.*, D. Maine, C.A. No. 2:99-377; *Burke Cueny v. Microsoft Corp.*, E.D. Michigan, C.A. No. 2:99-76057; *James Edwards v. Microsoft Corp.* D. New Mexico, C.A. No. 6:99-1476; *Daniel Sherwood, et al. v. Microsoft Corp.*, M.D. Tennessee, C.A. No. 3:99-1191; and *Charles T. Clark, Jr. v. Microsoft Corp.*, W.D. Tennessee, C.A. No. 1:99-1334. Accordingly, the question of Section 1407 transfer with respect to these actions is moot at this time. Also, various parties have notified the Panel of the pendency of more than twenty additional, potentially related actions pending in federal district courts. These actions, any other newly filed actions that come to the Panel's attention, and, for that matter, any of the dismissed actions subject to the original Section 1407 motion that may be reopened, will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 181 F.R.D. 1, 10-11 (1998).

- 2 -

A CERTIFIED TRUE COPY

eLeaders, Inc., in one of the District of District of Columbia actions, whose motion seeks centralization in the District of Columbia district of its action and the Alabama and Louisiana actions; 3) plaintiffs Linda Kloth, *et al.*, in the two Southern District of Ohio actions, whose motion seeks centralization in the Ohio district of only one of the Ohio actions, the Alabama action, and the District of Columbia *eLeaders* action; and 4) plaintiffs Precision Billing Service, Inc., *et al.*, in the Southern District of Illinois action, whose motion seeks centralization in the Illinois district of their action and the Alabama action.² All actions are brought, in whole or in part, on behalf of customers of Microsoft by plaintiffs who allege that Microsoft violated federal or state antitrust laws. Objections to transfer, generally, are raised with respect to transfer of particular actions: 1) plaintiffs in certain actions or potential tag-along actions who contend that actions removed by Microsoft from state to federal court should be excluded from transfer because there is no federal jurisdiction and the actions should be remanded to state court; 2) plaintiffs in certain actions who contend that actions brought on behalf of indirect purchasers should not be centralized or should be centralized separately from actions brought on behalf of direct purchasers; and 3) the non-Microsoft parties (plaintiffs Gravity, Inc., *et al.*, and defendants Compaq Computer Corp., Dell Computer Corp., and Packard Bell NEC) in one District of District of Columbia action (*Gravity*) that is the only action naming defendants in addition to Microsoft, who object to inclusion of *Gravity* in 1407 proceedings. Finally, plaintiffs in the Eastern District of Louisiana action have suggested that the Louisiana district should be selected as the transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Maryland before Chief Judge J. Frederick Motz will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise out of the same nucleus of operative facts pertaining to Microsoft's alleged antitcompetitive conduct in a purported market for personal computer operating systems. Accordingly, each action raises similar questions of market definition, the existence of monopoly power, the fact and significance of Microsoft's alleged anti-competitive conduct, and the existence and scope of any antitrust injury suffered by plaintiffs. Relevant discovery, including expert testimony, will overlap substantially in each action. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to overlapping class certification requests), and conserve the resources of the parties, their counsel and the judiciary.

Various plaintiffs' principal objection to Section 1407 transfer at this time is rooted in their contention that the Panel's decision should be stayed pending resolution of motions to remand to state court that are pending in their actions. We note, however, that jurisdictional and remand motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

---

²Much of the differences among the number of actions subject to the various motions seems to be in large part attributable to the various movants' awareness or lack of awareness of the pendency of related actions.

- 3 -

Other parties that either oppose inclusion of their respective action in Section 1407 proceedings or seek creation of two separate multidistrict dockets have argued, *inter alia*, that such an approach is necessary because 1) their action involves additional unique issues, parties or legal theories; and/or 2) centralization of all actions would be unduly burdensome. We are not persuaded by these contentions. We point out that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. Nor is the presence of additional or differing legal theories significant when the underlying actions still arise from a common factual core. We observe that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. Finally, to any parties who believe that the uniqueness of their particular situation or the type of their claims renders continued inclusion of their action in MDL-1332 unnecessary or inadvisable, we point out that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 181 F.R.D. 1, 11-13 (1998).

Given the range of locations of parties and witnesses in this docket and the geographic dispersal of constituent actions, it is clear that no single district emerges as a nexus. Thus we have searched for a transferee judge with the ability and temperament to steer this complex litigation on a steady and expeditious course, a quest that has encompassed virtually the entire corps of federal judges. By centralizing this litigation in the District of Maryland before Chief Judge Motz, a judge with considerable experience as a transferee judge for multidistrict litigation, we are confident that we are entrusting this important and challenging assignment to an able jurist who has the added advantage of sitting in an accessible, metropolitan district equipped with the resources that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions on the attached Schedule A be, and the same hereby are, transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable J. Frederick Motz for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

_____
John F. Nangle
Chairman

# SCHEDULE A

<u>MDL-1332 – In re Microsoft Corp. Windows Operating Systems Antitrust Litigation</u>

<u>Northern District of Alabama</u>

Blaine Cox, et al. v. Microsoft Corp., C.A. No. 1:99-3009   JFM-00-1242

<u>District of Arizona</u>

Wayne Mims v. Microsoft Corp., C.A. No. 2:99-2245   JFM-00-1243

<u>Southern District of California</u>

Clay Tyler, et al. v. Microsoft Corp., C.A. No. 3:99-2602   JFM-00-1244

<u>District of District of Columbia</u>

Gravity, Inc., et al. v. Microsoft Corp., et al., C.A. No. 1:99-363   JFM-00-1247
eLeaders, Inc. v. Microsoft Corp., C.A. No. 1:99-3090   JFM-00-1248
Franklin L. DeJulius v. Microsoft Corp., C.A. No. 1:99-3148   JFM-00-1249
Paul A. Deiter v. Microsoft Corp., C.A. No. 1:99-3275   JFM-00-1250

<u>Southern District of Florida</u>

Eric S. Lazarus v. Microsoft Corp., C.A. No. 0:99-7527   JFM-00-1251
To The Rescue Comprehensive Computer v. Microsoft Corp., C.A. No. 1:99-3301   JFM-00-1252
Elvarado Baptiste, et al. v. Microsoft Corp., C.A. No. 9:99-9076   JFM-00-1253

<u>Southern District of Illinois</u>

Precision Billing Services, Inc., et al. v. Microsoft Corp., C.A. No. 3:99-896   JFM-00-1256

<u>District of Kansas</u>

Elizabeth A. Wilson v. Microsoft Corp., C.A. No. 5:99-4192   JFM-00-1257

<u>Eastern District of Louisiana</u>

Jay S. Quigley, et al. v. Microsoft Corp., C.A. No. 2:99-3420   JFM-00-1258

<u>Eastern District of Michigan</u>

D's Pet Supplies, Inc. v. Microsoft Corp., C.A. No. 2:99-76056   JFM-00-1259
David Bach v. Microsoft Corp., C.A. No. 2:99-76086   JFM-00-1260

- 2 -

**MDL-1332 Schedule A (Continued)**

District of Minnesota

Rubbright Group v. Microsoft Corp., C.A. No. 0:99-2017   JFM-00-1261
Steven Neilsen v. Microsoft Corp., C.A. No. 0:99-2037   JFM-00-1262

Southern District of New York

Raymond Pryor v. Microsoft Corp., C.A. No. 1:99-12161   JFM-00-1263
Seastrom Associates, Ltd. v. Microsoft Corp., C.A. No. 1:99-12162   JFM-00-1264

Southern District of Ohio

Linda Dameron Kloth, et al. v. Microsoft Corp., C.A. No. 1:99-1043   JFM-00-1265
Linda Dameron Kloth, et al. v. Microsoft Corp., C.A. No. 2:99-1276   JFM-00-1266

District of South Carolina

Chris Campbell v. Microsoft Corp., C.A. No. 2:99-4165   JFM-00-1267

Eastern District of Tennessee

Denise Davenport v. Microsoft Corp., C.A. No. 3:99-660   JFM-00-1268

District of Vermont

Sara Cheeseman, et al. v. Microsoft Corp., C.A. No. 2:99-396   JFM-00-1269

Southern District of West Virginia

Harold A. Phillips v. Microsoft Corp., C.A. No. 2:99-1080   JFM-00-1271

Eastern District of Wisconsin

Matthew W. O'Neill v. Microsoft Corp., C.A. No. 2:99-1477   JFM-00-1272
Robert Weinke v. Microsoft Corp., C.A. No. 2:99-1505   JFM-00-1273