# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

------------------------------------------------------------x
IN RE MICROSOFT CORP.
ANTITRUST LITIGATION  :  MDL DOCKET NO. 1332
   Hon. J. Frederick Motz

This Document Relates To:  :
All Actions
------------------------------------------------------------x

## [~~PROPOSED~~] PRETRIAL ORDER NO. 1

Having considered the proposed Pretrial Order No. 1, it is hereby ORDERED that:

### CONSOLIDATION

1. The actions listed on Schedule A of the Transfer Order of the Judicial Panel on Multidistrict Litigation, dated April 25, 2000 ("Transfer Order"), and all actions subsequently transferred to this Court (collectively, "Tag-Along Actions") whether brought under federal antitrust law (hereinafter, "Sherman Act Cases") or following removal to this or another federal court and based on state law (hereinafter, "State Law Cases"), are, until further order, consolidated for pretrial proceedings (hereinafter, the "Consolidated Action"), pursuant to Federal Rule of Civil Procedure 42(a), except that the case of Gravity, Inc. v. Microsoft Corp., No. 99-CV-00363 shall be coordinated with the Consolidated Action as provided below.

### MASTER DOCKET AND MASTER FILES

2. A Master Docket and a Master File are hereby established for the Consolidated Action. The clerk of the Court shall assign a docket number to this Consolidated Action. The clerk of the Court shall file all pleadings in the Master File and note such filings in the Master Docket.

3. All orders, pleadings, motions and other documents served or filed in the Consolidated Action shall have the following caption:

```
UNITED STATES DISTRICT COURT
    DISTRICT OF MARYLAND

------------------------------------------------x
IN RE MICROSOFT CORP.                :
ANTITRUST LITIGATION
                                     :      MDL DOCKET NO. 1332
                                            Hon. J. Frederick Motz
This Document Relates To:            :
["All Actions" or specify by caption
and/or case number the applicable    :
case(s) if the document relates to
less than all of the consolidated cases]  :
------------------------------------------------x
```

4. The original of this Order shall be filed by the clerk in the Master File. The clerk shall mail a copy of this Order to counsel of record in the Consolidated Action and a copy thereof shall be filed in each subsequently filed or transferred similar action which is related to and consolidated with this action.

5. Filings related to issues particular to the Gravity, Inc. action shall be docketed in a separate case file under the same caption except for the notation "This Document Relates To: Gravity, Inc. v. Microsoft Corp.." In all other respects, Gravity, Inc. shall join in all other coordinated submissions by plaintiffs in the Consolidated Action.

## SUBSEQUENTLY FILED OR TRANSFERRED RELATED ACTIONS

6. Any Tag-Along Action will be reassigned to this Court and consolidated with the Consolidated Action.

7. Promptly upon learning of the filing in this Court, or transfer thereto, of any action arising from the same events as the subject matter of the Consolidated Action, Microsoft counsel shall provide written notice of same to the Court and to plaintiffs' Co-Chairs (as hereinafter defined). Upon five (5) business days of receipt of such notice, plaintiffs' Co-Chairs shall mail a copy of this Order to plaintiff's counsel in each such action and to counsel for any defendant who is not already a party to any action included in the Consolidated Action.

8. Counsel for any party to any such subsequently filed or transferred action, not already appearing, may object to the consolidation of such action by filing with the Court and serving upon plaintiffs' Co-Chairs and counsel for all defendants in such action a written objection and application for relief within fifteen (15) days of the service of this Order upon counsel of the objecting party.

## COORDINATION OF DISCOVERY

9. It is desirable, to the maximum extent possible, to avoid duplication of discovery proceedings. To that end, counsel in this Consolidated Action shall take all reasonable and necessary steps to coordinate discovery and other proceedings as much as possible so that the proceedings in related cases pending in state courts are coordinated as much as possible with proceedings in this Consolidated Action. If a deposition is taken after October 31, 2000 in any of the related cases pending in any state court, any party to this Consolidated Action may serve a cross-notice of deposition in this Consolidated Action.

10. Counsel for the parties in the Consolidated Action and any coordinated actions shall confer and cooperate with each other as necessary to avoid cumulative or duplicative discovery and shall coordinate to the extent reasonably possible. The Plaintiffs' Lead Counsel, as identified below, shall act on behalf of all plaintiffs in initiating, conducting and coordinating discovery. Counsel in a coordinated case may initiate discovery as to issues unique to that case after consulting with Plaintiffs' Lead Counsel to attempt to coordinate such discovery with other discovery efforts.

11. Plaintiffs' Lead Counsel, as identified below, in this Consolidated Action shall seek to confer with counsel for the parties in the cases pending in state courts for the purposes of negotiating stipulations or agreements coordinating pretrial discovery so as to avoid cumulative or duplicative discovery to the extent reasonably possible. Plaintiffs' Lead Counsel , shall act on behalf of plaintiffs in the Consolidated Action in attempting to negotiate such stipulations or agreements.

## ORGANIZATION OF PLAINTIFFS' COUNSEL

12. The Court hereby designates the following Lead Counsel to lead the efforts on behalf of all plaintiffs, as described further below:

**Plaintiffs' Lead Counsel Committee**

Stanley M. Chesley, Co-Chair
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.

Michael D. Hausfeld, Co-Chair
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.

Ben Barnow
BARNOW and GOLDBERG, P.C.

4

Joseph P. Danis
CAREY & DANIS, L.L.C.

Robert L. Lieff
LIEFF, CABRASER, HEIMANN, & BERNSTEIN, L.L.P.

Christopher Lovell
LOVELL & STEWART

Alice McInerney
KIRBY, MCINERNEY & SQUIRE, L.L.P.

Leonard B. Simon
MILBERG, WEISS, BERSHAD, HYNES & LERACH, L.L.P.

Douglas G. Thompson
FINKELSTEIN, THOMPSON & LOUGHRAN

By separate order, further counsel may, if appropriate, be later designated as additional members of the Lead Counsel Committee.

13. The Co-Chairs shall act as joint chairpersons of the Plaintiffs' Lead Counsel Committee and shall facilitate the orderly and efficient functioning of the Plaintiffs' Lead Counsel Committee and Executive Committee (as identified below) and the prosecution and litigation of plaintiffs' claims in the Consolidated Action. The Co-Chairs shall receive orders, notices, correspondence and telephone calls on behalf of all plaintiffs and transmit copies of the above to plaintiffs' counsel. The Plaintiffs' Lead Counsel shall, in consultation with the Executive Committee, have the responsibility on behalf of plaintiffs for: (a) determining the scope, order and conduct of all discovery proceedings; (b) making such work assignments to other plaintiffs' counsel as they may deem appropriate (c) creation of working committees and appointment of members thereto; and (d) the initiation, response, scheduling, briefing and argument of all motions. In the Consolidated Actions, Plaintiffs' Lead Counsel shall, in consultation with the Executive Committee, have the

responsibility on behalf of plaintiffs for (a) retention of experts; (b) conducting settlement negotiations; and (c) the prosecution in this Court of any claims on behalf of plaintiffs.

14. The Court hereby designates an Executive Committee consisting of the following:

>Gordon Ball
>LAW OFFICE OF GORDON BALL
>
>Nicholas E. Chimicles
>CHIMICLES & TIKELLIS, LLP
>
>John J. Cummings III
>CUMMINGS, CUMMINGS & DUDENHEFER
>
>Dianne M. Nast
>RODA & NAST
>
>Linda P. Nussbaum
>POMERANTZ, HAUDEK, BLOCK, GROSSMAN & GROSS, L.L.P.
>
>Lynn L. Sarko
>KELLER ROHRBACK, L.L.P.
>
>Howard J. Sedran
>LEVIN, FISHBEIN, SEDRAN & BERMAN
>
>David D. Shelby
>SHELBY & CARTEE
>
>Robert A. Skirnick
>MEREDITH, COHEN, GREENFOGEL & SKIRNICK, P.C.
>
>[Plaintiffs' Lead Counsel propose that one additional position on the Executive Committee be given to one attorney to be jointly selected by the law firms of Duane, Morris & Heckscher, Girard & Green, Kramon & Graham and Kronick, Moskovitz, Tiedemann & Girard. The Court will be advised at a later time concerning the attorney selected.]

By separate order, further counsel may, if appropriate, be later designated as additional members of the Executive Committee.

6

15. The Executive Committee shall be responsible for consulting with Plaintiffs' Lead Counsel on all litigation matters and the performance of such work assignments as designated by Plaintiffs' Lead Counsel.

16. Counsel in any Tag-Along Action that is or will be consolidated with the Consolidated Action shall be bound by this organizational structure.

## APPEARANCES

17. All counsel who have filed their appearances in this action or who may hereafter file their appearances on behalf of any party to this action, and who are not members of this Court but are in good standing in the jurisdiction where they regularly practice law, are deemed admitted <u>pro hac vice</u> for purposes of this litigation.

## PRESERVATION OF DOCUMENTS

18. The parties will preserve documents and evidence in accordance with Paragraph 4(d) of the Court's Order No. 1 dated May 3, 2000 regarding preservation of documents, subject to such further Order as may be entered by the Court.

## DISCOVERY

19. Within 14 days after June 16, 2000 and entry by the Court of a protective order concerning confidential discovery materials, Microsoft shall produce to Plaintiffs' Lead Counsel all documents, as defined by Fed. R. Civ. P. 34(a)(1):

(a) produced by Microsoft in <u>United States v. Microsoft Corp.</u>, No. 98-1232

(D.D.C., Jackson, J.) ("Microsoft II"), and all pleadings, exhibits and deposition and hearing transcripts filed or created in that action, except documents that were filed under seal or designated as Confidential or Highly Confidential by third parties under the applicable protective order. Microsoft will provide a list of all such documents filed under seal and will cooperate with plaintiffs in any application to the District Court of the District of Columbia in seeking to obtain access for plaintiffs to such documents. Microsoft will not assert objections to subpoenas of third parties for documents produced in Microsoft II or the case of United States v. Microsoft Corp., which resulted in entry of a consent decree in 1994 ("Microsoft I");

(b) produced by Microsoft in Caldera, Inc. v. Microsoft Corp., No. 2:96 CV 0645B (D. Utah), ("Caldera"), and all pleadings, exhibits and deposition and hearing transcripts filed or created in that action, except documents that were filed under seal or designated as Confidential or Highly Confidential by third parties under the applicable protective order. Microsoft will cooperate with plaintiffs in any application to the District Court of the District of Utah in seeking to obtain access for plaintiffs to documents filed under seal or designated by third parties as Confidential or Highly Confidential. Microsoft will not assert objections to subpoenas of third parties for documents produced in Caldera;

(c) produced by Microsoft in Microsoft I, including pleadings, exhibits and deposition and hearing transcripts from that case to the extent such documents are not within the documents produced pursuant to Paragraphs 19(a) and 19(b) of this Order, except documents that were filed under seal and/or designated as Confidential or Highly Confidential by third parties under the applicable protective order. Microsoft will cooperate

with plaintiffs in any application to the District Court of the District of Columbia in seeking to obtain access for plaintiffs to such documents.

20. On or before July 31, 2000, provided that the Court has entered a protective order, Microsoft shall produce to Plaintiffs' Lead Counsel exemplars of all contracts and licenses created or used after January 1, 1990 between Microsoft and the top twenty OEMs in the United States, and exemplars of licenses to end users created or used after January 1, 1990, for Microsoft DOS, Windows 3.x series and Windows 9x series (including, but not limited to, Windows 95 and Windows 98) operating system software, and Excel, Word and Office suites software. To the extent that such contracts or licenses were produced by Microsoft in Microsoft I, Microsoft II and Caldera and filed under seal or designated as Confidential or Highly Confidential, Microsoft shall produce to plaintiffs copies of such documents within 14 days after June 16, 2000 and entry of a protective order in this action. Nothing in this Paragraph shall limit the right of plaintiffs to later request any documents that are not being produced pursuant to this Paragraph, or the right of Microsoft to object to any such requests.

21. Microsoft is not required by this Order to produce source code for its software. Plaintiffs are not precluded from seeking production of documents containing source code in subsequent document requests, and Microsoft may object to any request for such documents.

22. All documents produced by Microsoft pursuant to Paragraphs 19 and 20, above, that were created by Microsoft or its employees shall be deemed authenticated for all purposes in all actions transferred to this Court, both while such actions are pending before this Court and after remand, if any, to transferor courts.

23. All documents produced in this action shall be made available to counsel in any action that has not been transferred to this Court, but which arises out of the same facts and circumstances alleged in cases consolidated in this MDL 1332 proceeding, ("non-transferred actions") provided that: (a) counsel in such non-transferred action has executed the confidentiality undertaking attached as Exhibit A to the protective order entered in this action; (b) a protective order no less restrictive than that entered in this case has been entered in the non-transferred action; (c) counsel for Microsoft shall receive notice as provided by the protective order herein seven days prior to the time that counsel in the non-transferred action obtains access to such documents; and (d) counsel in such non-transferred action agrees to the procedures set forth in Paragraphs 24 and 25 of this Order.

24. A moratorium shall be placed on all other discovery until October 31, 2000, except: (a) there shall be no moratorium on discovery of documents and things pursuant to Fed. R. Civ. P. 34; (b) there shall be no moratorium concerning discovery directed to third parties pursuant to Fed. R. Civ. P. 45; (c) depositions of individuals in very ill health may be taken prior to October 31, 2000; (d) depositions concerning issues raised by motions to dismiss or for summary judgment may be taken prior to October 31, 2000; (e) there shall be no moratorium on document requests and production referring or relating to the software application markets identified in the Consolidated Complaint; and (f) other discovery may be conducted prior to October 31, 2000 by plaintiffs to the extent it is reciprocal of discovery taken by defendants, including discovery with respect to class certification issues.

25. All depositions noticed in this MDL 1332 proceeding shall be cross-noticed in any non-transferred action in which plaintiffs' counsel have been provided access to documents pursuant to Paragraph 23 of this Order. After October 31, 2000, all depositions noticed in any non-transferred action shall be noticed in this MDL 1332 proceeding. All depositions taken in this MDL 1332 proceeding that have been cross-noticed in other actions pursuant to this paragraph shall be deemed to have been taken in such other actions. All depositions taken in non-transferred actions that have been cross-noticed in this MDL 1332 proceeding as provided in this paragraph shall be deemed to have been taken in this MDL 1332 proceeding.

26. Microsoft shall provide Plaintiffs' Lead Counsel on or before July 31, 2000 with a list of civil investigative demands propounded to Microsoft by the United States between 1994 and 1998. Discovery concerning civil investigative demands and documents or information provided in response to such demands shall otherwise be subject to the Federal Rules of Civil Procedure.

## MISCELLANEOUS

27. Service of pleadings and other documents by defendants need be made only upon both plaintiffs' Co-Chairs.

28. Service of pleadings and other documents by plaintiffs shall be made upon counsel designated by defendants.

29. All plaintiffs' counsel shall keep contemporaneous records of their time devoted to this litigation. Those records shall reflect the date of legal service rendered, the nature of the service, and the number of hours consumed. During the pendency of the

litigation, the record of each plaintiffs' counsel shall be submitted on a quarterly basis to the Executive Committee member designated by plaintiffs' Co-Chairs. Such records will be deemed work product.

IT IS SO ORDERED.

Dated: Mar 26, 2010

J. Frederick Motz
United States District Judge