# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Conway, Mackenzie & Dunleavy, P.C. v. Microsoft Corp.*,<br>    Case No. C-02-3605-CW (N.D. Cal.)<br>*Cooper v. Microsoft Corp.*,<br>    Case No. C-02-3517-CW (N.D. Cal.) | MDL DOCKET NO. 1332<br><br>Hon. J. Frederick Motz |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENTER SCHEDULING ORDER, OR IN THE ALTERNATIVE TO REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA**

In support of their Motion to Enter Scheduling Order, or in the Alternative to Remand to the Northern District of California, the Plaintiffs in the above-referenced actions state:

1. Plaintiffs are direct purchasing resellers of Microsoft software, a category of Microsoft's customers that includes personal computer manufacturers ("OEMs") and hardware and software distributors.

2. Plaintiffs filed class actions on July 23, 2002 and July 26, 2002 in the Northern District of California, seeking treble damages and other relief under the Clayton Act to recover the overcharges that they and other direct purchasing resellers paid to Microsoft as a result of Microsoft's illegally acquired or maintained monopolies in personal computer (PC) operating systems, word processing applications, and spreadsheet applications. Plaintiffs' claims are the same claims that have been litigated by the other purchaser plaintiffs in MDL 1332 since MDL 1332's inception over two and one-half years ago. There are no merits issues unique to the

reseller cases. Microsoft, therefore, has had every opportunity for discovery in MDL 1332 on all merits issues in the reseller cases. Similarly, Microsoft's experts were afforded every opportunity to address, and did address, those issues in their expert reports.

3. On August 1, 2002, Plaintiffs filed a Notice of Potential Tag-Along Action with the Judicial Panel on Multidistrict Litigation. As a result, on October 22, 2002 the direct purchasing reseller class actions were conditionally transferred to this Court for pretrial proceedings pursuant to 28 U.S.C. § 1407. The transfer became effective on November 4, 2002.

4. On December 19, 2002, Plaintiffs filed a motion in this Court seeking certification of the following classes:

- All persons and entities who acquired directly from Microsoft, in the United States, a license for Microsoft single-user operating system software, including upgrades, compatible with $x86$ personal computers, other than for end use, at any time during the Class Period ("Operating Systems Class").

- All persons and entities who acquired directly from Microsoft, in the United States, a license for a Windows-compatible version of Microsoft Word software, either as a stand-alone product or as part of the Microsoft Office suite, including upgrades, other than for end use, at any time during the Class Period ("Word Class").

- All persons and entities who acquired directly from Microsoft, in the United States, a license for a Windows-compatible version of Microsoft Excel software, either as a stand-alone product or as part of the Microsoft Office suite, including upgrades, other than for end use, at any time during the Class Period ("Excel Class").

- Included in the classes are persons and entities located outside the United States to the extent they acquired the relevant software from or through a facility located in the United States. Excluded from the classes are Microsoft, its subsidiaries, affiliates, officers, directors and employees, and government entities.

5.   These classes involve the same products and markets that have been at issue from the outset of MDL 1332. Both the direct purchasing end users (who moved for class certification on September 5, 2001) and the reseller plaintiffs seek to represent classes of direct purchasers. The September 5 class motion seeks certification of classes of direct purchasing *end users*, while the subsequent class motion requests certification of classes of direct-purchasing *resellers*. Together, the two sets of classes cover all direct purchasers from Microsoft.

6.   Microsoft has failed to respond to the Plaintiffs' class certification motion. *See* Local Civ. Rule 105(a) (setting fourteen-day deadline for responses to motions). While the class motion thus is unopposed, Plaintiffs, instead of asking the Court to grant the motion by default, request that the Court enter the attached proposed schedule (Ex. A hereto) for the orderly and prompt completion of class certification proceedings. Alternatively, Plaintiffs request that the Court enter a suggestion of remand of Plaintiffs' actions to the Northern District of California at this time.

7.   Indirect purchaser classes have been certified in ten states, based on discovery developed in the coordinated MDL action. At Microsoft's strenuous urging and insistence, class certification in the indirect purchaser actions proceeded *without* any significant independent discovery in the state courts. Those ten indirect purchaser class certification proceedings logically subsume any class certification issues that Microsoft could raise in the direct purchasing reseller actions, since the indirect purchasers allege damages from overcharges passed on by direct purchasers. Specifically, the existence and size of the overcharge paid by direct purchasing resellers was at issue in all ten state court actions – indeed, in every indirect purchaser action against Microsoft – because end users who bought from these resellers could not be

3

injured unless the resellers paid an overcharge. Microsoft was not precluded in any way from seeking whatever discovery it needed on the issue of the overcharge to resellers.

8. Microsoft has declined Plaintiffs' invitation to enter an agreed schedule for prompt completion of pretrial proceedings in the direct purchasing reseller actions. Microsoft's stated objection to Plaintiffs' scheduling proposals has been that, in Microsoft's view, "substantial" new discovery is needed regarding class certification and merits issues.

9. Plaintiffs disagree with Microsoft's position that "substantial" new discovery is needed. Microsoft has had two years' worth of vigorous discovery in MDL 1332 to flesh out every conceivable defense it could have to Plaintiffs' claims. This MDL discovery period was in addition to years' worth of discovery in *United States v. Microsoft* and *State of New York v. Microsoft*, including the penalty phase of those actions. Quite simply, if Microsoft has not adequately supported any defenses it has during this vast and longlasting discovery process, then how can it be expected to do so at this late date?

10. Moreover, despite Microsoft's claim that it needs substantial discovery, it has not initiated *any* discovery in the reseller cases since they were filed nearly six months ago.

11. The direct purchasing end users' damages expert, Dr. Jeffrey Leitzinger, submitted his damages report on August 26, 2002. The report estimates damages for the proposed classes of direct purchasing end users and for all direct purchasers nationwide. Report of Jeffrey J. Leitzinger ("Leitzinger Rpt."), Aug. 26, 2002, ¶¶ 59, 60 and Exhibits 16, 17. On October 4, 2002, Microsoft responded with *nine* expert reports, each of which addresses damages issues to some degree, and two of which present their own damages methodology. It is fair to say that damages issues in the direct purchasing end user cases have been thoroughly explored.

12. The analytical framework for estimating damages is the same whether the direct purchaser class is of resellers or end users. The damages work of all experts, both Microsoft's and the direct purchasing end users', is fully applicable to the reseller cases. Indeed, the direct purchasing resellers intend to rely on the end user experts' existing work to support their claims.

13. Plaintiffs' proposed schedule permits the parties a reasonable opportunity to engage in any non-duplicative class certification discovery. The schedule grants Microsoft nearly three months from the date of Plaintiffs' class certification motion in which to prepare its opposition. The proposed schedule does not provide for merits discovery or expert reports because, as discussed above, neither is needed.

14. Plaintiffs believe that the attached proposed schedule is amply sufficient for class certification proceedings and ask the Court to enter it. Alternatively, Plaintiffs request that the Court enter a suggestion of remand of the direct purchasing reseller actions to the Northern District of California pursuant to 28 U.S.C. § 1407(a), for the following reasons.[1]

15. If Microsoft is correct in its view that the MDL discovery proceedings have been wholly inadequate to address direct-purchasing reseller class certification and merits issues, then no purpose is served by attempting to "coordinate" such discovery with the other MDL purchaser cases. Fact discovery in the MDL is closed as to the purchaser cases. If direct purchasing reseller actions are as different from the other direct purchaser cases as Microsoft seems to believe, then the assertedly unique issues should be explored in the Northern District of California where those cases will ultimately be tried.

---

[1] The Rules of the Judicial Panel on Multidistrict Litigation require the Panel to consider remand of a transferred action "[upon] suggestion of the transferee district court." JPML R. 7.6(c)(ii).

5

Dated: January 17, 2003 　　　　　　　　　　　　Respectfully submitted,

/ s/ Stanley M. Chesley
Stanley M. Chesley
Robert Heuck II
WAITE, SCHNEIDER, BAYLESS
  & CHESLEY Co., L.P.A.
1513 Fourth & Vine Tower
1 West Fourth Street
Cincinnati, OH 45202

Christopher Lovell
Lovell & Stewart, L.L.P.
500 Fifth Avenue, Suite 5800
New York, NY 10110

Nicholas E. Chimicles
Chimicles & Tikellis LLP
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041-0110

David D. Shelby
Shelby & Cartee
2956 Rhoades Circle, S.
Birmingham, AL 35205

Robert A. Skirnick
Meredith Cohen Greenfogel,
 & Skirnick, P.C.
63 Wall Street
New York, NY 10005

/s/ Michael D. Hausfeld
Michael D. Hausfeld
Daniel A. Small
COHEN, MILSTEIN, HAUSFELD
 & TOLL, 100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005

Douglas Thompson
Finkelstein, Thompson & Loughran
1055 Thomas Jefferson St. SW
Suite 6012
Washington, D.C. 20007

Dianne M. Nast
Roda & Nast, P.C.
801 Estelle Drive
Lancaster, PA 17601

Lynn L. Sarko
Keller Rohrback, LLP
1201 Third Avenue
Suite 3200
Seattle, WA 98101-3052

John J. Cummings III
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA 70130

# Exhibit A

# PROPOSED SCHEDULE FOR
# DIRECT PURCHASING RESELLER CASES

| | |
|---|---|
| Deadline for Class Certification Discovery | March 7, 2003 |
| Microsoft's Opposition to Class Certification Due | March 14, 2003 |
| Plaintiffs' Class Certification Reply Due | April 11, 2003 |
| Suggestion of Remand to Northern District of California for Trial | July 11, 2003 (if not now) |