# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth* v. *Microsoft Corp.*, 1:00cv02117. | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into as of September 16, 2003, on behalf of the Class (as defined below), and Microsoft Corporation ("Microsoft"), in the above-captioned action.

WHEREAS, plaintiffs in this action have made certain claims against Microsoft;

WHEREAS, Microsoft denies plaintiffs' allegations of unlawful conduct, damages and injuries;

WHEREAS, Lead Counsel for the Class (a) have concluded that it would be in the best interests of the Class to enter into this Settlement Agreement, and (b) consider the settlement set forth below to be fair, reasonable, adequate and in the best interests of the Class;

WHEREAS, Microsoft has concluded that it will enter into this Settlement Agreement in order to, among other things, avoid the further expense of litigation;

WHEREAS, neither plaintiffs nor Microsoft by this Settlement Agreement intend to resolve, settle or impair the claims or prejudice the rights of any plaintiff in the *Kloth* action (as defined below) who is not a member of the Class;

WHEREAS, the parties hereto intend to resolve and to settle the claims of the Class, at law or in equity, arising from their direct purchases of licenses for Microsoft Operating System software;

WHEREAS, the Class Representatives (as defined below) intend to seek appellate review of the Court's prior rulings declining to include other licensees of Microsoft Operating System software in the Class, and Microsoft has agreed that it will not argue on that appeal that by virtue of this Settlement Agreement the Class Representatives are (a) precluded from seeking such appellate review or (b) precluded from acting as class representatives;

WHEREAS, the parties hereto intend to resolve and settle the claims of the Class without impairing any rights the Class Representatives may have to shift the cost of litigation, including attorneys' fees and expenses, to other licensees of Microsoft Operating Systems software in the event that a broader class of licensees of Microsoft Operating System software is subsequently certified following an appeal by the Class Representatives and the members of that broader class recover whether by settlement or by judgment;

NOW, THEREFORE, it is agreed by the undersigned, subject to Court approval, that All Claims (as defined below) of the Class against Microsoft be settled and compromised, and that the *Kloth* action be dismissed, without costs to any party, on the following terms and conditions:

-2-

# I. DEFINITIONS

For purposes of this Settlement Agreement, the following terms shall have the meanings set forth below:

A.    "All Claims" means all claims, demands, actions, suits and causes of action, at law or in equity, against Microsoft and/or its directors, officers, employees, attorneys, insurers or agents, whether known or unknown, asserted or unasserted, that any member of the Class ever had, could have had, now has or hereafter can, shall or may have (1) relating in any way to any conduct, act or omission that occurred, or failed to occur, prior to April 30, 2003 and that was or could have been alleged in the *Kloth* action as the basis for any antitrust or unfair competition claim; or (2) arising from the direct purchase and/or acquisition of a license for a Microsoft Operating System (as defined below) and arising under or related to any laws concerning or relating to (a) antitrust (including without limitation the Sherman Antitrust Act, 15 U.S.C. §§ 1, *et seq.*), (b) unfair competition, (c) unfair practices, (d) consumer protection, (e) price discrimination, (f) unconscionable or unfair pricing, (g) trade regulation, (h) trade practices, or (i) other federal or state law, regulation or common law similar or analogous to any of the above. "All Claims" does not include (a) claims relating to Microsoft's conduct, acts or omissions that occur or occurred after April 30, 2003; and (b) claims arising from what the Court has previously held to be indirect purchases (*i.e.*, purchases made from an entity other than Microsoft) of a license for Microsoft Operating System software.

B.    The "Class" means:  (1) all persons and entities in the United States who acquired directly from Microsoft through the shop.microsoft.com Web site (by ordering

on line or by calling the toll free number provided there by Microsoft) a license, other than for resale or re-licensing, for Microsoft single-user operating system software, including upgrades, compatible with *x*86 computers, but not including Windows 2000 or Windows NT, from February 22, 1999 through April 30, 2003; and (2) all persons and entities in the United States who acquired directly from Microsoft through direct marketing campaigns (by placing an order in response to such a campaign and paying an amount in excess of shipping and handling charges), a license, other than for resale or re-licensing, for Microsoft single-user operating system software in Full Packaged Product form, including upgrades, compatible with *x*86 computers, but not including Windows 2000, Windows NT, or any beta, preview or other trial version of Microsoft single-user operating system software, from November 10, 1995 through April 30, 2003. The Class includes plaintiffs Franklin DeJulius, Paul Deiter and Gary Leach.

  C.  "Class Period" means the period from November 10, 1995 through April 30, 2003.

  D.  "Class Representatives" means Franklin DeJulius, Paul Deiter and Gary Leach.

  E.  "Counsel for the Class" means Lead Counsel (as defined below) and all other counsel of record in the *Kloth* action.

  F.  "Court" means the United States District Court for the District of Maryland in Baltimore, Maryland.

  G.  "Date of Final Approval" means the first date upon which all of the events listed in section I.I below have occurred.

H.    "Effective Date of the Settlement" means 60 days after the Date of Final

Approval.

I.    "Final Approval" means the occurrence of all of the following events:

1.    This settlement is approved in all respects by the Court;

2.    The Court enters an Order of Approval and Final Judgment as

provided in section II.E below;

3.    The Court dismisses the *Kloth* action as provided in section II.E

below;

4.    The time to appeal or seek permission to appeal from the Court's

Order of Approval and/or Final Judgment has expired, or, if appealed, the Order of

Approval and Final Judgment have been affirmed in their entirety by the court of last

resort to which such appeal has been taken and such affirmance has become no longer

subject to further appeal or review.

J.    "Kloth Action" means the action captioned *Kloth* v. *Microsoft Corp.*,

1:00cv02117, pending in this Court.

K.    "Lead Counsel" or "Lead Counsel for the Class" means Michael D.

Hausfeld and Stanley M. Chesley.

L.    "Microsoft" means Microsoft Corporation, its successors, assigns and

subsidiaries.

M.    "Microsoft Operating System" means MS-DOS and the Windows

products listed on Appendix A hereto, but excluding any beta, preview or other trial

version of MS-DOS or the Windows products.

N.      "Opt-Out Date" means the postmark date by which members of the Class must mail their request to be excluded from the Class in order for that request to be effective.

O.      "Settlement Administrator" means a competent firm experienced in the administration of large-scale class action settlements to be selected by Microsoft and Lead Counsel for the Class, approved by the Court, and designated to receive opt-out notices from class members under section II.D.2 below.

P.      "Settlement Amount" means the amount to be paid to the Class, which is 55.1% of the amount that members of the Class paid for their licenses of Microsoft Operating Systems purchased through shop.microsoft.com (by ordering on line or calling or calling a toll free number provided by Microsoft) and through Microsoft direct marketing campaigns between November 10, 1995 through April 30, 2003. Based upon Microsoft's records, the parties believe that the maximum aggregate Settlement Amount is approximately $10,500,000.00, exclusive of costs of notice, administration, attorneys' fees and expenses, but that amount is subject to increase in accordance with section V.B below.

## II. COURT APPROVAL, CLASS NOTICE AND OPT-OUT PROCEDURES

A.      <u>Best Efforts</u>. Lead Counsel for the Class and Microsoft agree to recommend approval of this Settlement Agreement to the Court and agree to use their best efforts to obtain approval of this Settlement Agreement and to carry out the terms thereof. Lead Counsel and Microsoft shall support the settlement contemplated by this Settlement Agreement in any forum.

B.    <u>Motion for Preliminary Approval</u>.  Lead Counsel shall submit to the Court on or before September 30, 2003 a motion for preliminary approval of this Settlement Agreement on behalf of the Class, together with a proposed preliminary approval order in the form appended hereto as Appendix B.  The motion for preliminary approval shall (a) seek preliminary approval of the proposed settlement; (b) seek approval of the form and manner of notice and opt-out procedures as set forth in sections II.C and II.D below, and (c) ask the Court to schedule a hearing date for final approval of this Settlement Agreement.

C.    <u>Notice</u>

1.    In the motion for preliminary approval of this Settlement Agreement, Lead Counsel shall apply to the Court for an order authorizing notice in three manners:  First, notice by U.S. mail and e-mail to the Class substantially in the form to be agreed upon by Lead Counsel and Microsoft, and as approved by the Court.  Such notice (the "Class Notice") shall inform the Class of the terms of the Settlement Agreement, advise them of the right to request exclusion from the Class, and state the date scheduled by the Court for the hearing on final approval of the settlement.  Second, notice by an Internet Web site.  Such Web site is to be established by Microsoft and shall post the Class Notice.  Third, notice by publication substantially in the form to be agreed upon by Lead Counsel and Microsoft, and as approved by the Court.  Such notice (the "Publication Notice") shall advise of the general description of the Class and the existence of the Settlement Agreement, and shall identify where persons who may be members of the Class can obtain further information.

2.      Lead Counsel and Microsoft agree that, under the circumstances, the best practicable means of notice to the Class is notice by U.S. mail substantially in the form adopted pursuant to section II.C.1 above to be mailed (a) to all identifiable Class members whose mailing addresses are in the shop.microsoft.com database or Microsoft's records of its direct marketing campaigns, and (b) to the Class Representatives in this case at their last known mailing address. The mailed notice to each identifiable Class member will include a printout (to be provided to the Settlement Administrator by Microsoft) of the number of licenses purchased in each applicable product category found in the shop.microsoft.com database and the records of Microsoft's direct marketing campaigns for that identifiable Class member and the purchase price for each license. The Settlement Administrator shall utilize a service to update these mailing addresses and shall utilize the national change of address service through the United States Postal Service to obtain corrected mailing addresses for Class members whose notices are returned because they were sent to incorrect addresses. Microsoft will bear the cost of such notice and will pay up to an additional five thousand dollars to allow the Settlement Administrator to utilize other reasonable means to obtain corrected addresses.

3.      In addition to notice by U.S. mail, in any instance where Microsoft's records include an e-mail address but no physical address, Microsoft will arrange to e-mail notice substantially in the form adopted pursuant to section II.C.1 above to all identifiable Class members whose e-mail addresses are in the shop.microsoft.com database or Microsoft's records of its direct marketing campaigns. The reference line for that e-mail notice shall state "Important Court Ordered Notice-Please Read." The Notice shall be contained in the body of the e-mail message and not as an attachment.

-8-

4.    Within about 14 days after mailing of the Class Notice, Microsoft shall arrange to have the Publication Notice published in a national weekday edition of USA Today.

5.    Lead Counsel and Microsoft shall use all reasonable efforts to ensure that the notice by mail pursuant to II.C.2 above is completed during a period ("Notice Period"), which shall begin on a date within 60 days after the Court enters an order preliminarily approving this Settlement Agreement ("Notice Commencement Date") and that shall end 60 days after the Notice Commencement Date ("Notice Ending Date") or such other period of time as ordered by the Court. Notice sent by e-mail pursuant to section II.C.3 above shall be provided during the same period.

6.    Microsoft will bear the costs of notice and administration as provided under this section II.C, whether or not this Settlement Agreement obtains Final Approval or is otherwise terminated.

D.    Opt-Out Procedures

1.    Eligibility. Lead Counsel for the Class and Microsoft will recommend that the Court approve an Opt-Out Date that is 60 days after the Notice Ending Date. Any member of the Class may request exclusion from ("opt out" of) the settlement on or before the Opt-Out Date through the method described below. Except as otherwise authorized by law, no person may opt out on behalf of any other person, persons, classes or sub-classes. Lead Counsel represents that the Class Representatives will not opt out of the settlement.

2.    Method of Exercise. Each member of the Class wishing to opt out of the Class must individually sign and submit timely written notice to a Post Office Box

-9-

designated by the Settlement Administrator. This written notice must be signed, include the Class member's name and clearly manifest an intent to be excluded from the Class. If the Class member is a company or an organization, the written notice must also contain the name and address of the company or organization, the position of the person submitting the exclusion request, and a statement that the person executing the request is authorized to do so on behalf of the company or organization. To be effective, written notice must be postmarked on or before the Opt-Out Date.

E.    Motion for Court Approval and Entry of Final Judgment. Within 60 days of the Opt-Out Date, Lead Counsel and Microsoft shall seek entry by the Court of an Order of Approval and Final Judgment, substantially in the forms appended hereto as Appendix C and D, respectively, and:

1.    Determining that Microsoft and the Class have submitted to the jurisdiction of the Court for purposes of this settlement, that the Court has personal jurisdiction over Microsoft and all members of the Class and that the Court has jurisdiction to approve this Settlement Agreement as fair, reasonable and adequate under Federal Rule of Civil Procedure 23;

2.    Finding that the notice implemented pursuant to section II.C above (a) constitutes reasonable and the best practicable notice; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of this action, the terms of this settlement, the right to object to or exclude themselves from this settlement, and to appear at the hearing on final approval; (c) constitutes due, adequate and sufficient notice to all persons or entities entitled to

receive such notice; and (d) meets the requirements of due process, the Federal Rules of

Civil Procedure and any other applicable law or rules of the Court;

      3.      Directing that All Claims of the Class Representatives and of the

Class (other than those members of the Class who have timely excluded themselves) be

dismissed with prejudice and, except as provided for herein, without costs. That

dismissal shall not affect or impair (a) claims relating to Microsoft's conduct, acts or

omissions that occur or occurred after April 30, 2003, and (b) claims arising from what

the Court has previously held to be indirect purchases (*i.e.*, purchases made from an

entity other than Microsoft) of a license for Microsoft Operating System software;

      4.      Reserving for the Court exclusive jurisdiction over this settlement,

including the administration, consummation and enforcement of this settlement;

      5.      Determining that there is no just reason for delay and directing that

the entry, pursuant to Fed. R. Civ. P. 54(b), of a Final Judgment dismissing All Claims of

the Class Representatives and the Class (other than those members of the Class who have

timely excluded themselves) on the terms provided by this Settlement Agreement;

      6.      Directing that, for a period of four years from the Effective Date of

the Settlement, the Clerk of the Court shall maintain the record of those members of the

Class who have timely excluded themselves from the Class and that a certified copy of

such records shall be provided to Microsoft at Microsoft's expense;

      7.      Incorporating the release set forth in section III below and forever

discharging Microsoft from All Claims of the Class Representatives and the Class (other

than those members of the Class who have timely excluded themselves).

-11-

F.  Appeal of Class Certification Ruling:  The Class Representatives intend to pursue an appeal addressing the Court's class certification rulings in which they will seek to establish that the Court should have included the damage claims of other licensees of Microsoft Operating System software in the Class.  For purposes of that appeal, Microsoft will not argue that by virtue of this Settlement Agreement, its approval by the Court, the entry of the Final Judgment contemplated by this Settlement Agreement or the disbursement of the Settlement Amount to the Class Representatives, the Class Representatives are (a) precluded from seeking such appellate review or (b) precluded from acting as class representatives.  Microsoft does not concede that the Court erred in excluding other licensees from the Class, and it retains the right to make any other argument on appeal, including (but not limited to) arguments that the Class Representatives are atypical or inadequate for some reason other than this Settlement Agreement, its approval by the Court, the entry of the Final Judgment contemplated by this Settlement Agreement, or the disbursement of the Settlement Amount to them. Nothing in this Settlement Agreement is intended to limit Microsoft's ability to answer fully and truthfully any question posed by a court concerning the fact of this settlement, at oral argument or at any other time. The parties recognize that, although they have expressed their intent, the Court of Appeals will make its own independent determination of whether the appeal is moot.

G.  Effect of Disapproval.  If the Court for any reason (1) determines not to approve this Settlement Agreement, or (2) does not enter the Final Judgment substantially in the form described in section II.E above and Appendix D hereto, then this Settlement Agreement terminates and becomes null and void except as otherwise provided herein.  If

-12-

the Court approves the settlement but the Court's approval is modified, reversed or set

aside on appeal, then this Settlement Agreement (and the Release provided herein)

terminates and becomes null and void except as otherwise provided herein.

### III. RELEASE

A.    Release. Upon Final Approval, each member of the Class who has not

validly opted out hereby expressly and irrevocably waives and fully, finally and forever

settles and releases all claims, demands, actions, suits and causes of action, at law or in

equity, arising from the direct purchases of licenses for Microsoft Operating System

software through the shop.microsoft.com Web site (by ordering on line or by calling the

toll free number provided by Microsoft) or pursuant to a Microsoft direct marketing

campaign during the Class Period against Microsoft and/or its directors, officers,

employees, attorneys, insurers or agents, whether known or unknown, asserted or

unasserted, at law or in equity, that any member of the Class ever had, could have had,

now has or hereafter can, shall or may have (1) relating in any way to any conduct, act or

omission that occurred, or failed to occur, prior to April 30, 2003 and that was or could

have been alleged in the *Kloth* action as the basis for any antitrust or unfair competition

claim; or (2) arising from the direct purchase and/or acquisition of a license for a

Microsoft Operating System during the Class Period and arising under or related to any

laws concerning or relating to (a) antitrust (including without limitation the Sherman

Antitrust Act, 15 U.S.C. §§ 1, *et seq.*), (b) unfair competition, (c) unfair practices,

(d) consumer protection, (e) price discrimination, (f) unconscionable or unfair pricing,

(g) trade regulation, (h) trade practices, or (i) other federal or state law, regulation or

-13-

common law similar or analogous to any of the above. This Release does not include (a) claims relating to Microsoft's conduct, acts or omissions that occur or occurred after April 30, 2003, and (b) claims arising from what the Court has previously held to be indirect purchases (*i.e.*, purchases made from an entity other than Microsoft) of a license for Microsoft Operating System software.

This release is not intended to impair or affect the Class Representatives' interest in shifting the cost of litigation, including attorneys' fees and expenses, to other licensees of Microsoft Operating System software in the event that a broader class of licensees of Microsoft Operating System software is subsequently certified following an appeal by the Class Representatives and the members of that broader class recover whether by settlement or by judgment. By agreeing that this release is not intended to impair or affect that interest, Microsoft does not in any way concede that the Court erred in refusing to include other licensees of Microsoft Operating System software in the Class.

B.     Waiver of Release Limitations. In addition to the provisions of section III.A above, each member of the Class who has not validly opted out hereby expressly and irrevocably waives and fully, finally and forever settles and releases, upon Final Approval, any and all defenses, rights and benefits that said Class member may have or that may be derived from the provisions of applicable law that, absent such waiver, may limit the extent or effect of the release contained in section III.A above.

-14-

## IV.  SETTLEMENT CONSIDERATION

As soon as practicable after the Effective Date of the Settlement, Microsoft will cause to be paid to each member of the Class 55.1% of the total price he, she or it paid for each license (other than for resale or re-licensing) of Microsoft single-user operating system software, including upgrades, compatible with $x$86 computers, but not including Windows 2000 or Windows NT, acquired directly from Microsoft through the shop.microsoft.com Web site (by ordering on line or by calling the toll free number provided there) or pursuant to a Microsoft direct marketing campaign from November 10, 1995 through April 30, 2003.  Based on Microsoft's records, the Settlement Amount is estimated to be $10,500,000 in the aggregate exclusive of costs of notice, administration, attorneys' fees and expenses, but that amount is subject to increase in accordance with section V.B below.

## V.  SETTLEMENT ADMINISTRATION

A.    Distribution to Class.  As soon as practicable after the Effective Date of the Settlement, the Settlement Administrator will send a check by U.S. mail (in the amount equal to 55.1% of the total purchase price, according to Microsoft's records, for each qualified license purchased from the shop.microsoft.com Web site or pursuant to a Microsoft direct marketing campaign during the Class Period) to each identifiable member of the Class who does not opt-out of the Class pursuant to section II.D above, at the address described in section II.C.2 above.  The amount of the check distributed to individual class members will be based on the price and quantity information in Microsoft's shop.microsoft.com database and Microsoft's records of its direct marketing campaigns.  A printout of the price and quantity information for each individual will be included with each settlement check.  A toll-free telephone number and Post Office Box

-15-

for the Settlement Administrator also will be included in the mailing. The Settlement

Administrator shall not be responsible for insuring that the Class member actually

receives the check or that such Class member negotiates or cashes the check. The

Settlement Administrator shall be responsible for taking reasonable and appropriate

measures acceptable to the parties to locate Class members whose checks are returned as

undeliverable. A Class member may (a) submit additional claims, or (b) dispute the

accuracy of Microsoft's records by following the procedures set forth in section V.B

below. Instructions for making an additional claim or disputing a claim also will be

included in the mailing.

      B.     Additional Claims and Dispute Resolution

          1.     A member of the class may submit an additional claim for each

qualified license purchased from the shop.microsoft.com Web site or pursuant to a

Microsoft direct marketing campaign during the Class Period that the Class member

believes is not reflected on the printout included in the mailing and not included in the

settlement award. In addition, a member of the Class may dispute the accuracy of the

information reflected in Microsoft's records and on the printout included in the mailing

with respect to price or otherwise. All additional claims and disputes over the settlement

award to individual members of the Class will be resolved by the Settlement

Administrator. Additional claims and disputes must be brought to the attention of the

Settlement Administrator by telephone or mail (as described in the instructions to be

included with the settlement check) within 60 days of mailing of the settlement check.

Thereafter, the Settlement Administrator may request additional information from the

individual disputing an award, including a sworn declaration under penalty of perjury that

sets forth the Class member's name, street address, telephone number, either a photocopy of a valid driver's license or a social security number or a taxpayer identification number, e-mail address (optional), the quantity purchased of each type of Microsoft Operating System at issue in this litigation from the shop.microsoft.com Web site or pursuant to a Microsoft direct marketing campaign from November 10, 1995 through April 30, 2003, the purchase price paid, and the year in which each purchase was made, in order to determine the validity of a claim. In addition, the Class member must provide proof of purchase of each license at issue.

        2.     The decision concerning the validity of any particular additional claim or disputed award shall be made by the Settlement Administrator. Any Class member whose additional claim is disallowed by the Settlement Administrator or who receives an adverse determination with respect to a disputed award may request that the Court review the Settlement Administrator's decision. Microsoft may request that the Court review the Settlement Administrator's decision to allow any claim or group of claims.

        C.    <u>Costs of Settlement Claims Administration</u>. The Settlement Administrator shall send Microsoft periodic invoices for the costs of claims administration under this Settlement Agreement. If Microsoft believes the amount charged on any invoice is excessive, Microsoft may submit its objections to the Court for resolution and need not pay the disputed amount until the Court has resolved the objections.

## VI. OTHER PROVISIONS

A.    No Admission. By entering into this Settlement Agreement, Microsoft does not admit any liability or wrongdoing or the truth of any of the claims or allegations being settled. To the contrary, Microsoft specifically denies each and every one of the allegations of unlawful conduct and damages in the *Kloth* action. It is expressly understood and agreed that this Settlement Agreement is being entered into solely for the purpose of resolving All Claims between Microsoft and the Class. Counsel for the Class agree not to represent, publicly or otherwise, that the settlement in any way embodies, reflects, implies or can be used to infer any culpability by Microsoft or any of its directors, officers, employees, attorneys, insurers or agents.

B.    Attorneys' Fees and Costs. Microsoft agrees to pay to Counsel for the Class reasonable attorneys' fees and costs in an amount to be determined by the Court and paid within the later of 30 days of Final Approval or the Court's award of attorneys' fees. Microsoft agrees not to oppose an application for fees and expenses in an aggregate amount of no more than $10,500,000.

C.    Binding Effect. This Settlement Agreement shall be binding upon, and inure to the benefit of, each member of the Class, Microsoft, and their respective successors, assigns and subsidiaries.

D.    Execution in Counterparts. The signatories to this Settlement Agreement may execute this Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all counsel had signed the same instrument.

E.    Integrated Agreement. This Settlement Agreement (with its appendices and expressly incorporated documents) contains the entire, complete and integrated

statement of each and every term and provision agreed to by Lead Counsel and

Microsoft, and is not subject to any condition not provided for herein. This Settlement

Agreement shall not be modified in any respect except by a writing executed by all

signatories hereto. In entering into this Settlement Agreement, neither Lead Counsel nor

Microsoft has made or relied on any warranty or representation not specifically set forth

herein.

   F.  <u>Jurisdiction</u>. The Court shall have exclusive jurisdiction over all

provisions of this Settlement Agreement and over any and all disputes of any kind

relating in any way to, or arising in any way out of, this Settlement Agreement.

   G.  <u>Notice</u>. Any notice, request, instruction or other document to be given by

Microsoft to Lead Counsel, or vice versa, shall be in writing and shall either be

(a) delivered personally or (b) sent by Federal Express, facsimile or Certified Mail,

Return Receipt Requested.

    If to Microsoft:

    Richard J. Wallis
    MICROSOFT CORPORATION
    One Microsoft Way
    Redmond, Washington 98052
    (425) 882-8080

    David B. Tulchin
    SULLIVAN & CROMWELL LLP
    125 Broad Street
    New York, New York 10004
    (212) 558-4000

If to the Class:

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL PLLC
1100 New York Avenue, N.W., Suite 500
Washington, D.C. 20005
(202) 408-4600

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY LPA
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
(513) 621-0267

H.    Retention of License Rights.  All members of the Class and all persons who exclude themselves from the Class shall retain all rights expressly granted to them by their license agreements for the software licenses they purchased directly from Microsoft through the shop.microsoft.com Web site (by ordering on line or calling a toll-free number provided by Microsoft) or pursuant to a Microsoft direct marketing campaign.

IN WITNESS WHEREOF, Lead Counsel for the Class and Microsoft

have duly executed this Settlement Agreement on this 16th day of September, 2003.

AGREED to this 16th day of September, 2003.

*Counsel for Microsoft Corporation*          **Lead Counsel for the Class**


Richard J. Wallis
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 882-8080

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD &
    TOLL PLLC
1100 New York Avenue, N.W., Suite 500
Washington, D.C. 20005
(202) 408-4600


David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS &
    CHESLEY LPA
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
(513) 621-0267

-21-

IN WITNESS WHEREOF, Lead Counsel for the Class and Microsoft

have duly executed this Settlement Agreement on this 16th day of September, 2003.

AGREED to this 16th day of September, 2003.

*Counsel for Microsoft Corporation*          *Lead Counsel for the Class*


Richard J. Wallis
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 882-8080

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD &
  TOLL PLLC
1100 New York Avenue, N.W., Suite 500
Washington, D.C. 20005
(202) 408-4600


David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS &
  CHESLEY LPA
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
(513) 621-0267

IN WITNESS WHEREOF, Lead Counsel for the Class and Microsoft

have duly executed this Settlement Agreement on this 16th day of September, 2003.

AGREED to this 16th day of September, 2003.

*Counsel for Microsoft Corporation*        *Lead Counsel for the Class*


Richard J. Wallis
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 882-8080

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD &
   TOLL PLLC
1100 New York Avenue, N.W., Suite 500
Washington, D.C. 20005
(202) 408-4600


David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS &
   CHESLEY LPA
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
(513) 621-0267

-21-

APPENDIX A

| Product Title/Edition |
|---|
| MS-DOS |
| Windows Versions 1.0 - 3.2 |
| Windows for Workgroups Versions 1.0 - 3.11 |
| Windows 95 |
| Windows 98 |
| Windows 98 Second Edition |
| Windows Millennium Edition |
| Windows XP Home Edition |
| Windows XP Professional |

A-1

APPENDIX B

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION | : |
| | : |
| This Document Relates To: | : MDL Docket No. 1332 |
| | : Hon. J. Frederick Motz |
| *Kloth* v. *Microsoft Corp.,* 1:00cv02117. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND APPROVING FORM AND MANNER OF NOTICE**

WHEREAS, Lead Counsel for the Class (as defined in the Settlement Agreement dated September 16, 2003) have applied for an order preliminarily approving the terms and conditions of the settlement as set forth in the Settlement Agreement together with the Appendices annexed thereto and approving the form and manner of notice;

WHEREAS, the settlement requires, among other things, that All Claims (as defined in the Settlement Agreement) against Microsoft be settled and compromised;

WHEREAS, Microsoft has separately joined in this application; and

WHEREAS, this Court having considered the Settlement Agreement and Appendices annexed thereto;

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23, it is hereby ORDERED that:

**PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**

1.      The terms defined in the Settlement Agreement are incorporated herein.

2.      The Court appoints _____, a competent firm experienced in the administration of large-scale class action settlements, as the Settlement Administrator.

B-1

The Settlement Administrator shall be responsible for receiving opt-out communications from the Class.

      3.     The Court preliminarily approves the settlement as set forth in the Settlement Agreement (including both the compensation to be provided to the Class and the provisions of the Settlement Agreement regarding claims and rights that are not being compromised and settled), subject to the right of any member of the Class to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment (substantially in the form annexed to the Settlement Agreement) dismissing All Claims should not be ordered after due and adequate notice to the Class as set forth in the Settlement Agreement and after a hearing on final approval.

## APPROVAL OF FORM AND MANNER OF NOTICE

      4.     The Court hereby approves the proposed form of notice (the "Notice") which is attached hereto as Exhibit 1. Within 60 days of the date of this Order, the Settlement Administrator shall send the Notice via first class mail, postage prepaid, (a) to all identifiable Class members whose mailing addresses are in the shop.microsoft.com database or Microsoft's records of its direct marketing campaigns, and (b) to the Class Representatives at their last known mailing address. The Notice to each identifiable Class member whose mailing address is in the shop.microsoft.com database or in Microsoft's records of its direct marketing campaigns will include a printout (to be provided to the Settlement Administrator by Microsoft) of the number of licenses purchased in each applicable product category found in the shop.microsoft.com database and in Microsoft's records of its direct marketing campaigns for that identifiable Class member and the purchase price for each license. The Settlement Administrator shall utilize a service to update these mailing addresses and shall utilize the national change of

address service through the United States Postal Service to obtain corrected mailing addresses for Class members whose notices are returned because they were sent to incorrect addresses.

     5.     Microsoft shall establish an Internet Web site for the purpose of providing notice to Class members and shall post a copy of the Notice there.

     6.     In addition to notice by U.S. mail, in any instance where Microsoft's records include an e-mail address but no physical address, Microsoft will arrange for the Notice to be e-mailed to all identifiable Class members whose e-mail addresses are in the shop.microsoft.com database or Microsoft's records of its direct marketing campaigns. The reference line for the e-mail message used to disseminate the notice shall state "Important Court-Ordered Notice-Please Read." The Notice shall be contained in the body of the e-mail message and not as an attachment.

     7.     The Court approves the proposed form of publication notice (the "Publication Notice") attached hereto as Exhibit 2. Within about 14 days after the Notice is mailed, Microsoft shall cause the Publication Notice to be issued in a national weekday edition of USA Today.

     8.     Any member of the Class can request exclusion from (opt-out of) the settlement, as set forth in the Settlement Agreement, on or before _____ (the "Opt-Out Date"). Each member of the Class wishing to opt out of the Class must individually sign and submit timely written notice to the designated P.O. Box obtained by the Settlement Administrator. This written notice must be signed, contain the Class member's name and address and clearly manifest an intent to be excluded from the Class. If the Class member is a company or organization, the written notice must also contain the name and address of the company or organization, the position of the person submitting the exclusion request and a statement that the person executing the request is authorized to do

so on behalf of the company or organization. To be effective, written notice must be postmarked on or before the Opt Out Date.

9.    As of the date hereof, all activity related to this litigation shall be stayed and suspended until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Settlement Agreement.

10.    All protective orders in force as of the date of this Order are hereby amended to apply to, cover, protect and treat all materials and information provided by Microsoft in connection with this settlement (including but not limited to information with respect to the potential or actual members of the Class) in the same manner as "Highly Confidential" discovery materials.

11.    The Court hereby schedules a hearing to occur on _____, at _____ a.m. in Courtroom _____ at _____ to determine whether (a) the proposed settlement as set forth in the Settlement Agreement, should be finally approved as fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23; (b) an Order of Approval approving the Settlement Agreement and a Final Judgment should be entered; and (c) the application of Counsel for the Class for an award of attorneys' fees, costs and expenses of litigation in this matter should be approved. No later than 20 days before the hearing, all relevant briefs and papers shall be filed and served by objectors or persons other than the parties. No later than seven days before the hearing, all relevant briefs and papers shall be filed and served by the parties.

12.    Neither this Order, the Settlement Agreement, the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or settlement is or may be used as an admission or evidence (a) of the validity of any claims, alleged wrongdoing or liability of Microsoft; or (b) of any fault

or omission of Microsoft in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

      13.    The Court hereby reserves the right to amend this Order or to alter the deadlines set forth herein for good cause shown.

      ENTERED this _____ day of _____, 2003.


                        _____
                        HONORABLE J. FREDERICK MOTZ
                        UNITED STATES DISTRICT JUDGE

APPENDIX C

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN RE MICROSOFT CORP.                    :
ANTITRUST LITIGATION                     :        MDL Docket No. 1332
                                         :        Hon. J. Frederick Motz
This Document Relates To:                :
                                         :
*Kloth* v. *Microsoft Corp.,* 1:00cv02117.   ::

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

## ORDER APPROVING SETTLEMENT

WHEREAS, on _____ this Court entered an Order preliminarily approving the terms and conditions of this settlement (as reflected in the Settlement Agreement dated September 16, 2003, together with the Appendices thereto) and approving the form and manner of notice to members of the Class;

WHEREAS, the settlement requires, among other things, that All Claims (as defined in the Settlement Agreement) against Microsoft be settled and compromised;

WHEREAS, this matter has come before this Court on a motion by Lead Counsel for the Class for final approval of the Settlement Agreement;

WHEREAS, Microsoft has separately joined in the motion; and

WHEREAS, this Court, having considered all papers filed and proceedings held in connection with said motion, having held a hearing on _____, notice of the hearing having duly been given in accordance with this Court's Order dated _____, and finding no just reason for delay in entry of this Order Approving Settlement ("Order of Approval");

C-1

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23, it is hereby ORDERED that:

1.   The terms defined in the Settlement Agreement are incorporated herein.

2.   This Court has jurisdiction over the subject matter of this proceeding and all parties in this proceeding; including all members of the Class.

3.   This Court hereby finds that the Class meets the requirements of Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure.

4.   This Court hereby approves the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to Class under Federal Rule of Civil Procedure 23.

5.   This Court hereby finds and concludes that the notice given to the members of the Class was in compliance with this Court's Order dated _____, and that said notice (including, but not limited to, the form of notice and methods of identifying and giving notice to the class) was the best notice practicable under the circumstances and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and any other applicable rules of the Court.

6.   This Court hereby dismisses All Claims of the Class Representatives and the Class, with prejudice in favor of Microsoft and against the Class Representatives and all members of the Class who did not validly request exclusion from the Class. This dismissal does not affect or impair (a) claims relating to Microsoft's conduct, acts or omissions that occur or occurred after April 30, 2003, and (b) claims arising from what the Court has previously held to be indirect purchases (*i.e.*, purchases made from an entity other than Microsoft) of a license for Microsoft Operating System software. The Court hereby determines, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,

that there is no just reason for delay and that a Final Judgment, in the form appended to the Settlement Agreement, should be entered forthwith.

7.    A list of those members of the Class who have submitted valid requests for exclusion from the Class is annexed hereto as Appendix A and made a part hereof. Any member of the Class whose name does not appear on the list annexed hereto as Appendix A failed to submit a valid request for exclusion and is hereby barred from asserting otherwise.

8.    Each and every member of the Class (other than those listed on Appendix A), as well as those acting in concert with them, are hereby permanently barred and enjoined from instituting, maintaining, prosecuting or enforcing, either directly or indirectly, all claims, demands, actions, suits and causes of action, at law or in equity, arising from direct purchases of licenses for Microsoft Operating System software through the shop.microsoft.com Web site (by ordering on line or calling a toll-free number provided by Microsoft) or pursuant to a Microsoft direct marketing campaign during the Class Period against Microsoft and/or its directors, officers, employees, attorneys, insurers or agents, whether known or unknown, asserted or unasserted, at law or in equity, that any member of the Class ever had, could have had, now has or hereafter can, shall or may have (1) relating in any way to any conduct, act or omission that occurred, or failed to occur, prior to April 30, 2003 and that was or could have been alleged in the *Kloth* action as the basis for any antitrust or unfair competition claim; or (2) arising from the direct purchase and/or acquisition of a license for a Microsoft Operating System during the Class Period and arising under or related to any laws concerning or relating to (a) antitrust (including without limitation the Sherman Antitrust Act, 15 U.S.C. §§ 1, *et seq.*), (b) unfair competition, (c) unfair practices, (d) consumer protection, (e) price discrimination, (f) unconscionable or unfair pricing, (g) trade

C-3

regulation, (h) trade practices, or (i) other federal or state law, regulation or common law similar or analogous to any of the above. This Release does not include (a) claims relating to Microsoft's conduct, acts or omissions that occur or occurred after April 30, 2003; and (b) claims arising from what the Court has previously held to be indirect purchases (*i.e.*, purchases made from an entity other than Microsoft) of a license for Microsoft Operating System software.

This release is not intended to impair or affect the Class Representatives' interest in shifting the cost of litigation, including attorneys' fees and expenses, to other licensees of Microsoft Operating System software in the event that a broader class of licensees of Microsoft Operating System software is subsequently certified following an appeal by the Class Representatives and the members of that broader class recover whether by settlement or by judgment. By agreeing that this release is not intended to impair or affect that interest, Microsoft does not in any way concede that the Court erred in refusing to include other licensees of Microsoft Operating System software in the Class.

9.      Upon Final Approval, Microsoft is expressly and irrevocably, fully and finally, released and forever discharged from All Claims.

10.     Without affecting the finality of this judgment, the Court hereby reserves and retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, and enforcement of the terms of the Settlement Agreement and the settlement embodied therein. If the Settlement Agreement is reversed or overturned on appeal, then this Order of Approval and the Settlement Agreement shall have no force or affect, and all negotiations, proceedings and statements made in connection therewith shall be without prejudice to the right of any persons or entities, and

the parties to the proceeding shall be restored to their respective positions existing as of the date of execution of the Settlement Agreement. The Class and Microsoft shall remain subject to the Court's jurisdiction for purposes of enforcing the provisions of this paragraph.

11.    Upon consideration of the application for fees made by Counsel for the Class, Counsel for the Class are awarded fees, costs and expenses of litigation of $_____, to be paid by Microsoft to Lead Counsel for the Class, who shall act as agents on behalf of Counsel for the Class for purposes of distributing and/or allocating such fees, costs and expenses of litigation. In all other respects, each party remains responsible for his, her or its own costs.

ENTERED this ___ day of _____, 2004.


_____
HONORABLE J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

C-5

APPENDIX D

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

IN RE MICROSOFT CORP.        :
ANTITRUST LITIGATION         :
                             :   MDL Docket No. 1332
This Document Relates To:    :   Hon. J. Frederick Motz
                             :
*Kloth* v. *Microsoft Corp.,* 1:00cv02117. .::

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

## FINAL JUDGMENT

The Court having determined, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, it hereby directs the entry of Final Judgment. This Final Judgment is entered upon motion for approval of a settlement presented in this proceeding ("Settlement") as stated in the Settlement Agreement dated September 16, 2003 ("Settlement Agreement"), and the appendices attached thereto, by Lead Counsel for the Class, after a hearing on notice.

1.    For purposes of this Final Judgment, the following terms shall have the meaning set forth below:

"All Claims" means all claims, demands, actions, suits and causes of action, at law or in equity, arising from the direct purchases of licenses for Microsoft Operating System (as defined below) software through the shop.microsoft.com Web site(by ordering on line or calling a toll-free number provided there by Microsoft) or pursuant to a Microsoft direct marketing campaign during the Class Period (as defined below) against Microsoft and/or its directors, officers, employees, attorneys, insurers or agents, whether known or unknown, asserted or unasserted, at law or in equity, that any member of the Class ever had, could have had, now has or hereafter can, shall or may have (1) relating in any way to any conduct, act or omission that occurred, or failed to occur, prior to April 30, 2003 and that was or could have been alleged in the *Kloth* action as the basis for any antitrust or unfair competition claim; or (2) arising from the direct purchase, use and/or acquisition of a license for a Microsoft Operating System (as defined below) during the Class Period (as defined below) and arising under or related to any laws concerning or

relating to (a) antitrust (including without limitation the Sherman Antitrust Act, 15 U.S.C. §§ 1, *et seq.*), (b) unfair competition, (c) unfair practices, (d) consumer protection, (e) price discrimination, (f) unconscionable or unfair pricing, (g) trade regulation, (h) trade practices, or (i) other federal or state law, regulation or common law similar or analogous to any of the above.  "All Claims" does not include (a) claims relating to Microsoft's conduct, acts or omissions that occur or occured after April 30, 2003, and (b) claims arising from what the Court has previously held to be indirect purchases (*i.e.*, purchases made from an entity other than Microsoft) of a license for Microsoft Operating System software.

"Lead Counsel for the Class" means Michael D. Hausfeld of Cohen, Milstein, Hausfeld and Toll PLLC and Stanley M. Chesley of Waite, Schneider, Bayless & Chesley LPA.

"Microsoft" means Microsoft Corporation, its successors, assigns and subsidiaries.

"Microsoft Operating System" means MS-DOS and the versions of Windows listed on Appendix A hereto.

The "Class" means:  (1) all persons and entities in the United States who acquired directly from Microsoft through the shop.microsoft.com Web site (by ordering on line or by calling the toll free number provided there by Microsoft) a license, other than for resale or re-licensing, for Microsoft single-user operating system software, including upgrades, compatible with *x*86 computers, but not including Windows 2000 or Windows NT, from February 22, 1999 through April 30, 2003; and (2) all persons and entities in the United States who acquired directly from Microsoft through direct marketing campaigns (by placing an order in response to such a campaign and paying an amount in excess of shipping and handling charges), a license, other than for resale or re-licensing, for Microsoft single-user operating system software in Full Packaged Product form, including upgrades, compatible with *x*86 computers, but not including Windows 2000, Windows NT, or any beta, preview or other trial version of Microsoft single-user operating system software, from November 10, 1995 through April 30, 2003.

The "Class Period" means the period from November 10, 1995 through April 30, 2003.

2.    All Claims of the Class Representatives and the Class are dismissed with prejudice in favor of Microsoft and against the Class Representatives and all members of the Class who did not validly request exclusion from the Class.  This dismissal does not affect or impair (a) claims relating to Microsoft's conduct, acts or omissions that occur or occurred after April 30, 2003, and (b) claims arising from what the Court has previously held to be indirect purchases (*i.e.*, purchases made from an entity other than Microsoft) of a license for Microsoft Operating System software.

D-2

3.     The release under the Settlement Agreement is not intended to impair or affect the Class Representatives' interest in shifting the cost of litigation, including attorneys' fees and expenses, to other licensees of Microsoft Operating System software in the event that a broader class of licensees of Microsoft Operating System software is subsequently certified following an appeal by the Class Representatives and the members of that broader class recover whether by settlement or by judgment.  By agreeing that this release is not intended to impair or affect that interest, Microsoft does not in any way concede that the Court erred in refusing to include other licensees of Microsoft Operating System software in the Class.

4.     Each party to the settlement shall bear its own costs and the fees and expenses of its counsel, except as directed in this Court's Order of

_____.

5.     The terms of the Settlement Agreement are not merged into this Final Judgment and remain binding upon the parties thereto, who are directed to implement its provisions.

ENTERED this ___ day of _____, 2004.


_____
HONORABLE J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

D-3