# EXHIBIT E



NANCY SWEENEY
CLERK DISTRICT COURT

2003 SEP 17 P 1:48

FILED
BY LISA KALLIO
DEPUTY

MONTANA FIRST JUDICIAL DISTRICT COURT
LEWIS AND CLARK COUNTY

| | |
|---|---|
| BLAINE OLSON, for himself and all others similarly situated,<br>Plaintiffs,<br>v.<br>MICROSOFT CORPORATION,<br>Defendant. | No. CDV-2000-219<br><br>ORDER CERTIFYING CLASS, APPROVING SETTLEMENT, AND AWARDING FEES |

WHEREAS, on March 25, 2003, this Court entered an Order conditionally certifying the Montana Settlement Class and preliminarily approving the terms and conditions of this settlement (as reflected in the Settlement Agreement dated March 25, 2003, together with the Appendices thereto);

WHEREAS, the settlement requires, among other things, that All Claims (as defined in the Settlement Agreement) against Microsoft be settled and compromised;

WHEREAS, this matter has come before this Court on a motion by Counsel for the Montana Settlement Class for final approval of the Settlement Agreement;

WHEREAS, Microsoft has separately joined in the motion; and

WHEREAS, this Court, having considered all papers filed and proceedings held in connection with said motion, having held a hearing on September 17, 2003, notice of the hearing having duly been given in accordance with this Court's Order dated May 16, 2003, and finding no just reason for delay in entry of this Order Approving Settlement ("Order of Approval");

NOW, THEREFORE, pursuant to Montana Rule of Civil Procedure 23, it is hereby ORDERED that:

1. The terms defined in the Settlement Agreement are incorporated herein.

2. This Court has jurisdiction over the subject matter of this proceeding and all parties in this proceeding, including all members of the Montana Settlement Class.

3. This Court certifies as the Montana Settlement Class all persons and entities of any kind within the state of Montana who indirectly purchased and/or acquired in the United States for use in Montana, other than for re-sale or re-licensing, one or more Microsoft Operating Systems and/or Microsoft Applications, during the period March 28, 1996 through August 31, 2002; but (1) excluding Microsoft, its officers, directors, successors, assigns and subsidiaries, , and (2) excluding any licenses obtained under Microsoft's Academic Pricing scheme or after August 31, 2002. The Court appoints Blaine Olson and his attorney, Peter Michael Meloy, as representatives for the Montana Settlement Class.

4. This Court hereby approves the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Montana Settlement Class under Montana Rule of Civil Procedure 23.

5. This Court hereby finds and concludes that the notice given to the members of the Montana Settlement Class was in compliance with this Court's Order dated May 16, 2003, and that said notice (including, but not limited to, the form of notice and methods of identifying and giving notice to the class) was the best notice practicable under the circumstances and fully satisfies the requirements of due process, Montana Law, and any other applicable rules of the Court.

6. This Court hereby dismisses this case on the merits with prejudice in favor of Microsoft and against all members of the Montana Settlement Class who did not validly request exclusion from the Montana Settlement Class.

7. A list of those members of the Montana Settlement Class who have filed valid requests for exclusion from the Montana Settlement Class is annexed hereto as Appendix A and made a part of this Order. Any member of the Montana Settlement Class whose name does not appear on that list failed to file a valid opt out request and is hereby barred from asserting otherwise.

8. Each and every member of the Montana Settlement Class (other than those listed on Appendix A), as well as those acting in concert with them, are hereby permanently barred and enjoined from instituting, maintaining, prosecuting or enforcing, either directly or indirectly, all claims, demands, actions, suits, and causes of action against Microsoft and/or its directors, officers, employees, attorneys, insurers or agents, whether known or unknown, asserted or unasserted, that any member of the Montana Settlement Class ever had, could have had, now has or hereafter can, shall or may have, relating in any way (1) to any conduct, act or omission which was or could have been alleged in this case as the basis for any antitrust or unfair competition claims, or (2) arising from the purchase, use and/or acquisition of a license for a Microsoft Operating System and/or a Microsoft Application and which arise under or relate to any federal, state or common law, including but not limited to law concerning or relating to (a) antitrust (including without limitation the Sherman Antitrust Act, 15 U.S.C. §§ 1, *et seq.*), (b) unfair competition, (c) unfair practices, (d) consumer protection, (e) price discrimination, (f) unconscionable or unfair pricing, (g) trade regulation, (h) trade practices, (i) the Uniform Commercial Code, (j) § 30-14-205 M.C.A.; (k) § 30-2-302 M.C.A.; or (l) other law, regulation or common law similar or analogous to any of the above. This paragraph does not bar claims relating solely to Microsoft's conduct, acts or omissions that take place entirely after August 31, 2002.

9. Upon Final Approval, Microsoft is expressly and irrevocably, fully and finally, released and forever discharged from All Claims.

10. Without affecting the finality of this judgment, the Court hereby reserves and retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, and enforcement of the terms of the Settlement Agreement and the settlement embodied therein. If the Settlement Agreement is reversed or overturned on appeal, then this Order of Approval and the Settlement Agreement shall have no force or affect, and all negotiations, proceedings and statements made in connection therewith shall be without prejudice to the right of any persons or entities, and the parties to the proceeding shall be restored to their respective positions existing as of the date of execution of the Settlement Agreement. The Montana Settlement Class and Microsoft shall remain subject to the Court's jurisdiction for purposes of enforcing the provisions of this paragraph.

11. Upon consideration of the application for an incentive payment to the Class Representative, the Class Representative is hereby awarded $3,000 to be paid by Microsoft to Plaintiff Blaine Olson, through his counsel, within 30 days of the date of this Order.

12. Upon consideration of the application for fees made by Counsel for the Montana Settlement Class, and all papers in favor of and in opposition to such application, Counsel for the Montana Settlement Class are awarded fees of $1,476,000.00, to be paid by Microsoft to Plaintiffs' Counsel, within 30 days of the date of this Order.

ENTERED this 17 day of Sept, 2003.

THOMAS C. HONZEL

The Hon. Thomas C. Honzel