UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

---

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.*, 1:00cv02117.

: MDL Docket No. 1332
: Hon. J. Frederick Motz

---

## ORDER APPROVING SETTLEMENT

WHEREAS, on October 8, 2003, this Court entered an Order preliminarily approving the terms and conditions of this settlement (as reflected in the Settlement Agreement dated September 16, 2003, together with the Appendices thereto) and approving the form and manner of notice to members of the Class;

WHEREAS, on December 30, 2003, this Court entered an Order modifying the form and manner of notice;

WHEREAS, the settlement requires, among other things, that All Claims (as defined in the Settlement Agreement) against Microsoft be settled and compromised;

WHEREAS, this matter has come before this Court on a motion by Lead Counsel for the Class for final approval of the Settlement Agreement;

WHEREAS, Microsoft has separately joined in the motion; and

WHEREAS, this Court, having considered all papers filed and proceedings held in connection with said motion, having held a hearing on April 16, 2004, notice of the hearing having duly been given in accordance with this Court's Order dated December 30, 2003 and finding no just reason for delay in entry of this Order Approving Settlement ("Order of Approval");

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23, it is hereby ORDERED that:

1

1. The terms defined in the Settlement Agreement are incorporated herein.

2. This Court has jurisdiction over the subject matter of this proceeding and all parties in this proceeding, including all members of the Class.

3. This Court hereby finds that the Class meets the requirements of Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure.

4. This Court hereby approves the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Class under Federal Rule of Civil Procedure 23.

5. This Court hereby finds and concludes that the notice given to the members of the Class was in compliance with this Court's Order dated December 30, 2003 and that said notice (including, but not limited to, the form of notice and methods of identifying and giving notice to the Class) was the best notice practicable under the circumstances and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and any other applicable rules of the Court.

6. This Court hereby dismisses All Claims of the Class Representatives and the Class, with prejudice in favor of Microsoft and against the Class Representatives and all members of the Class who did not validly request exclusion from the Class. This dismissal does not affect or impair (a) claims relating to Microsoft's conduct, acts or omissions that occur or occurred after April 30, 2003, and (b) claims arising from what the Court has previously held to be indirect purchases (*i.e.*, purchases made from an entity other than Microsoft) of a license for Microsoft Operating System software. The Court hereby determines, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and that a Final Judgment, in the form appended to the Settlement Agreement, should be entered forthwith.

7. A list of those members of the Class who have submitted valid requests for exclusion from the Class is annexed hereto as Appendix A and made a part hereof. A list of those members of the Class who submitted potential requests for exclusion that the

Settlement Administrator determined were deficient, to whom the Settlement Administrator submitted requests to cure the deficiencies within a specified period of time, and whose time to cure the deficiencies expires today or has not expired, is annexed hereto as Appendix B and made a part hereof. Any member of the Class whose name does not appear on the list annexed hereto as Appendix A failed to submit a valid request for exclusion and is hereby barred from asserting otherwise. Any member of the Class whose name appears on the list annexed hereto as Appendix B who fails to cure deficiencies in their potential requests for exclusion by the deadlines set by the Settlement Administrator will also be barred from asserting otherwise.

8. Each and every member of the Class (other than those listed on Appendix A and, to the extent that deficiencies in their potential requests for exclusion are cured by the deadlines set by the Settlement Administrator, those listed on Appendix B), as well as those acting in concert with them, are hereby permanently barred and enjoined from instituting, maintaining, prosecuting or enforcing, either directly or indirectly, all claims, demands, actions, suits and causes of action, at law or in equity, arising from direct purchases of licenses for Microsoft Operating System software through the shop.microsoft.com Web site (by ordering on line or calling a toll-free number provided by Microsoft) or pursuant to a Microsoft direct marketing campaign during the Class Period against Microsoft and/or its directors, officers, employees, attorneys, insurers or agents, whether known or unknown, asserted or unasserted, at law or in equity, that any member of the Class ever had, could have had, now has or hereafter can, shall or may have (1) relating in any way to any conduct, act or omission that occurred, or failed to occur, prior to April 30, 2003 and that was or could have been alleged in the *Kloth* action as the basis for any antitrust or unfair competition claim; or (2) arising from the direct purchase and/or acquisition of a license for a Microsoft Operating System during the Class Period and arising under or related to any laws concerning or relating to (a) antitrust (including without limitation the Sherman Antitrust Act, 15 U.S.C. §§ 1, *et seq.*),

(b) unfair competition, (c) unfair practices, (d) consumer protection, (e) price discrimination, (f) unconscionable or unfair pricing, (g) trade regulation, (h) trade practices, or (i) other federal or state law, regulation or common law similar or analogous to any of the above. This Release does not include (a) claims relating to Microsoft's conduct, acts or omissions that occur or occurred after April 30, 2003; and (b) claims arising from what the Court has previously held to be indirect purchases (*i.e.*, purchases made from an entity other than Microsoft) of a license for Microsoft Operating System software.

This release is not intended to impair or affect the Class Representatives' interest in shifting the cost of litigation, including attorneys' fees and expenses, to other licensees of Microsoft Operating System software in the event that a broader class of licensees of Microsoft Operating System software is subsequently certified following an appeal by the Class Representatives and the members of that broader class recover whether by settlement or by judgment. By agreeing that this release is not intended to impair or affect that interest, Microsoft does not in any way concede that the Court erred in refusing to include other licensees of Microsoft Operating System software in the Class.

9. Upon Final Approval, Microsoft is expressly and irrevocably, fully and finally, released and forever discharged from All Claims.

10. Without affecting the finality of the judgment, the Court hereby reserves and retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, and enforcement of the terms of the Settlement Agreement and the settlement embodied therein. If the Settlement Agreement is reversed or overturned on appeal, then this Order of Approval and the Settlement Agreement shall have no force or effect, and all negotiations, proceedings and statements made in connection therewith shall be without prejudice to the right of any persons or entities, and the parties to the proceeding shall be restored to their respective positions existing as of

4

the date of execution of the Settlement Agreement. The Class and Microsoft shall remain subject to the Court's jurisdiction for purposes of enforcing the provisions of this paragraph.

11.   Upon consideration of the application for fees made by Counsel for the Class, Counsel for the Class are awarded fees, costs and expenses of litigation of $ _10,500 no. w_____, to be paid by Microsoft to Lead Counsel for the Class, who shall act as agents on behalf of Counsel for the Class for purposes of distributing and/or allocating such fees, costs and expenses of litigation. In all other respects, each party remains responsible for his, her or its own costs.

ENTERED this 16th day of April, 2004.

_____
HONORABLE J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE