UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

---

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

This Document Relates To:

*Kloth* v. *Microsoft Corp.,* 1:00cv02117.

MDL Docket No. 1332
Hon. J. Frederick Motz

---

## **FINAL JUDGMENT**

The Court having determined, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, it hereby directs the entry of Final Judgment. This Final Judgment is entered upon motion for approval of a settlement presented in this proceeding ("Settlement") as stated in the Settlement Agreement dated September 16, 2003 ("Settlement Agreement"), and the appendices attached thereto, by Lead Counsel for the Class, after a hearing on notice.

1. For purposes of this Final Judgment, the following terms shall have the meaning set forth below:

"All Claims" means all claims, demands, actions, suits and causes of action, at law or in equity, arising from the direct purchases of licenses for Microsoft Operating System (as defined below) software through the shop.microsoft.com Web site (by ordering on line or calling a toll-free number provided there by Microsoft) or pursuant to a Microsoft direct marketing campaign during the Class Period (as defined below) against Microsoft and/or its directors, officers, employees, attorneys, insurers or agents, whether known or unknown, asserted or unasserted, at law or in equity, that any member of the Class ever had, could have had, now has or hereafter can, shall or may have (1) relating in any way to any conduct, act or omission that occurred, or failed to occur, prior to April 30, 2003 and that was or could have been alleged in the *Kloth* action as the basis for any antitrust or unfair competition claim; or (2) arising from the direct purchase, use and/or acquisition of a license for a Microsoft Operating System (as defined below) during the Class Period (as defined below) and arising under or related to any laws concerning or relating to (a) antitrust (including without limitation the Sherman Antitrust Act, 15 U.S.C. §§ 1, *et seq.*), (b) unfair competition, (c) unfair practices, (d) consumer

1

protection, (e) price discrimination, (f) unconscionable or unfair pricing, (g) trade regulation, (h) trade practices, or (i) other federal or state law, regulation or common law similar or analogous to any of the above. "All Claims" does not include (a) claims relating to Microsoft's conduct, acts or omissions that occur or occurred after April 30, 2003, and (b) claims arising from what the Court has previously held to be indirect purchases (*i.e.*, purchases made from an entity other than Microsoft) of a license for Microsoft Operating System software.

"Lead Counsel for the Class" means Michael D. Hausfeld of Cohen, Milstein, Hausfeld and Toll PLLC and Stanley M. Chesley of Waite, Schneider, Bayless & Chesley LPA.

"Microsoft" means Microsoft Corporation, its successors, assigns and subsidiaries.

"Microsoft Operating System" means MS-DOS and the versions of Windows listed on Appendix A hereto.

The "Class" means: (1) all persons and entities in the United States who acquired directly from Microsoft through the shop.microsoft.com Web site (by ordering on line or by calling the toll free number provided there by Microsoft) a license, other than for resale or re-licensing, for Microsoft single-user operating system software, including upgrades, compatible with *x*86 computers, but not including Windows 2000 or Windows NT, from February 22, 1999 through April 30, 2003; and (2) all persons and entities in the United States who acquired directly from Microsoft through direct marketing campaigns (by placing an order in response to such a campaign and paying an amount in excess of shipping and handling charges), a license, other than for resale or re-licensing, for Microsoft single-user operating system software in Full Packaged Product form, including upgrades, compatible with *x*86 computers, but not including Windows 2000, Windows NT, or any beta, preview or other trial version of Microsoft single-user operating system software, from November 10, 1995 through April 30, 2003.

The "Class Period" means the period from November 10, 1995 through April 30, 2003.

2. All Claims of the Class Representatives and the Class are dismissed with prejudice in favor of Microsoft and against the Class Representatives and all members of the Class who did not validly request exclusion from the Class. This dismissal does not affect or impair (a) claims relating to Microsoft's conduct, acts or omissions that occur or occurred after April 30, 2003, and (b) claims arising from what the Court has previously held to be indirect purchases (*i.e.*, purchases made from an entity other than Microsoft) of a license for Microsoft Operating System software.

3.  The release under the Settlement Agreement is not intended to impair or affect the Class Representatives' interest in shifting the cost of litigation, including attorneys' fees and expenses, to other licensees of Microsoft Operating System software in the event that a broader class of licensees of Microsoft Operating System software is subsequently certified following an appeal by the Class Representatives and the members of that broader class recover whether by settlement or by judgment. By agreeing that this release is not intended to impair or affect that interest, Microsoft does not in any way concede that the Court erred in refusing to include other licensees of Microsoft Operating System software in the Class.

4.  Each party to the settlement shall bear its own costs and the fees and expenses of its counsel, except as directed in this Court's Order of _April 16, 2004_.

5.  The terms of the Settlement Agreement are not merged into this Final Judgment and remain binding upon the parties thereto, who are directed to implement its provisions.

ENTERED this _16_ day of _April_, 2004.

_____
HONORABLE J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE